# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONLEY F. MONK JR., | |
| *Plaintiff*, | |
| v. | No. 3:22-cv-1503-JBA |
| UNITED STATES OF AMERICA, | March 8, 2023 |
| *Defendant*. | |

## JOINT REPORT OF FRCP 26(f) CONFERENCE

**Date Complaint Filed:** November 28, 2022

**Date Complaint Served:** November 30, 2022

**Date of Defendant's Appearance:** January 23, 2023

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, counsel for Plaintiff Conley F. Monk, Jr. and counsel for Defendant United States of America met and conferred by telephone on February 21, 2023, and by e-mail on March 6-8, 2023, regarding the claims and defenses asserted or to be asserted, the likely scope of discovery and plan for disposition motions, and the possibilities for prompt resolution. The participants were:

- Michael Wishnie, Michelle Fraling, Adam Henderson, and Claire Sullivan for Plaintiff Monk
- Natalie N. Elicker for Defendant United States of America

### I. Certification

Undersigned counsel, after consultation with their clients, certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the

1

following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. **Jurisdiction**

A. **Subject Matter Jurisdiction**

Plaintiff asserts that the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1346(b). Defendant contests subject matter jurisdiction and intends to file a Fed. R. Civ. P. 12(b)(1) and 12(h)(3) dispositive motion in response to the complaint.

B. **Personal Jurisdiction**

Personal jurisdiction is not contested.

III. **Brief Description of Case**

A. **Claims of Plaintiff**

Plaintiff Conley Monk, Jr. is a Black veteran of the U.S. Marine Corps, who served with distinction in the Vietnam War. Upon returning home, the Department of Veterans Affairs (VA) denied Mr. Monk's applications for education, housing, and disability compensation benefits at least five times over 40 years. In 2021, in response to Freedom of Information Act litigation brought by Mr. Monk's organization, VA disclosed records regarding the administration of service-connected disability compensation. Analysis of these records revealed VA denied disability compensation applications of Black veterans at statistically significant higher rates than their white counterparts from 2001 to 2020, the period for which VA disclosed data. Upon discovering this information, Mr. Monk filed an administrative claim under the Federal Tort Claims Act (FTCA) in February 2022. VA has not responded to Mr. Monk's claim.

Mr. Monk brought this action pursuant to the FTCA to obtain compensatory damages for VA's tortious conduct. Mr. Monk alleges that VA leaders knew or should have known of

2

pervasive racial disparities in the award of VA benefits, and because they negligently failed to address these disparities, VA leadership breached its statutory duty of care under 38 U.S.C. § 303 (2018) and 38 U.S.C. § 210(b) (1958). Mr. Monk asserts claims for negligence, negligent infliction of emotional distress, and negligent supervision.

### B. Defenses and Claims of Defendants

Defendant denies that Plaintiff can maintain this claim against the United States pursuant to the FTCA. This Court lacks subject matter jurisdiction over Plaintiff's claims, and any recourse Plaintiff seeks must be brought in the appropriate manner pursuant to the Veterans Judicial Review Act.

### C. Defenses and Claims of Third Party Defendant/s

Not applicable.

## IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. Plaintiff served in the U.S. Marine Corps from November 1968 to September 1970. Service records indicate that his discharge was characterized as "Undesirable."

2. In May 2015, the Board of Correction for Naval Records approved a request by Plaintiff to upgrade the Undesirable discharge he received in September 1970 to a general discharge under honorable conditions effective May 4, 2015.

3. On February 25, 2022, Plaintiff mailed via Federal Express a Standard Form 95 administrative claim to VA seeking $1 million. On November 28, 2022, Plaintiff filed the instant lawsuit.

## V.     Case Management Plan

Where the parties agree with respect to case management issues, their positions are jointly stated. Otherwise, the parties' respective positions are set out separately in each subsection below, following a general statement of each of their positions.

**Plaintiff's Position**

Pursuant to the Court's Order on Pretrial Deadlines, all discovery may commence after the parties' 26(f) conference held on February 21, 2023. Dkt. 4.

Mr. Monk seeks discovery on a limited number of topics that are directly relevant and proportional to his claims against the VA. As set forth in the Complaint, the VA knew or should have known of pervasive racial disparities in the award of VA benefits, and because they nevertheless failed to address these disparities, VA leadership negligently breached its statutory duty of care under 38 U.S.C. § 303 (2018) and 38 U.S.C. § 210(b) (1958). Accordingly, Mr. Monk seeks discovery on the evidence, knowledge, and efforts VA took to address racial disparities in the administration of housing, education, and disability compensation benefits programs.

**Defendant's Position**

Defendant disputes that there is subject matter jurisdiction, and therefore, disputes that discovery is appropriate in this case. Defendant intends to file a motion to stay discovery. Defendant's response to the complaint presently is due March 31, 2023. If Defendant is served with discovery before filing its motion to dismiss, it will seek to extend and/or stay its deadline to respond.

### A. Initial Disclosures

Plaintiff proposes that, pursuant to Fed. R. Civ. P. 26(a)(1)(C), initial disclosures will be served within fourteen (14) days after the parties confer.

Defendant asserts that, to the extent Plaintiff was injured at all, his injuries are inextricably intertwined with the VA's administrative decisions; and that this case therefore is subject to D. Conn. L. Civ. R. 26(f)(3) (exempting from Local Rule 26(f) "review of decisions by administrative agencies"). *See also* Fed. R. Civ. P. 26(a)(1)(B)(i) (excepting from initial disclosures "action[s] for review on an administrative record"). Accordingly, initial disclosures are not required or appropriate. Even if initial disclosures would otherwise be required, they are inappropriate at this time given that there is no subject matter jurisdiction, and that defendant intends to seek a stay of all discovery.

### B. Scheduling Conference

The parties prefer that a scheduling conference, if held, be conducted in person.

### C. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. The parties do not believe that a formal settlement conference will be fruitful at this time.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference, if such a conference is held, with a magistrate judge. If the parties wish to proceed with a formal settlement conference in the future, they will update their preferences with the court.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. The Plaintiff may amend the Complaint as a matter of course as set forth in Fed. R. Civ. P. 15(a), 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2. Defendant does not anticipate filing a motion to join additional parties. Defendant will have until and including March 31, 2023, to file a response to the complaint, or until 30 days after the filing of any amended complaint to file a response to the amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

3. Pursuant to the Court's Order on Pretrial Deadlines, all motions relating to joinder of parties or amendment of the pleadings shall be filed within the latest of the following: (i) 35 days after the appearance of the last defendant or (ii) 60 days after the filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District, except that a defendant may file a third-party complaint within 14 days of serving an answer, as permitted by Fed. R. Civ. P. 14(a). Dkt. 4.

**E. Discovery**

Recognizing that the precise contours of the case, including the amount of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P.

26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case." Subsections E.(b)-(j), as listed in the D. Conn. L. Civ. Appendix, Form 26(F) Report of Parties' Planning Meeting, are incorporated within the parties' respective positions. Subsection E.(k)-(n) are jointly addressed below.

1. **<u>Plaintiff's Position</u>**

Plaintiff anticipates that discovery will be needed on all matters related to the causes of action and the defenses raised in the parties' pleadings. Plaintiff intends to seek discovery on, but not limited to, the following:

   a. Evidence of racial disparities in VA housing, education, and disability compensation benefits programs from 1965 to the present;

   b. VA data collection and retention practices in housing, education, and disability compensation benefits programs relating to the race of the applicant, from 1965 to the present;

   c. Formal and informal complaints or other communications received by the VA from any source, including veterans, veterans organizations, civil rights groups, elected officials and their staff, or otherwise, regarding racial disparities in VA benefits, from 1965 to the present.

   d. VA personnel involved in maintaining and analyzing data regarding veterans' housing, education, and disability compensation applications;

   e. Knowledge by VA leaders of racial disparities in VA housing, education, and disability compensation benefits programs from 1965 to the present;

f.  VA leadership knowledge of racial disparities in the military discharge and military justice system, and the implications of any such disparities for VA benefits eligibility and adjudication, from 1965 to the present;

g.  Training, supervision, quality control, auditing, and any other aspect of VA administration of housing, education, and disability compensations benefits programs to address racial disparities in those programs, from 1965 to the present;

h.  Other efforts, if any, by VA leaders to address racial disparities in VA housing, education, and disability compensations benefits programs since 1965; and

i.  Any investigations conducted pursuant to whistleblower complaints regarding racial disparities in VA housing, education, and disability compensations benefits programs since 1965.

Plaintiff proposes the following discovery schedule:

a.  Pursuant to the Court's Order on Pretrial Deadlines, Plaintiff proposes that all discovery may commence after the parties' 26(f) conference held on February 21, 2023. Dkt. 4. Discovery shall be completed within nine (9) months from the 26(f) conference held on February 21, 2023.

b.  Discovery will not be conducted in phases.

c.  Plaintiff anticipates that each side will require a total of ten (10) depositions of fact witnesses. The depositions will be completed by November 23, 2023.

d.  Plaintiff proposes that the parties may request permission to conduct more than ten (10) depositions of fact witnesses.

e.  Plaintiff proposes that the parties will not request permission to serve more than twenty-five (25) interrogatories.

f. Plaintiff intends to call expert witnesses at trial.

g. Defendant's statement respecting item (g) is incorporated below.

h. Plaintiff proposes that parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by a date not later than 2 months before the deadline for completing all discovery. Depositions of any such experts will be completed by a date not later than 1 month before the deadline for completing all discovery.

i. Plaintiff proposes that the parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by a date not later than 1 month before the deadline for completing all discovery. Depositions of such experts will be completed by one week before the discovery cutoff date.

j. Plaintiff proposes that a damages analysis will be provided by any party who has a claim or counterclaim for damages within fourteen (14) days after the parties confer pursuant to Fed. R. Civ. P. 26.

2. **Defendant's Position**

Defendant requests the opportunity to state its position respecting a timeline for discovery, and respecting expert witnesses, until after the Court rules on its forthcoming motion to dismiss for lack of subject matter jurisdiction. Defendant notes that plaintiff already has obtained extensive production (of approximately twenty years' worth of VA records) through the FOIA lawsuit described in his complaint. Additionally, the timeline for which plaintiff proposes discovery, as noted above in Section E(a)(1), is very broad (covering 58 years, 1965-present).

Defendant proposes that the parties confer with respect to a schedule for discovery, if at all, only to the extent that any portion of the lawsuit survives defendant's motion, since such ruling could significantly narrow any issues for which discovery is appropriate.

k.  Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. Defendant is in receipt of Plaintiff's proposed "Document Production Protocol" and will respond if its forthcoming motion to dismiss and/or motion to stay discovery are denied.

l.  Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. Plaintiff has proposed that the parties use the proposed "Document Production Protocol" for the preservation, disclosure and management of such information. Defendant will respond if its forthcoming motion to dismiss and/or motion to stay discovery are denied.

m.  Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including

procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

a. The parties jointly request, under Federal Rule of Evidence 502(d), an order regarding claims of attorney-client privilege or protection as attorney work product asserted after inadvertent production as follows:

b. As soon as practicable after a claim of attorney client privilege or protection as attorney work product arises or is identified after inadvertent production of any information or documents, the party claiming such privilege shall notify the opposing party in writing, including identification of the claimed document(s) by Bates Stamp number, if any, the basis for such claim of privilege or protection, and all other information required for a privilege log under the applicable Rules, without waiving such privilege or protection.

c. Within seven days of receiving notice of such a claim for privilege, the receiving party will notify the producing party if it agrees with the claim of privilege. If the parties are in agreement with respect to the claim of privilege or protection, the receiving party shall immediately return all copies (electronic and paper) to the producing party or otherwise agree and certify as to its destruction, and the receiving party shall not use such information or documents for any purpose.

d. If the receiving party disclosed the information or documents before being notified, it must take reasonable steps to retrieve such material.

e. If the parties are not in agreement with respect to the claim of privilege or protection as attorney work product, the claimed documents shall be segregated from all other materials and within thirty (30) days of the communicated claim of privilege or

protection, the party asserting the existence of such privilege or protection shall file a motion for a protective order with the Court.

### F. Other Scheduling Issues

There are no other scheduling issues.

### G. Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before 45 days after the close of discovery; with responses due 30 days later; and replies due 21 days after responses.

### H. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within sixty (60) days after the entry on the ruling of the last dispositive motion. If dispositive motions are not filed, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed sixty (60) days after the completion of all discovery.

## VI. <u>TRIAL READINESS</u>

The case will be ready for trial sixty (60) days from the filing of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| **Plaintiff Conley F. Monk,** | **Defendant,** |
|---|---|
| By His Attorneys: | United States Government |
| /s/ Michael J. Wishnie | By its Attorneys: |
| Michelle Fraling, Law Student Intern | |
| Rebecca Harris, Law Student Intern | VANESSA ROBERTS AVERY |
| Adam Henderson, Law Student Intern | U.S. ATTORNEY |
| Beatrice Pollard, Law Student Intern | |
| Claire Sullivan, Law Student Intern* | /s/Natalie N. Elicker |
| Michael Sullivan, Law Student Intern | Natalie N. Elicker (ct28458) |
| Michael J. Wishnie, ct27221 | ASSISTANT U.S. ATTORNEY |
| Veterans Legal Services Clinic | 157 Church Street, 25th Floor |
| Jerome N. Frank Legal Services Organization | New Haven, CT 06510 |
| Yale Law School | T: (203) 821-3700 |
| P.O. Box 209090 | F: (203) 773-5373 |
| New Haven, CT 06520-9090 | Natalie.Elicker@usdoj.gov |
| Tel: (203) 432-4800 | |
| michael.wishnie@ylsclinics.org | |

---

* Motion for law student appearance forthcoming.