UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONLEY F. MONK, Jr., | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:22-cv-1503 (JBA) |
| | : | |
| THE UNITED STATES OF AMERICA, | : | March 31, 2023 |
| *Defendant*. | : | |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY DISCOVERY**

Defendant United States of America moves the Court to stay all discovery and deadlines respecting Federal Rule of Civil Procedure 26, pending resolution of the United States' contemporaneously filed motion to dismiss, ECF No. 23 ("Motion to Dismiss"). Support for the motion to stay is set forth below.[1] *See* D. Conn. L. Civ. R. 7(a)1, 37(b)1.

**I.     RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiff Conley F. Monk, Jr.'s lawsuit claims that the United States Department of Veterans Affairs (VA) injured him in tort based on its alleged "negligent administration of housing, education, and disability benefits." Complaint ¶ 111, ECF No. 1. Plaintiff's tort lawsuit follows Plaintiff's initially unsuccessful—but ultimately successful—administrative request to the VA for disability compensation. *Id.* ¶¶ 105-109. Plaintiff filed his complaint in this case on November 28, 2022. *Id.* at 1. The United States appeared on January 23, 2023, and received an extension of time until March 31, 2023, to respond to Plaintiff's complaint. ECF Nos. 16, 18.

---

[1] Defendant does not understand Plaintiff to dispute the standards that govern a motion to stay discovery. To the extent Plaintiff disputes Defendant's analysis of the legal nature of his claims, those disputed issues of law are addressed in the memorandum of law that accompanies Defendant's motion to dismiss for lack of subject matter jurisdiction. Mem. in Supp. of Mot. to Dismiss, ECF No. 23-1 ("Def. Mem.").

The parties held a conference on February 21, 2023, respecting jurisdiction and discovery, and on March 8, 2023, filed with the Court a joint report describing their discussions. Joint Report of FRCP 26(f) Conference, ECF No. 19 ("Joint Rep."); N. Elicker Decl. (Mar. 31, 2023). Defendant stated its position that the Court lacks subject matter jurisdiction over Plaintiff's claim. Joint Rep. at 3, 4. Defendant declined to agree to a discovery schedule and stated that, "to the extent Plaintiff was injured at all, his injuries are inextricably intertwined with the VA's administrative decisions; and [] this case therefore is subject to D. Conn. L. Civ. R. 26(f)(3) (exempting from Local Rule 26(f) 'review of decisions by administrative agencies')." Joint Rep. at 5, 6-7, 10; *see also* Fed. R. Civ. P. 26(a)(1)(B)(i) (excepting from initial disclosures "action[s] for review on an administrative record"). Defendant stated its intention to file the instant motion to stay discovery. *Id.* at 4, 5, 10.

In the parties' joint report, Plaintiff articulated the discovery he intends to seek. *Id.* at 4, 7-9. On March 9, 2023, Plaintiff served Defendant with his initial disclosures. Five days after filing their joint report, on Monday, March 13, 2023, Plaintiff served Defendant with his first set of interrogatories and requests for production.[2]

On Friday, March 17, 2023, Plaintiff's counsel also made an initial inquiry respecting scheduling a deposition of a former VA employee, who presently serves as a high-ranking official in the United States Department of Labor, "sometime between April 17-25."[3] On

---

[2] The parties stipulated to extend Defendant's deadline for responding to the discovery requests from April 12, 2023, to May 12, 2023. Defendant simultaneously reiterated its position that a stay of discovery is appropriate in this case. *See* E-mail from N. Elicker to A. Henderson, Mar. 13, 2023 (on file with author). Defendant has not attached counsels' communications nor Plaintiff's discovery requests, given that Defendant's request to stay is global and Plaintiff's specific discovery requests are well-described by the Joint 26(f) Report, which is already docketed. *See* D. Conn. L. Civ. R. 5(f)(1)-(2). Defendant is prepared to provide any such materials at the Court's request. *Id.*

[3] E-mail from A. Henderson to N. Elicker, Mar. 17, 2023 (on file with author).

2

Monday, March 20, 2023, Defendant's counsel responded that the proposed dates were unlikely to work, in light of: the low likelihood that this person would have availability for a deposition in less than one month; communication challenges in light of the fact that the person no longer works for the VA; and the simultaneous briefing schedule for the forthcoming motions to dismiss and to stay.[4] Plaintiff's counsel responded on Wednesday, March 22, 2023, affirming Plaintiff's desire to move forward with the deposition on the previously-proposed timeframe.[5] As of the date of this filing, Defendant has been unable to coordinate with the proposed deponent and cannot represent whether the deponent will be available for a deposition in under three weeks' time, between April 17-25, 2023.

Based on the parties' planning conference and the communications between the parties regarding discovery, the parties have a dispute about the fundamental nature of, and discovery in, the case. Defendant believes that discovery is inappropriate unless and until its arguments respecting the fatal legal errors of Plaintiff's complaint are rejected. Plaintiff takes the opposite position and believes discovery should go forward immediately. Accordingly, the parties have been unable to reach a resolution respecting any of the issues in dispute. *See* D. Conn. L. Civ. R. 37(a); N. Elicker Decl.

Today, March 31, 2023, Defendant moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. ECF No. 23.

## II.    **LAW**

Federal Rule of Civil Procedure 26(c) provides, in relevant part, that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

---

[4] E-mail from N. Elicker to A. Henderson, Mar. 20, 2023 (on file with author).
[5] E-mail from A. Henderson to N. Elicker, Mar. 22, 2023 (on file with author).

oppression, or undue burden or expense, including," an order "forbidding . . . discovery." Fed. R. Civ. P. 26(c)(1)(A). "[A] request for a stay of discovery, pursuant to Rule 26(c) is committed to the sound discretion of the court based on a showing of good cause." *Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-CV-01765 (CSH), 2018 WL 1960112, at *2 (D. Conn. Apr. 26, 2018) (internal quotation marks omitted); *see also Fu v. VA Conn. Health Care Sys.*, No. 3:22-cv-374 (KAD), Order granting [] Motion to Stay, ECF No. 15 (D. Conn. June 9, 2022).[6] The party seeking the stay bears the burden of demonstrating good cause. *Stanley Works Israel Ltd.*, 2018 WL 1960112, at *2.

In "determining whether good cause exists for a stay of discovery" while a dispositive motion is pending, the Court considers three factors: "(1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Lithgow v. Edelmann*, 247 F.R.D. 61, 62 (D. Conn. 2007); *see also Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (upholding trial court's decision to stay discovery pending decision on *forum non conveniens* motion, because permitting discovery would defeat the purpose of the motion); *Negrete v. Citibank, N.A.*, No. 15-cv-7250, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) (granting motion to stay discovery pending ruling on defendant's motion to dismiss where "the Defendants have advanced viable arguments for dismissal, the proposed discovery be significantly burdensome, and the Plaintiffs should suffer little or no prejudice from a stay").

### III. <u>ARGUMENT</u>

There is good cause to stay discovery and Rule 26 deadlines in this case pending resolution of the Defendant's motion to dismiss.

---

[6] Pursuant to the Court's Chambers Practices, unreported orders are attached as Exhibit 1.

4

      **A.    Defendant's motion to dismiss makes a strong showing that Plaintiff's claims are unmeritorious.**

      A stay of discovery is appropriate where the defendant has made a strong showing that the plaintiff's claims are unmeritorious and/or that the Court lacks jurisdiction over the complaint. *Transunion Corp.*, 811 F.2d at 130; *cf. Negrete*, 2015 WL 8207466, at *1 (staying discovery where defendant's motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law," without weighing the merits of the motion to dismiss). Here, Defendant has made the requisite strong showing. Defendant raises several challenges demonstrating that Plaintiff's claims are unmeritorious and the Court lacks subject matter jurisdiction: (I) the Veterans' Judicial Review Act (VJRA) divests this Court of jurisdiction, Def. Mem. at 18-25; (II) the FTCA does not provide jurisdiction over Plaintiff's claims, *id. at* 25-33; and (III) Plaintiff's claims are untimely and precluded, *id.* at 33-42.

      As in *Transunion Corp.*, allowing discovery in the face of these challenges would defeat the purpose of Defendant's motion to dismiss. For example, Defendant has challenged that the lawsuit is not permitted by the VJRA, which provides that no lawsuit involving issues related to VA benefits decisions, as this case does, may be brought in federal district court. *See* Def. Mem. at 18-25; 38 U.S.C. § 511. The VJRA provides a scheme for review for all questions of fact or law relating to a decision that affects a provision of benefits, and in doing so excludes federal district court jurisdiction. Allowing discovery to proceed while Defendant's motion is pending would thus circumvent one of the primary purposes of the VJRA, especially because, as discussed further below and reflected in the parties' Joint Report of Rule 26(f) Conference, ECF No. 19, Plaintiff seeks extensive discovery relating to decisions affecting provision of VA benefits.

Courts commonly stay civil discovery in cases where the government argues that the court lacks jurisdiction pursuant to the VJRA. In *Jones v. Nicholson*, the Court stayed discovery pending resolution of the government's motion to dismiss for lack of subject matter jurisdiction based on the VJRA. *Jones v. Nicholson*, No. 1:07-cv-165 (WLS), Order at 1, ECF No. 30 (M.D. Ga. Dec. 30, 2008) ("As the case appears to turn on questions of law at this point, the Court believes that a determination of the Government's motion to dismiss is appropriate."); *see also Jones v. Nicholson*, No. 1:07-cv-165 (WLS), 2011 WL 2160918, at *2 (M.D. Ga. June 1, 2011) ("Pursuant to Defendant's separate Motion (Doc. 27), the Court by Order of December 30, 2008 stayed discovery pending resolution of the Motion to Dismiss. (Doc. 30)."). The court later dismissed the claim, noting that "when a veteran's underlying claim is an allegation that the VA unjustifiably denied him a veterans' benefit," the "court lacks jurisdiction." *Id.* at *4 (cleaned up).

Likewise, in *Brown v. Department of Veterans Affairs*, in which the plaintiff alleged he was unlawfully denied VA benefits, the court stayed discovery pending resolution of the government's challenge to subject matter jurisdiction. *Brown v. Dept. of Vet. Aff.*, 451 F. Supp. 2d 273, 276 (D. Mass. 2006) (summarizing claims); *Brown*, No. 4:05-cv-40027, Mem. & Order at 2, 5, ECF No. 32 (D. Mass. Jan. 11, 2006) (denying plaintiff's motion to compel discovery; ordering that "[u]ntil the Court is satisfied that it has subject-matter jurisdiction in this case, any further discovery is premature. The Court will therefore issue a stay of discovery until the legal sufficiency of the complaint is resolved."); *see also Brown*, 451 F. Supp. 2d at 276 n.3 (noting order staying discovery pending resolution of the legal sufficiency of the complaint). The court ultimately concluded that it lacked subject matter jurisdiction over plaintiff's claims challenging his benefit denials under the VJRA. *Brown*, 451 F. Supp. 2d at 277 (holding that "BVA decisions

constitute final decisions of the Secretary [and] are not subject to judicial review in district courts.") (cleaned up).

With respect to Defendant's Federal Torts Claims Act (FTCA) challenges, Def. Mem. at 25-33, the purpose of the FTCA is to provide only a *limited waiver* of the United States' sovereign immunity. Allowing discovery to proceed against the United States where the FTCA has not waived sovereign immunity would similarly circumvent the purpose of the FTCA.

Thus, based on the strength of the government's motion alone, the Court should grant a stay of discovery to protect the purposes of the VJRA and the FTCA.

### B.  Without a stay, Defendant faces broad discovery that would impose an undue burden.[7]

Second, the breadth of discovery and burden of responding to it will be impacted by resolution of the Motion to Dismiss. If granted, the Motion to Dismiss will be dispositive of the entire case. Without a stay of discovery, the breadth and burden of discovery will be onerous. *See Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, No. 3:13-cv-509 (VLB), 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014) (holding that the Court may consider the burden of responding to discovery).

The breadth of discovery is easily demonstrated by (1) Plaintiff's submissions in the parties' Joint Report of Rule 26(f) Conference, ECF No. 19; (2) the discovery requests with which Plaintiff already has served defendants; and (3) by Plaintiff's insistence on scheduling a

---

[7] In seeking this stay, Defendant does not address or concede whether the discovery Plaintiff seeks is nonprivileged, relevant to any party's claim or defense and proportional to the needs of the case, among other factors, under Fed. R. Civ. P. 26(b). Defendant will meet and confer and respond to Plaintiff's requests, including lodging objections, claiming applicable privileges or protections, and seeking protective orders as appropriate, if it becomes necessary to do so.

deposition for a former VA employee, who is now a high-ranking employee of the Department of Labor, in approximately three weeks' time.

As stated in the parties' joint discovery planning report, Plaintiff intends to seek discovery on a wide range of topics covering almost sixty years, 1965-present, including:

- VA data collection and retention practices in housing, education, and disability compensation benefits programs relating to the race of the applicant, from 1965 to the present;

- Formal and informal complaints or other communications received by the VA from any source, including veterans, veterans organizations, civil rights groups, elected officials and their staff, or otherwise, regarding racial disparities in VA benefits, from 1965 to the present;

- Training, supervision, quality control, auditing, and any other aspect of VA administration of housing, education, and disability compensations benefits programs to address racial disparities in those programs, from 1965 to the present.

- Any investigations conducted pursuant to whistleblower complaints regarding racial disparities in VA housing, education, and disability compensations benefits programs since 1965.

Joint Rep. at 7-8. Plaintiff further wrote that he anticipates taking ten fact witness depositions and engaging in expert discovery. *Id.* at 9. Plaintiff proposes that discovery will conclude by November 2023, about seven months after Defendant responds to the complaint. *Id.* at 8-9.

Consistent with that plan, Plaintiff's first discovery requests (served March 13, 2023), including interrogatories and document requests, seek a swath of information that is broad in both topic and time period (for most, 1965 to the present, a period of almost sixty years). Pl. First Set of Interrogs. to Def. United States of Am., at 3-4 (March 13, 2023); Pl. First Req. for Prod. to Def. United States of Am., at 2 (March 13, 2023).[8] The discovery requests essentially seek all information, documents, and records regarding, related to, referencing, analyzing, describing,

---

[8] The discovery requests are on file with parties' counsel. The fact of the contents are not in dispute; only whether Defendant has made the requisite showing that discovery should be stayed pending the resolution of the motion to dismiss.

discussing, or mentioning "race, ethnicity, amount of income, source of income, employment status, education level, character of discharge, and/or rank on date of discharge" for **all** benefits claims—not just Plaintiff's benefits claims—received, processed or adjudicated by VA for the time period from 1965 through present, as well as any protocols, policies, investigations, required training and/or supervision related to the processing and adjudicating of these benefits claims for the same time period. Additionally, Plaintiff also seeks unredacted documents from a previous Freedom of Information Act (FOIA) request (#21-08617-F) that VA withheld in part pursuant to various FOIA exemptions.

The VA has reviewed the requests Plaintiff served on March 13 and provides the following additional information for context:

- The Veterans Benefits Administration (VBA) currently serves nearly 5.2 million Veterans and survivors who receive either compensation or pension benefits. Detailed Claims Data - Veterans Benefits Administration Reports (va.gov), https://www.benefits.va.gov/reports/detailed_claims_data.asp. Responding to Plaintiff's discovery requests will require VA to review millions of claims files to locate and produce data regarding "race, ethnicity, amount of income, source of income, employment status, education level, character of discharge, and/or rank on date of discharge" and whether any formal and informal complaint or communication was received from external sources regarding or relating to the individual claimants. The information contained in these individual benefits files is protected from disclosure by the Privacy Act, 5 U.S.C. § 552a as third parties not involved in the present litigation. The materials would have to be reviewed individually for compliance with the law. The records also contain information protected by 38 U.S.C. § 7332. All records subject to 38 U.S.C. § 7332 will require the court to make a determination on *each* patient. In accordance with 38 U.S.C. § 7332(b)(2)(D), "the court will weigh the public interest and the need for

       disclosure against the injury to the patient or subject, to the physician-patient relationship, and to the treatment services."[9]

- Given Plaintiff appears to seek administrative files (*e.g.*, investigations, reviews, audits, protocols and policies, training manuals, etc.) not related to any specific individual claimant, the FOIA/Privacy Officers of VBA Central Office and 56 Regional Offices will have to conduct a search of their respective offices for the available information.

- Because the discovery requests ask for records going back to 1965, VA may be required to make inquiries to third-party agencies to verify if records still exist.

- The requests for communications regarding or related to the referenced topics would require, in part, time-consuming collection and review of electronic communications of relevant VA custodians, including VA e-mails.

- Finally, regarding the requests for the unredacted version of documents previously released under FOIA request (#21-08617-F), the unredacted files are with the VBA FOIA Office and are approximately 59 MB in size (nearly 1000 pages).[10]

Based on the tremendous burden to the United States of complying with Plaintiff's discovery requests, there is good cause for a stay of discovery.

---

[9] According to the VA, formal complaints from veterans and survivors would most likely be recorded in individual Veterans Claim Files. Reviewing Veterans Claim Files for such complaints would require an individualized review of existing, electronic records, as well as a hard copy search of paper records in archival storage at the National Archives and Records Administration (NARA). Formal complaints lodged by veterans service organizations, civil rights groups, elected officials and staff regarding racial disparities are maintained in official government records, if they exist, and to the extent that they are searchable. There is no single library or other repository for historical government documentation outside of NARA. Historical searches would require referral to NARA for a search of all records and would likely require significant effort; the VA is unsure how administrative records are catalogued at NARA.

[10] FOIA request (#21-08617-F) is different than the FOIA request (21-03679-F) underlying the FOIA lawsuit described in Plaintiff's complaint, *Black Veterans Project v. U.S. Dep't of Veterans Affairs*, No. 3:21-cv-935 (VLB) (D. Conn., filed July 8, 2021). *See Monk v. United States*, Complaint ¶ 41, ECF No. 1 (addressing *BVP* FOIA suit).

    By way of illustration, the VBA states that responding to a single item from the *BVP* FOIA suit—a request for "Any internal analysis, review, or study that VA has conducted, commissioned, or otherwise obtained regarding racial disparities in service-connected disability compensation, including but not limited to reports, memos, investigations, or guidance"—the results of which allegedly underlie this lawsuit, took four VA employees and months of work to complete.

Additionally, Plaintiff's requests for unredacted copies of materials that were received pursuant to a previous FOIA request present an independent issue warranting a stay. It is unclear whether Plaintiff (or the FOIA suit plaintiff) attempted to challenge the FOIA redactions at issue through FOIA standards and procedures; but if he did, any such challenge clearly was unsuccessful, as the redactions remain in the documents. Allowing Plaintiff to obtain FOIA-protected information by filing a civil FTCA claim would permit an end-run around the FOIA, 5 U.S.C. § 552; and would encourage unmeritorious litigation filed solely to obtain otherwise protected information. In *Cuartero v. United States*, the Court granted a stay of discovery after observing, "there is significant caselaw suggesting that, in the administrative proceedings, the plaintiff was not entitled to production of the documents that he now seeks from the" agency at issue. *Cuartero*, No. 3:05-cv-1161 (RNC), 2006 WL 3190521, at *2 (D. Conn. Nov. 1, 2006).

Thus, a stay of discovery is additionally warranted in light of the manner in which Plaintiff could attempt to use civil discovery procedures to circumvent FOIA protections over the same records.

### C.  Plaintiff cannot demonstrate unfair prejudice from a stay.

Third, a stay of discovery poses no risk of undue prejudice to the Plaintiff. This motion to stay is filed at the outset of litigation and contemporaneous with the United States' response to the complaint.

Moreover, Plaintiff has already successfully accessed other means of obtaining records that he alleges are relevant to his claims, including Defendant's extensive production of approximately twenty years' worth of VA records through the FOIA lawsuit described in Plaintiff's complaint. *E.g.*, Compl. ¶¶ 2, 41; *see also* Joint Rep. at 9-10 (stating Defendant's position respecting FOIA productions).

Most critically, none of the discovery sought is necessary for or relevant to Defendant's jurisdictional challenges; Plaintiff cannot thereby show prejudice. The standard of review for Defendant's Fed. R. Civ. P. 12(b)(1) motion requires the Court to view Plaintiff's allegations in their most favorable light. Losing out on the opportunity for discovery does not deprive the Plaintiff of anything he requires to respond to the motion to dismiss, which hinges on legal arguments regarding jurisdiction under the VJRA and the FTCA.[11] *See Brown v. Dept. of Veterans Aff.*, 451 F. Supp. 2d 273, 276 n.3 (D. Mass.) (rejecting plaintiff's argument that the stay of discovery unduly prejudiced his ability to establish jurisdiction, since the legal standard required the court to construe the allegations in the light most favorable to the plaintiff."); *see also Fu*, No. 3:22-cv-374 (KAD), Order granting [] Motion to Stay, ECF No. 15 (granting the government's motion to stay after observing: "At this nascent stage of the litigation . . . the Court can identify no significant prejudice to the Plaintiff if the discovery is stayed pending adjudication of the motion to dismiss.").

Since Plaintiff cannot demonstrate undue prejudice caused by a stay of discovery, this factor also warrants a stay of discovery.

## IV.  CONCLUSION

For all the foregoing reasons, the United States respectfully moves the Court to stay discovery and Rule 26 deadlines until the Court rules on the pending Motion to Dismiss for lack of subject matter jurisdiction, ECF No. 23.

---

[11] Neither does plaintiff require discovery to address facts "not subject to reasonable dispute," Fed. R. Evid. 201, which Defendant included in the motion for background purposes and in support of its request to dismiss the complaint as untimely and precluded, based on Plaintiff's prior lawsuits.

                                          Respectfully submitted,

                                          VANESSA ROBERTS AVERY
                                          UNITED STATES ATTORNEY

                                          */s/ Natalie N. Elicker*
                                          Natalie N. Elicker (ct28458)
                                          ASSISTANT U.S. ATTORNEY
                                          157 Church Street, 25th Floor
                                          New Haven, CT 06510
                                          T: (203) 821-3700
                                          F: (203) 773-5373
                                          Natalie.Elicker@usdoj.gov