UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CONLEY F. MONK JR.,

*Plaintiff*,

v.

UNITED STATES OF AMERICA,

*Defendant*.

No. 3:22-cv-01503-JBA

April 19, 2023

**PLAINTIFF'S BRIEF IN OPPOSITION TO**
**DEFENDANT'S MOTION TO STAY DISCOVERY**

From the outset of this litigation, the Department of Veterans Affairs (VA) has repeatedly acknowledged its legacy of discrimination against Black veterans. VA spokespersons have vowed not only to correct the ongoing disparities, but also to right the historic wrongs. Yet when presented with an opportunity to actually do so, Defendant has moved to dismiss Mr. Monk's case on technical grounds and to evade discovery of its discriminatory practices.

In this District, a stay of discovery pending the resolution of a motion to dismiss is the exception, not the rule. *See* D. Conn. L. Civ. R., Standing Order on Scheduling in Civil Cases § 2(b); ECF No. 4; *Metzner v. Quinnipiac Univ.*, No. 3:20-cv-00784 (KAD), 2020 WL 7232551, at *6 (D. Conn. Nov. 12, 2020). Defendant has failed to articulate a compelling reason why this Court should deviate from the standing order and frustrate the orderly progression of this case.

Defendant's motion to stay discovery is premised on the assumption that its concurrently-filed motion to dismiss will entirely dispose of this case. That assumption is false. Mr. Monk's prior benefits applications are not at issue here. VA has already acknowledged that Mr. Monk is eligible for VA benefits, and has compensated him for his service-connected conditions. Rather,

Mr. Monk seeks redress for the distinct harm of VA's negligence in administering benefits in a racially discriminatory manner.

Mr. Monk's claims under the Federal Tort Claims Act must be heard in federal district court, his discovery requests impose no undue burden on Defendant, and any stay of discovery would prejudice Mr. Monk. Mr. Monk has tailored his discovery requests to seek information that is necessary to support his claims. Any further delay in the resolution of this matter would severely prejudice Mr. Monk. It has been one year since Mr. Monk first sought relief in this matter. He is a Vietnam veteran of advanced age, rated 100% disabled by the VA, and is experiencing numerous service-related medical conditions. He was in fact hospitalized again earlier this month. No less than other litigants in this district, he should be permitted to proceed with discovery

## I. BACKGROUND

On February 22, 2021, Mr. Monk's organization, the National Veterans Council for Legal Redress, alongside the Black Veterans Project, filed Freedom of Information Act (FOIA) requests for internal VA data regarding the administration of service-connected VA disability compensation. After months of administrative appeals and litigation, VA produced the requested records. The groups then retained a Yale University statistician to analyze the data. This analysis found a statistically significant disparity in the rate at which white and Black veterans are denied, partially granted, and granted service-connected applications for VA disability benefits, in each year for the past twenty years. *See* ECF No. 1 ¶¶ 45-48.

The FOIA analysis provided the first evidence sufficient to support what many Black veterans spanning generations believed was occurring within VA, but never were able to prove—Black veterans are more likely to have their benefits applications denied than white veterans. The analysis also revealed that these disparities existed in many of the very years when Mr. Monk

sought benefits, and when VA repeatedly denied his applications. Worse still, the disparity across VA regional offices, in *every single year* for which VA disclosed records, demonstrates that VA officials knew or should have known that their administration of disability compensation benefits resulted in an unlawful discriminatory regime. VA's negligence in failing to address or correct this disparity illegally harmed Mr. Monk every time he set foot in a VA office, even when, after many years and many applications, he finally received a favorable adjudication.

Before the internal VA records were analyzed, Mr. Monk did not know, and had no way of knowing, about the racial disparity in VA's administration of benefits. After reviewing the records, Mr. Monk timely filed an administrative claim under the Federal Tort Claims Act (FTCA) in February 2022. As of the filing of this brief, VA has yet to respond to Mr. Monk's administrative claim. VA's failure to dispose of Mr. Monk's FTCA claim within six months of filing constitutes a final denial under the FTCA. *See* 28 U.S.C. § 2675(a). Mr. Monk timely filed his Complaint on November 28, 2022. ECF No. 1.

Defendant's counsel appeared in this matter on January 23, 2023. ECF No. 16. Defendant asked Mr. Monk to consent to a sixty-day extension to Defendant's January 30, 2023 deadline to respond to Mr. Monk's Complaint. ECF No. 17. Mr. Monk consented, and the Court granted the extension. ECF No. 18. The parties held a Rule 26(f) conferral on February 21, 2023, and subsequently filed their Joint Report with the Court on March 8, 2023. ECF No. 19.

Mr. Monk timely served Defendant with initial disclosures on March 9, 2023. Defendant has not served its own initial disclosures, although they are overdue and no stay has been entered in this case. In accordance with the Court's Order on Pretrial Deadlines, ECF No. 4, Mr. Monk served Defendant with his first set of discovery requests on March 13, 2023. ECF No. 24-1 at 2.

Copies of Plaintiff's First Request for Production and First Set of Interrogatories are attached hereto as Exhibits A and B.

Defendant asked for a thirty-day extension to respond to these discovery requests, moving the deadline from April 12, 2023 to May 12, 2023, and Plaintiff consented. On March 17, 2023, Mr. Monk informed Defendant of his intention to depose Ms. Margarita Devlin. ECF No. 24-1 at 2 n.3. Defendant responded that there should be "no depositions [] attempted until June or July, if at all." E-mail from N. Elicker to A. Henderson, Mar. 9, 2023 (on file with author). On March 20, 2023, Defendant filed a motion to dismiss, ECF No. 23, the response to which is now due June 5, 2023, ECF No. 27, concurrent with the instant motion to stay discovery, ECF No. 24, which Mr. Monk now opposes.

## II. LEGAL FRAMEWORK

This Court has ordered that "[t]he filing of a motion to dismiss shall not result in a stay of discovery or extend the time for completing discovery." ECF No. 4.; *see also* D. Conn. L. Civ. R., Standing Order on Scheduling in Civil Cases § 2(b). In this District, "it is not the practice of this Court to stay discovery upon the filing of a motion to dismiss." *Covenant Imaging, LLC v. Viking Rigging & Logistics, Inc.*, No. 3:20-CV-00593 (KAD), 2020 WL 5411484, at *1 (D. Conn. Sept. 9, 2020) (citing *Kollar v. Allstate Ins. Co.*, No. 3:16-CV-01927 (VAB), 2017 WL 10992212, at *1 (D. Conn. Nov. 6, 2017) ("[T]his Court's regular practice normally requires the parties to commence discovery, even while a motion to dismiss is pending.")); *see also Covenant Imaging, LLC*, 2020 WL 5411484, at *1 ("Indeed, the Court's Standing Order on Pretrial Deadlines states

that the filing of a motion to dismiss **shall not** result in a stay of discovery or extend the time for completing discovery.") (emphasis in original) (internal quotation marks omitted).

The party seeking the stay of discovery carries the burden to demonstrate good cause. *Covenant Imaging, Ltd.*, 2020 WL 5411484, at *1. To assess whether good cause exists, the Court looks to three factors: "(1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Lithgow v. Edelmann*, 247 F.R.D. 61, 62 (D. Conn. 2007). Even with this analytic framework, "a stay of discovery is the exception and not the rule in this District." *Metzner*, 2020 WL 7232551, at *6.

## III. ARGUMENT

Defendant has failed to demonstrate good cause to stay discovery for three reasons. First, Defendant has not made the requisite showing that its motion to dismiss will dispose of Mr. Monk's case or that Mr. Monk's claims are unmeritorious. Second, Mr. Monk's discovery requests are not so broad that they impose an undue burden on Defendant. Last, any stay of discovery would prejudice Mr. Monk in a manner that independently warrants denying the motion to stay discovery.

### A. Mr. Monk will likely prevail in opposing Defendant's motion to dismiss.

Defendant has failed to show that Mr. Monk's claims are unmeritorious or that its motion to dismiss will dispose of this case. This factor, therefore, cannot weigh in favor of staying discovery. To evaluate the strength of a motion to dismiss in the context of deciding a motion to stay discovery, courts assess whether "there are substantial arguments for dismissal, or, stated differently, whether there has been a strong showing that the plaintiff's claim is unmeritorious." *Stanley Works Israel Ltd.*, 2018 WL 1960112, at *3 (internal quotation marks omitted); *Johnson v. Gonzalez*, No. 3:21-cv-585 (CSH), 2023 WL 2770684, at *4 (D. Conn. Apr. 4, 2023) (internal quotation marks omitted); *see also Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 67

(D. Conn. 2007) ("[C]ourts consider . . . [w]hether the defendant has made a strong showing that the plaintiff's claim is unmeritorious[.]").[1] Defendant has not made the requisite showing.[2]

Defendant's argument in support of the strength of their motion to dismiss is threefold: "(I) the Veterans' Judicial Review Act (VJRA) divests this Court of jurisdiction, Def. Mem. at 18-25; (II) the FTCA does not provide jurisdiction over Plaintiff's claims, *id.* at 25-33; and (III) Plaintiff's claims are untimely and precluded, *id.* at 33-42." ECF No. 24-1 at 5. These contentions are premised on a fundamental misunderstanding of Mr. Monk's claims.

In 1988, the VJRA created the U.S. Court of Appeals for Veterans' Claims (CAVC) and conferred jurisdiction on this new court to review adverse decisions on individual VA benefits applications. 38 U.S.C. § 7252. The VJRA does not divest this Court of its undisputed jurisdiction over FTCA claims. *See* 28 U.S.C. § 1346(b)(1). First, the CAVC has held that it lacks jurisdiction to hear FTCA cases. *See Bryan v. West*, 13 Vet. App. 482, 486 (2000) ("The FTCA claim and decisions pertaining thereto are not part of this Court's jurisdiction; it is the U.S. District Courts that would have jurisdiction[.]"); *Schnell v. Wilkie*, No. 19-8727, 2020 WL 1861846, at *1 (Vet. App. Apr. 14, 2020) ("When Congress created this Court, it strictly limited its jurisdiction. This Court may review only final Board decisions. *See* 38 U.S.C. §§ 7252(a) and 7266(a). This Court may not review a VA General Counsel decision addressing an FTCA-related claim.").

---

[1] Defendant cites *Negrete v. Citibank, N.A.*, No. 15-cv-7250, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) to introduce a "potentially dispositive" standard. ECF No. 24-1 at 5; *see also id.* (citing *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127 (2d Cir. 1987)). *Negrete* and *Transunion* both arose in the Southern District of New York, and neither bears on this Court's analysis of a motion to stay of discovery pending the resolution of a motion to dismiss under this Court's orders and the local rules in this district.

[2] Mr. Monk argues in this Section against the arguments raised by Defendant in its motion to stay discovery. The argument in opposition is not intended to encompass the totality of his opposition to Defendant's motion to dismiss, which Mr. Monk will separately brief in full. The argument that follows in Section III.A. of this Memorandum only makes the requisite showing, for the purposes of deciding this motion to stay discovery, that Defendant has failed to assert that Mr. Monk's claims are unmeritorious and that its motion to dismiss will entirely dispose of this action.

Second, Defendant's reasoning suggests that all district courts are devoid of jurisdiction to hear any matter that tangentially addresses the adjudication of veterans' benefits. This is not true. District courts can, and have, heard cases that address VA adjudications, despite VRJA objections from the United States. For example, in *Veterans for Common Sense v. Shinseki*, the Ninth Circuit stood by its previous holding in *Littlejohn* that "[the court] could consider a veteran's Federal Tort Claims Act claim alleging negligence against VA doctors because doing so would not possibly have any effect on the benefits he has already been awarded." 678 F.3d 1013, 1023 (9th Cir. 2012) (internal quotation marks omitted); *see also Littlejohn v. U.S.*, 321 F.3d 915, 921 (9th Cir. 2003) ("Without any diminution of his entitlement to disability benefits, we see no way in which a decision on the merits of Littlejohn's FTCA claim amounts to judicial review of [VRJA precluded] proceedings.")). The Ninth Circuit clarified that the *Littlejohn* court had jurisdiction to decide the plaintiff's claims because "reviewing the VA's procedures for filing and handling benefits claims at the Regional Offices [did] not require [the court] to review decisions affecting the provision of benefits to any individual claimants." *Veterans for Common Sense*, 678 F.3d, at 1034 (citing 38 U.S.C. § 511) (internal quotation marks omitted).

Mr. Monk does not seek review of any of pending or past VA benefits application. Rather, he asks this Court to determine 1) if VA leadership acted negligently in failing to correct racial disparities in its benefits system, of which they knew or should have known, through negligent training, supervision, and other management practices; and 2) whether such negligence harmed him. VA leadership has already acknowledged the existence of racial discrimination in its benefits system, and the United States does not contest that fact.

To decide the first question Mr. Monk raises, the Court must assess VA's practices as a whole, separate from any individual determination regarding benefits adjudication for any

7

individual past or present claimant. Any inquiry into the second question Mr. Monk raises could "not possibly have any effect on the benefits he has already been awarded." *Veterans for Common Sense*, 678 F.3d, at 1023. In this action, Mr. Monk does not seek to review decisions on any of his VA applications, as he stated explicitly at the start of the Complaint, ECF No. 1 ¶ 9. Mr. Monk is already rated 100% disabled by VA, *id.* ¶ 106, and he and his counsel are well familiar with the opportunities for administrative and judicial review of individual VA applications. *See, e.g., Monk v. Wilkie*, No. 19-0217, 2020 WL 2461722 (Vet. App. May 13, 2020) (holding that VA erred in calculating effective date for start of payment Mr. Monk's disability benefits). This lawsuit is a **tort** action about the negligent training, supervision, and overall management failure to address pervasive racial discrimination at the VA. As such, it cannot be brought before CAVC and must be brought in district court. The VJRA does not divest the Court of jurisdiction to hear his FTCA claims.

Defendant's argument that the United States has not waived immunity with regard to Mr. Monk's FTCA claims is equally flawed. The Supreme Court long ago concluded that 28 U.S.C. § 2674 does not preclude liability when the government performs a function that is not performed by private individuals. *Indian Towing Co. v. U.S.*, 350 U.S. 61 (1955) (holding the United States liable for the negligent operation of a lighthouse even after finding that there was no private analogue to this conduct, as only the Coast Guard operated lighthouses); *see also U.S. v. Olson*, 546 U.S. 43, 43 (2005) (affirming *Indian Towing* and its progeny and holding that "Section 2674 makes the United States liable in the same manner and to the same extent as a private individual under *like circumstances*. The words like circumstances do not restrict a court's inquiry to the *same circumstances*, but require it to look further afield.") (emphasis in original) (internal quotation marks omitted); *Liranzo v. U.S.*, 690 F.3d 78, 84-92 (2d Cir. 2012) (canvassing history

of FTCA private analogue requirement). The government's motion to dismiss does not address *Indian Towing* and its progeny. Moreover, there are "like circumstances" of private conduct that are analogous to VA's tortious conduct, such as a private insurance company's negligent management when it fails to address racially biased administration of insurance claims. Defendant's argument that the United States has not waived immunity with regard to Mr. Monk's FTCA claim falls short.

Last, Mr. Monk's claims are not time barred. Rather, Mr. Monk timely sought relief after he learned of systemic racial disparities in the VA benefits system and VA leadership's failure to correct those disparities. The diligence-discovery rule apples "in cases . . . where the government conceals the acts giving rise to plaintiff's claim[.]" *Kronisch v. U.S.*, 150 F.3d 112, 121 (2d Cir. 1998). Mr. Monk had no way of knowing about the systemic racial disparities in VA benefits until VA disclosed the FOIA records in September 2021, after Mr. Monk's organization had launched federal litigation to compel their disclosure, and a statistics expert subsequently completed an analysis of the VA data.

The Complaint alleges that VA officials knew or should have known of these disparities for many years, ECF No. 1 ¶ 49. In fact, since Mr. Monk filed this Complaint, VA has disclosed additional records in response to his group's FOIA requests with additional stark evidence that as recently as 2017 VA analyzed its own data back to 2011; found racial disparities even greater than those in Mr. Monk's own analysis; and promptly suppressed that information.[3] This cover-up

---

[3] *See* Quil Lawrence, *Black veterans are less likely to be approved for benefits, according to VA documents*, NPR (Mar. 24, 2023) ("[T]he whistleblower describes how this internal report was produced for senior VA officials in 2017. Then, . . . it was buried."), https://www.npr.org/2023/03/24/1165977590/black-veterans-are-less-likely-to-be-approved-for-benefits-according-to-va-docum; *see also* Bigad Shaban, Laura Strickler, Michael Bott & Alex Bozovic, *Black Veterans Were More Often Denied VA Benefits for PTSD Than White Counterparts, Newly Surfaced Study Shows*, N.B.C. BAY AREA (Mar. 17, 2023) (a "2017 internal Veterans Affairs report shows Black veterans were more often denied benefits for post-traumatic stress disorder that their white counterparts."), https://www.nbcbayarea.com/investigations/black-veterans-denied-benefits-ptsd/3183817/. A copy of the 2017 report is attached as Exhibit C.

occurred in the very years Mr. Monk was pursuing his VA disability benefits application. In other words, Defendant concealed the evidence that would have given rise to Mr. Monk's claims, and Mr. Monk's FTCA claims thereby accrued when he "ha[d] or with reasonable diligence should have discovered the critical facts of both his injury and his cause." *Id.*[4] Therefore, Mr. Monk's administrative claim and subsequent complaint were both timely filed.

Finally, even if the Court determines that Defendant's arguments are substantial, this factor cannot be weighed against Mr. Monk. When both parties raise legitimate arguments founded in law, the strength of the dispositive motion should not weigh against any party. *Stanley Works Israel Ltd.*, 2018 WL 1960112, at *3 ("The Court will not attempt to predict the outcome of the motion to dismiss. It is sufficient for these purposes to state that both parties have raised arguments, founded in law, and while Defendants' motion to dismiss is potentially dispositive, it is not at all clear that Plaintiff's claims are wholly unmeritorious."); *Metzner*, 2020 WL 7232551, at *5 ("[C]onsidering the complex and well-articulated arguments advanced by both parties, . . . the Court is unprepared to conclude that the motion is likely to dispose of the matter completely or to otherwise hold that [the defendant's] arguments are sufficiently substantial so as to favor a stay of all discovery."). Mr. Monk has summarized what will be a detailed and substantial argument in his brief in opposition to the government's motion to dismiss. The strength of the motion to dismiss therefore cannot be weighed in favor of granting a stay of discovery, even if Defendant's arguments are potentially dispositive.

---

[4] Defendant contends that Mr. Monk's FOIA requests demonstrate that he had knowledge of VA systemic discrimination before his organization received VA records and retained an expert to analyze data in September 2021. ECF No. 23-1 at 36. Not so. Like many Black veterans, Mr. Monk and his organizations suspected systemic discrimination but lacked evidence to substantiate their suspicion. That is why they submitted the FOIA requests in February 2021, litigated them in federal court when VA failed to disclose responsive records, and retained an expert to analyze VA's data in fall 2021. In any event, Mr. Monk timely filed his FTCA administrative claim in February 2022, well within FTCA's two-year statute of limitations. 28 U.S.C. § 2401(b).

### B. Mr. Monk's tailored discovery requests are not unduly broad, and Defendant has failed to demonstrate any undue burden.

Mr. Monk's discovery requests are not unduly broad and do not impose an undue burden on Defendant that would warrant a stay of discovery. The Court should "look to the particular circumstances . . . of each case[,]" and "should consider several factors, including the breadth of discovery sought, [and] the burden of responding to it[.]" *ITT Corp. v. Travelers Cas & Sur. Co.*, No. 3:12CV38 (RNC), 2012 WL 2944357, at *2 (D. Conn. July 18, 2012). Specific factors indicating unduly broad and burdensome discovery requests include "how long [the party seeking a stay] expect[s] discovery to take, how much material [the nonmoving party] has sought, [and] the costs associated with discovery[.]" *Bennett v. Cuomo*, No. 22-CV-7846 (VSB), 2023 WL 2021560, at *4 (S.D.N.Y. Feb. 15, 2023) (denying the defendants' motion to stay discovery after the defendants failed to articulate these factors). A party seeking a stay must assert a degree of specificity for a court to find undue breadth and burden warranting a stay pending a dispositive motion. *See Mirra v. Jordan*, No. 15-CV-4100 (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (holding that a defendant merely asserting that 119 discovery demands was broad and burdensome "d[id] not demonstrate that the plaintiff's document requests [were] voluminous and burdensome" after the defendant "[did] not identify any burden associated with the production, other than asserting that the plaintiff's requests [sought] extensive documents related to a wide variety of issues").

Defendant has attempted to demonstrate undue burden in this case by pointing to the parties' Joint Discovery Report and Mr. Monk's first discovery requests. ECF No. 24-1 at 7. Mr. Monk has not yet served Defendant with the entirety of discovery in this matter, as outlined in the Joint Discovery Report. Defendant has failed to show why the Court should consider a burden on the Defendant that does not yet exist. The Court should not find a reason to issue a universal stay

of discovery based upon unrealized discovery plans, but rather should assess motions related to specific discovery requests. At present, the Court should assess the supposed burden imposed on Defendant from Mr. Monk's twelve document requests, *see* Ex. A, eleven interrogatories, *see* Ex. B., and proposed notice to depose one witness, E-mail from A. Henderson to N. Elicker, Mar. 17, 2023 (on file with author). *See Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y Jan. 20, 2016) ("Any objections to individual discovery requests can be dealt with accordingly, and are not proper grounds for a Rule 26 protective order.") (citing Fed. R. Civ. P. 34).

To that end, Defendant has failed to show why deposing one mid-level government official, previously at the VA and now at the U.S. Department of Labor—an individual that likely has relevant knowledge to support Mr. Monk's claims and inform subsequent discovery—imposes any burden warranting a stay of all discovery.[5] Mr. Monk attempted to work with Defendant on scheduling a mutually-agreeable date for the deposition, and service of any notice or subpoena via counsel. E-mail from A. Henderson to N. Elicker, Mar. 17, 2023 (on file with author). Defendant declined to cooperate in scheduling a deposition or to arrange for service, E-mail from N. Elicker to A. Henderson, Mar. 20, 2023 (on file with author), and now complains that the deponent's position, and Mr. Monk's original proposed date, indicate the breadth of discovery in this case. ECF No. 24-1 at 7. The deposition of one witness does not impose any burden, let alone an undue one, and Defendant may not refuse to participate in scheduling the deposition at a mutually convenient time and then complain of the resulting burden.

---

[5] The FOIA request that led to VA's disclosure of the 2017 report described *supra* note 3 was predicated on VA whistleblower information indicating that Ms. Margarita Devlin, when at the VA, intentionally concealed the report revealing dramatic racial disparities. At the time, Ms. Devlin was an Executive Director in the Veterans Benefits Administration, and thus likely has information relevant to Mr. Monk's claim and information about VA data practices, which will inform subsequent discovery requests.

Defendant has also failed to demonstrate the supposed burden imposed by Mr. Monk's interrogatories and requests for production. VA insists that responding to these requests would require VA to "make inquiries to third-party agencies[;]" "collect[] and review [] electronic communications of relevant VA custodians[;]" produce files that "are approximately 59 MB in size (nearly 1000 pages)[;]" and conduct a search of "the FOIA/Privacy Officers of VBA Central Office and 56 Regional Offices" for responsive information. ECF No. 24-1 at 10. To the extent that VA's assessment conveys objections to specific discovery requests, that is not enough to warrant a Rule 26(c) protective order. *See Guiffre v. Maxwell*, 2016 WL 254932, at *2. At a minimum, the United States should first meet and confer with Plaintiff's counsel to explore whether the requests can be adjusted to reduce any burdens on the government. It has not done so.

If VA intends for its assessment to demonstrate the supposed breadth and burden of discovery thereby warranting a stay, it does not reasonably follow that actions including the production of a 59 MB file or having to contact various agency offices demonstrate an undue burden. Further, Defendant has not articulated the specific factors that courts look to in assessing breadth and burdensomeness, including the anticipated cost of compliance or the anticipated time to comply with Mr. Monk's discovery requests. *See Bennett v. Cuomo*, 2023 WL 2021560, at *4. Thus, Defendant has failed to prove that discovery at present is so broad or burdensome to warrant a stay pending the resolution of their motion to dismiss.

Notwithstanding the foregoing, if the Court determines that the discovery sought by Mr. Monk during the pendency of Defendant's motion to dismiss would impose an undue burden on the United States, then Plaintiff respectfully requests that the Court permit him to conduct discovery in phases pending the resolution of Defendant's motion to dismiss. For instance, the Court might temporarily limit the number of depositions or the temporal range of paper discovery.

Such discovery would mitigate any burden that the Court may find is imposed on Defendant and would balance Defendant's concerns with Mr. Monk's right to a prompt adjudication of his claims.

Defendant's additional argument that Mr. Monk's "requests for unredacted copies of materials that were received pursuant to a previous FOIA request present an independent issue warranting a stay[,]" ECF No. 24-1 at 11, is substantially flawed. The standard for invoking FOIA exemptions, and the standard that courts apply in reviewing agency applications of FOIA exemptions, are both wholly separate from the standards applied in civil discovery pursuant to Rule 26(c). *See generally El Badrawi v. Dep't of Homeland Sec.*, 583 F. Supp. 2d 285 (D. Conn. 2008) (ordering the defendant to produce in civil discovery information that the defendant had withheld under asserted FOIA exemptions). FOIA governs what records an agency must disclose to the public at large; the Federal Rules of Civil Procedure determine what discovery must be produced to a party in litigation, and under what terms. In *Badrawi*, Judge Hall rejected arguments by the government that FOIA exemptions, even those previously litigated, had any application to civil discovery under Rule 26. This Court should do the same.

**C. Any stay of discovery would prejudice Mr. Monk.**

Finally, a stay of discovery would prejudice Mr. Monk. *See, e.g.*, *Stanley Works Israel Ltd.*, 2018 WL 1960112, at *3 ("[W]hile the prejudice from a stay to Plaintiff may be slight, there still exists the risk of prejudice should the case proceed past the pleading stage. Accordingly, Defendants' motion for a protective order will be denied.") (finding also that the defendants' motion to dismiss and breadth of discovery weighed against the defendants). Here, Mr. Monk's claims rely on institutional knowledge about VA practices, and the risk of this information becoming lost increases as time passes. For example, Mr. Monk seeks information about conversations that VA officials had regarding a study of racial disparities in disability benefits in

2017. Pl. First Req. For Prod. to Def. United States of Am., at 3 (March 13, 2023). There is a risk that memories will fade or documents and data will be lost. In addition, Mr. Monk is of advanced age and in poor health. VA has rated him 100% disabled, and shortly before this filing, he was hospitalized for pneumonia and related complications, including kidney failure. A delay to the resolution of his claims risks the possibility of Mr. Monk not obtaining justice in his lifetime. The Court should strongly weigh this factor heavily against ordering a stay of discovery.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Conley Monk Jr. respectfully requests the Court to deny Defendant's motion to stay discovery.

Respectfully Submitted,

By: /s/ Michael J. Wishnie
Michelle Fraling, Law Student Intern
Rebecca Harris, Law Student Intern
Adam Henderson, Law Student Intern
Beatrice Pollard, Law Student Intern
Claire Sullivan, Law Student Intern[*]
Michael Sullivan, Law Student Intern
Meghan Brooks, ct31147
Michael J. Wishnie, ct27221
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
(203) 432-4800

*Counsel for Plaintiff*

---

[*] Motion for law student appearance forthcoming.

15