# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONLEY F. MONK JR.,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant*. | Civil Action No. 3:22-cv-1503 (JBA)<br><br>March 13, 2023 |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
TO DEFENDANT UNITED STATES OF AMERICA**

To: The United States of America, by and through its attorney of record, Natalie N. Elicker, United States Attorney, 157 Church Street, New Haven, CT

## I. Instructions

1.     Pursuant to Rule 34 of the Federal Rules of Civil Procedure (FRCP), Plaintiff submits the following request for production of documents from the United States of America. Plaintiff requests that Defendant produce for inspection, copying, and use all responsive documents requested herein within thirty (30) days after the date of certification of service of these discovery requests.

2.     Pursuant to FRCP 34(a), Plaintiff acknowledges that these requests are limited to the scope of FRCP 26(b), and requests that when Defendant is unable to produce certain documents because they fall outside such scope, Defendant shall provide an explanation as to the reason(s) why the documents fall outside the scope of the request.

3.     If certain requests are duplicative of previous requests to which documents have already been produced, Defendant need not reproduce such documents. Plaintiff requests that the Defendant provide notice that such documents are among those already produced.

4.     Pursuant to FRCP 34(b)(2)(E), Plaintiff requests that when Defendant produces the requested documents, including electronically stored information (ESI), Defendant will produce such documents or ESI as they are kept in the usual course of business or will organize and label them to correspond to the categories in the request.

5. Plaintiff requests that Defendant make a good faith effort to produce any and all requested documents that are readily ascertainable from Defendant United States of America.

6. All requests are for the time period from 1965 through present, unless otherwise specified.

## II. **DEFINITIONS**

The terms used in these Requests for Production have the meanings set forth in D. Conn. Local Rule 26(c). In addition, as used in these Requests for Production:

A. "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

B. "Discussion," "discussions," "discuss," "mention," "mentions," "describe," "describes," "analyze," or "analyzes" mean any and all inquiries, conferences, conversations, negotiations, agreements or other forms or methods of oral communication or such dialogue sent via e-mail, facsimile, letter, telegram, or other written communication.

C. "Record," "records," and "written correspondence" mean all data, papers, and books, transcriptions, pictures, drawings or diagrams, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including written papers or memoranda which summarize oral conversations, whether in your actual or constructive possession or under your control or not, relating or pertaining in any way to the subject matters in connection which it is used, and includes originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail (e-mail); text (SMS) messages; messages sent via social media sites or messaging applications including but not limited to Twitter, Facebook, and WhatsApp; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; spreadsheets; electronically stored information (ESI) and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English.

D. "Electronically stored information" and "ESI" means any information on operational systems including accounting, financial, distribution, or manufacturing systems; email; instant messages (IM); web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (e.g., Access); erased, fragmented or damaged data; Blackberry data; and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes;

magnetic disks (hard drive, floppy disks, etc.); proprietary data systems; smart phones; cell phones; IM tools; or USB drives.

E. "VA" means the U.S. Department of Veterans Affairs and its predecessor the Veterans' Administration.

F. "VA facility" means any location where the VA offers services to veterans, including but not limited to regional offices, intake centers, hospitals, medical centers, clinics, or cemeteries.

G. "Defendant," the "United States," "you," or "your" means the United States of America, and any of your respective departments, agencies, agents, employees, officers, or representatives acting on your behalf or under your control, including but not limited to the VA and its respective agents, employees, and officers.

H. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural, and vice-versa.

I. "Request" and "Requests" mean and are limited to the numerical requests set forth in this motion for production of documents.

J. "Copies of" means authentic duplicates of the originals as noted, kept, maintained, and organized by the Defendant.

## III. DOCUMENT REQUESTS

1. All formal and informal complaints, documents, records, or other communications received by the VA from any source, including veterans, veterans organizations, civil rights groups, elected officials and their staff, or otherwise, regarding racial disparities in and/or related to VA housing, education, or disability compensation benefits.

2. All documents or records related to any internal investigation, audit, or review of racial disparities in VA housing, education, or disability compensation benefits.

3. All communications, records, or documents regarding racial disparities in the administration of VA housing, education, or disability compensation benefits.

4. All documents or records identified in, referenced, or relied upon by Defendant in its responses to Plaintiff's First Set of Interrogatories to Defendant United States of America, regardless of the document's date.

5. All communications, documents, or records that analyze, describe, discuss, mention, or relate to the racial composition of applicants for housing, education, and/or disability benefits received or processed by VA.

6. All records or documents regarding or related to required training and/or supervision in the following areas by individuals responsible for processing and/or adjudicating claims for VA housing, education or disability compensation benefits:
    a. Discrimination, unconscious bias, cultural competence, and/or diversity;
    b. Whether or how to weigh, consider, or interpret the following characteristics of applicants for housing, education, and/or disability benefits: race, ethnicity, amount of income, source of income, employment status, education level, and/or rank on date of discharge.

7. All records or documents provided during or used in universal initial trainings for Veteran Service Representatives or VA employees in equivalent predecessor positions, including but not limited to Powerpoint presentations, booklets, and online training modules, regarding or related to the following areas:
    a. Housing, education, and/or disability compensation benefits entitlement determinations;
    b. Character of discharge determinations;
    c. Disability rating determinations.

8. All documents or records that analyze, describe, discuss, mention, or relate to the relationship between claims outcomes and the following racially correlated characteristics of applicants for housing, education, and/or disability benefits: amount of income, source of income, employment status, education level, character of discharge, rank on date of discharge, and/or VA facilities through which the application was processed.

9. All documents or records that describe, discuss, mention, or relate to data collection and retention practices in VA's housing, education, and disability compensation benefits programs.

10. Unredacted copies of all documents and records identified as responsive to FOIA request # 21-08617-F and withheld under any purported FOIA exemption. The interim response cover letters sent by VA in response to this FOIA request are attached as Exhibit A.

11. Unredacted copies of all documents and records that relate to the document titled "PTSD Grant Rate Analysis" dated July 19, 2017 that was sent by Mark Seastrom to Mike Frueh on August 27, 2017 as an attachment to an email with the subject "RE Discussion on PTSD and Racial Ethnic Breakdown," including prior drafts of and correspondence regarding this document. A copy of this document and the email to which it was attached are attached as Exhibit B.

12. Unredacted copies of all documents and records that relate to the meeting attended by Mike Frueh, Mark Seastrom, and other VA officials or staff at 1800 G St., Suite 520, Washington, DC 20006 at 9:30 am on August 28, 2017, at which racial disparities in PTSD cases were discussed.

Dated: March 13, 2023

Respectfully yours,

/s Michael J. Wishnie
Michelle Fraling, Law Student Intern
Rebecca Harris, Law Student Intern
Adam Henderson, Law Student Intern
Beatrice Pollard, Law Student Intern
Claire Sullivan, Law Student Intern
Michael Sullivan, Law Student Intern
Michael J. Wishnie, Supervising Attorney, ct27221
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
 (203) 432-4800

*Counsel for Plaintiff*