## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CONLEY F. MONK, Jr.,                          :
    *Plaintiff,*                                 :
                                                 :
    v.                                           :        No. 3:22-cv-1503 (JBA)
                                                 :
THE UNITED STATES OF AMERICA,                 :        May 2, 2023
    *Defendant.*                                 :

### <u>REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY</u>

A stay is appropriate in this case because: (A) the parties do not dispute that the United States' arguments to dismiss the case, if successful, would result in the Court lacking subject matter jurisdiction over Plaintiff's entire case; (B) Plaintiff's opposition reveals that he intends to seek even more discovery than is currently disclosed, and thus the burden on the Defendant without a stay will be even greater than previously articulated; and (C) a stay of discovery does not impose any unfair or undue prejudice on the Plaintiff, as demonstrated by his own motion to extend his deadline to respond to the Defendant's motion to dismiss.  Moreover, a stay at this juncture is in the interests of judicial economy.

The United States notes that, to date, both parties have been responsive and accommodating with respect to matters of case administration. For example, each party has consented to the other's request for extension of time.[1] In the same vein, in March 2023, the parties held a Rule 26(f) discovery conference, despite the United States' position that this case is exempt from discovery, including with respect to initial disclosures. *See* Joint Report of FRCP 26(f) Conference at 5, 6-7, 10, ECF No. 19 ("Joint Rep."). At the conference, counsel for the

---

[1] In January 2023, Plaintiff consented to the United States' request to file its response to the complaint on March 31, 2023. *See* ECF No. 17. The United States recently consented to Plaintiff's request for a forty-five-day extension to file his objection to the United States' motion to dismiss. *See* ECF No. 26.

United States invited counsel for the Plaintiff to explain how Plaintiff's present claim is independent of Plaintiff's earlier claims for VA benefits. The United States thereafter filed a motion to dismiss and a motion to stay discovery because this core jurisdictional issue, among other jurisdictional issues, is entirely disputed.

### A.    Defendant's motion is strong and the parties agree on what is at stake.

Critically, Plaintiff does not dispute the premises of Defendant's arguments: that a court lacks jurisdiction over claims that are precluded by the VJRA and/or over claims for which the FTCA does not waive the United States' sovereign immunity. The Plaintiff does not attempt to argue that the Court, if it lacks jurisdiction due to the VJRA and/or does not have jurisdiction under the FTCA, has any other kind of jurisdiction over this case.

### 1.    Plaintiff offered no response to analogous VJRA cases where courts granted a stay of discovery.

Plaintiff's objection fails to respond to the cases Defendant cited in support of its argument that "[c]ourts commonly stay civil discovery in cases where the government argues that the court lacks jurisdiction pursuant to the VJRA." *See* Mem. in Supp. Of Mot. to Stay Discovery, at 6, ECF No. 24-1 ("Mot. to Stay"). Plaintiff has effectively conceded that a stay of discovery is generally granted under the present circumstances.

Indeed, one of the very cases Plaintiff cited in his opposition brief adds to this weight of authority and supports Defendant's position. *See* Pl.'s Brief in Opp. to Def.'s Mot. to Stay Discovery, at 7, ECF No. 28 ("Opp."). (citing *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012). Prior to the appeal in *Veterans for Common Sense*, the case was in federal district court. There, the *court granted the government's motion to stay discovery* pending the district court's decision on the government's motion to dismiss, which invoked § 511(a) subject

matter jurisdiction issues. *See Veterans for Common Sense v. Nicholson*, No. C-07-3758 SC, 2008 WL 114919, at *1 (N.D. Cal. Jan. 10, 2008).

Thus, plaintiff has done nothing to show that the rulings granting stays in *Veterans for Common Sense v. Nicholson/Shinseki*, *Jones v. Nicholson*, and *Brown v. Department of Veterans Affairs*, do not compel the same result here.

### 2.    Plaintiff has not disputed that Defendant's arguments, if successful, mean the Court lacks jurisdiction.

While Plaintiff disputes *whether* his claim is properly characterized under the VJRA's preclusion, he does not dispute that the VJRA's preclusion provisions, if applicable, divest district courts of jurisdiction. *See* Opp. at 7 (citing *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012) and *Littlejohn v. U.S.*, 321 F.3d 915, 921 (9th Cir. 2003)).

The two cases Plaintiff cites support Defendant's position. *Cf.* Opp. at 7. First, the cases agree that the VJRA is a jurisdiction-stripping statute. In *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012), an appeal on the merits, the Ninth Circuit acknowledged that "the VJRA supplies two independent means by which we are disqualified from hearing veterans' suits concerning their benefits . . . Together, these provisions demonstrate that Congress was quite serious about limiting our jurisdiction over anything dealing with the provision of veterans' benefits." *Id.* at 1022-23. The court then engaged in a detailed analysis and concluded that certain claims were indeed precluded, but others were not. *Id.* at 1026-37. Likewise, in *Littlejohn v. U.S.*, the court "recognize[d] that 38 U.S.C. § 7292(c) designates the Federal Circuit as the only Article III court with jurisdiction to hear challenges to VA determinations regarding disability benefits and this review is limited by § 511." *Littlejohn*, 321 F.3d at 921 (9th Cir. 2003).

Similarly, Plaintiff does not dispute that the FTCA limits its waiver of the United States' sovereign immunity to a subset of conceivable torts, although he does dispute that the Defendant's citation to Second Circuit and district court precedent from the last twenty-five years respecting the "private analogue" rule is persuasive in light of a seventy-year-old Supreme Court case,[2] Opp. at 8. And, Plaintiff's opposition brief does not suggest that any statute other than the FTCA provides jurisdiction over his claims.

Furthermore, Plaintiff appears to misunderstand Defendant's arguments respecting FOIA-protected information. *See* Opp. at 14. Defendant acknowledges that in a valid FTCA or other civil claim, for which the court has jurisdiction, a plaintiff may be entitled to information through civil discovery that was not available through FOIA. But Plaintiff's argument puts the cart before the horse. If indeed the Court eventually determines there is no jurisdiction over Plaintiff's claims, but in the meantime the Plaintiff is allowed to compel the Defendant through civil discovery to disclose information that FOIA protected, Plaintiff would be permitted an end-

---

[2] In critiquing Defendant's motion to dismiss with respect to the FTCA's private analogue rule, Plaintiff suggests that the Defendant ignored the Supreme Court's rulings in *Indian Towing Co. v. U.S.*, 350 U.S. 61 (1955) and *U.S. v. Olson*, 546 U.S. 43, 43 (2005). To the contrary, the authorities on which the Defendant relied in its motion to dismiss were well-aware of *Indian Towing* and *Olson*, but nevertheless dismissed claims for failing to show a private analogue. *See* Mot. to Dismiss at 25-32 (arguing no private analogue and citing Second Circuit and District Court authority); *see also, e.g.*, *McGowan v. United States*, 825 F.3d 118, 126-27 (2d Cir. 2016) (discussing *Olson*; dismissing plaintiff's claim for lack of private analogue); *Dorking Genetics v. United States*, 76 F.3d 1261, 1266 (2d Cir. 1996) (discussing *Indian Towing*; dismissing plaintiff's claim for lack of private analogue); *Akutowicz v. United States*, 859 F.2d 1122, 1125 (2d Cir. 1988) (same); *Ojo v. United States*, No. 20-cv-4882 (MKB), 2022 WL 4091011, at *4 (E.D.N.Y. Sept. 6, 2022), *appeal dismissed* (Nov. 21, 2022) (citing *Olson*; dismissing plaintiff's claim for lack of private analogue); *Storms v. United States*, No. 13-cv-811 MKB, 2015 WL 1196592, at *18 (E.D.N.Y. Mar. 16, 2015) (same); *Figueroa v. United States*, 739 F. Supp. 2d 138, 141 (E.D.N.Y. 2010) (discussing *Olson* at length; dismissing plaintiff's claim for lack of private analogue).

run around FOIA despite having no entitlement to the information. Such discovery should not be permitted unless and until the Court agrees there is jurisdiction for his claim.

### 3.    In ruling on a request to stay discovery, courts in this district consider whether the defendant's motion is potentially dispositive.

Plaintiff's charge that Defendant has "introduced" a "potentially dispositive" standard by citation to out-of-district authority is without merit. *See* Opp. at 6 n.1. When weighing a motion to stay, courts in this district, as in various federal district courts in New York (a state also within the Second Circuit), have considered whether a pending motion to dismiss is "potentially dipositive." *See, e.g.*, *Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-cv-01765 (CSH), 2018 WL 1960112, at *3 (D. Conn. Apr. 26, 2018) (noting that "[d]efendants' motion to dismiss is potentially dispositive"). In *Johnson v. Gonzalez*, No. 3:21-cv-585 (CSH), 2023 WL 2770684 (D. Conn. Apr. 4, 2023), the court found that the first factor (strength of the defendant's motion) did not weigh in favor of either party in part because "[d]efendants would need to prevail on *nearly all* of their arguments to result in the [a]mended [c]omplaint being dismissed in its entirety." *Id.* at *4 (emphasis added). In contrast to *Johnson*, here, Defendant needs to prevail on *only one* of its arguments for the complaint to be entirely dismissed.

### 4.    Plaintiff's unilateral characterization of his claim does not create jurisdiction where none exists under federal law, nor does it impose any obligation on the Defendant.

In *Negrete v. Citibank, N.A.*, No. 15-cv-7250, 2015 WL 8207466 (S.D.N.Y. Dec. 7, 2015), the court granted a stay of discovery while declining to weigh the merits of a dispositive

5

motion. *Id.* at *2.[3] Respectfully, the United States will not use this reply brief in support of its *motion to stay* to fully articulate why Plaintiff's arguments critiquing the *strengths* of the *motion to dismiss* are not persuasive, *see* Opp. at 5-10. However, Plaintiff's unilateral characterization of his claim does not create jurisdiction where federal law does not provide jurisdiction. Plaintiff continues to assert that his claim arises in *tort*, Opp. at 6-8, while admitting that his alleged harm flows from the VA "*administering benefits.*" Opp. at 2 (emphasis added); *see also* Complaint ¶ 111, ECF No. 1 (alleging harm from the VA's "negligent administration of housing, education, and disability benefits"). It is clear that, to rule for Plaintiff, the Court would have to review the VA's benefits determinations respecting Plaintiff. It would be impossible for the Court to calculate damages without reviewing benefits determinations. And, stated most simply, Plaintiff would not have an injury here if he had not suffered adverse benefit decisions. Plaintiff may call it a "tort," but the present case is a claim respecting benefits, however labeled.

In the same vein, Plaintiff's unilateral decision to issue initial disclosures and treat this like a run-of-the-mill tort case does not create a reciprocal obligation in the United States, especially when the Defendant has asserted protections from such compulsion, as provided by the Federal Rules of Civil Procedure. Rule 26 specifically provides that "A party must make [] initial disclosures . . . *unless a party objects during the [Rule 26(f)] conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan.*" Fed. R. Civ. P. 26(a)(1)(C) (emphasis added). After stating such objection, the party is

---

[3] Contrary to Plaintiff's critique, Opp. at 6 n.1, judges of this district have cited both *Negrete* and *Transunion* as persuasive authority regarding motions to stay. *See, e.g.*, *Atkinson v. Facebook, Inc.*, No. 3:19-cv-1785 (VLB, JCH), ECF No. 20 (Bryant, J.) (D. Conn. Jan. 22, 2020) (citing *Negrete* for the standard for a motion to stay); *Cuartero v. United States*, No. 3:05-cv-1161 (RNC), 2006 WL 3190521, at *2, 5 (D. Conn. Nov. 1, 2006) (citing *Transunion* and granting a stay).

relieved from making initial disclosures unless the court overrules the objection. *See id.* Here, the Defendant noted its objection to initial disclosures in the parties' Rule 26(f) report. Joint Report of FRCP 26(f) Conference at 5, 6-7, 10, ECF No. 19 ("Joint Rep.") ("Defendant asserts that, to the extent Plaintiff was injured at all, his injuries are inextricably intertwined with the VA's administrative decisions . . . [and a]ccordingly, initial disclosures are not required or appropriate."). Accordingly, Plaintiff's *sua sponte* decision to serve initial disclosures has no effect on the Defendant.[4]

Respecting his claim being time-barred, Plaintiff for the first time suggests that the government concealed information. *See* Opp. at 9. However, the court docket for the FOIA claim clearly shows that Plaintiff's organization requested data from the VA through FOIA; the parties conferred; Plaintiff's organization received data; and the FOIA plaintiffs withdrew the case because they were satisfied with the VA's production. *See Black Veterans Project v. US. Dept. of Veterans Affairs,* No. 3:21-cv-935 (VLB), Joint Status Report at 1, ECF No. 52 (D. Conn., filed June 13, 2022). To the extent Plaintiff wishes that the VA had affirmatively published the subject data prior to it being requested through FOIA, Defendant is not aware of any statute, regulation, or case law imposing such burden on the VA.

**B.      <u>The burden on Defendant is already substantial and apparently will increase</u>.**

Plaintiff emphasizes the "small" number of requests he has served on Defendant, while citing cases holding that the number of requests is not necessarily indicative of the breadth and burden the requests impose. *See* Opp. at 11-12. Defendant agrees that the number of requests is

---

[4] Neither can Plaintiff create liability or obligation of the Defendant by mischaracterizing the Defendant's briefing and position. Plaintiff's opposition brief characterized, without quoting, statements by the VA and positions taken by the United States. *See, e.g.*, Opp. at 7. The Defendant disputes that Plaintiff's characterizations are accurate and/or that Plaintiff has drawn appropriate legal or factual conclusions from these characterizations. Regardless, these issues are not germane to Defendant's motion to stay discovery.

not dispositive, especially in this case. Here, Plaintiff's requests impose a massive burden on Defendant, specifically because the requests: (a) span almost sixty years, Mot. to Stay at 8; and (b) seek private information relating to thousands of veterans who are not parties to this case, *id.* at 9.

Plaintiff has now disclosed that these already massive requests do not constitute the metes and bounds of all the discovery he plans to serve. *See* Opp. at 11 ("Mr. Monk has not yet served Defendant with the entirety of discovery in this matter."). The requests that Plaintiff already has served constitute an undue burden; adding to them would make the burden even greater.

Federal Rule of Civil Procedure 16 admonishes the Court to "discourage[] wasteful pretrial activities." If indeed the Court lacks jurisdiction over Plaintiff's claims, as Defendant has argued, then Defendant's efforts to provide Plaintiff with discovery would indeed be wasteful. If discovery is not universally stayed in the case, Defendant anticipates significant motions practice will be pursued as disagreements respecting burden, privacy, and proportionality come into focus. Respectfully, a protective order that stays all discovery will promote judicial economy and prevent wasteful pretrial activities for all parties.

   **C.     Plaintiff's preference for expedited discovery should not drive the analysis.**

The Defendant appreciates Plaintiff's preference for immediate discovery due to his age and recent health scare, and the risk that "memories will fade or documents and data will be lost." *See* Opp. at 14. However, these concerns do not justify allowing Plaintiff to circumvent jurisdictional limits clearly established by Congress. This is especially true when (a) Plaintiff himself delayed seeking tort relief from the VA for nearly eight years—from at least March 2014 when he first alleged racial discrimination in a federal lawsuit, until February 2022, when he first filed an administrative tort claim with the VA, *see* Mot. to Dismiss at 33; and (b) Plaintiff

requested a forty-five-day extension to respond to Defendant's jurisdictional arguments, *see* ECF No. 26. Moreover, Plaintiff cannot realistically claim that a stay during the pendency of the motion to dismiss will cause memories to fade, given that so much time has already passed between his discharge from miliary service and the filing of his administrative tort claim—or indeed, from the date sought in discovery (1965) to the present. To the extent Plaintiff is concerned about data or documents being lost, the remedy is not for the Court to compel discovery absent jurisdiction; rather, government practices respecting litigation holds and the Federal Rules of Civil Procedure provide protection and recourse even while a stay of discovery is in effect.

### D.    <u>Conclusion</u>

For all the foregoing reasons, the United States respectfully asks the Court to grant its motion to stay discovery and Rule 26 deadlines until the Court rules on the pending Motion to Dismiss for lack of subject matter jurisdiction, ECF No. 23.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Natalie N. Elicker*
Natalie N. Elicker (ct28458)
ASSISTANT U.S. ATTORNEY
157 Church Street, 25th Floor
New Haven, CT 06510
T: (203) 821-3700
F: (203) 773-5373
Natalie.Elicker@usdoj.gov