UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONLEY F. MONK, Jr., : | |
|    *Plaintiff*, : | |
| : | |
| v. : | No. 3:22-cv-1503 (JBA) |
| : | |
| THE UNITED STATES OF AMERICA, : | May 30, 2023 |
|    *Defendant*. : | |

**DECLARATION**

Pursuant to 28 U.S.C. § 1746, I, Natalie N. Elicker, make the following statements in support of the United States of America's motion to stay discovery:

**1.** Counsel for the Plaintiff and I participated in a telephone conference on February 21, 2023, respecting jurisdiction and discovery, at which time I explained the Defendant's position that discovery is not appropriate in this matter.

**2.** Counsel for the Plaintiff and I additionally exchanged e-mails between March 17 and 22, 2023, respecting Plaintiff's intention to seek discovery.

**3.** On April 25, 2023, Plaintiff's counsel served Defendant's counsel with a notice of deposition and a proposed subpoena for Ms. Margarita Devlin, a high-ranking employee of the United States Department of Labor, ordering her to appear for a deposition on June 9, 2023, in Washington, D.C.

**4.** On April 26-27 and May 1-4, 2023, counsel for the parties exchanged e-mails regarding the proposed deposition.

**5.** By e-mail on April 27, 2023, I told Plaintiff's counsel that Plaintiff's intention to depose Ms. Devlin was already addressed by the pending motion to stay discovery, and that Defendant has no intention of producing Ms. Devlin for a deposition unless the Court rules that

discovery should proceed in this matter. I also asked Plaintiff's counsel if they would agree to hold the notice of deposition in abeyance, pending the outcome of the motion to stay.

6. On May 2, 2023, Defendant filed its reply brief (ECF No. 29) in support of its motion to stay all discovery (ECF No. 24), which motion was then fully briefed.

7. On May 4, 2023, I requested to meet and confer with Plaintiff's counsel respecting the deadline for Defendant's responses to Plaintiff's written discovery of March 13, 2023, and the proposed deposition of Ms. Devlin.

8. Counsel for the Plaintiff and I spoke by telephone on May 8, 2023.

9. During the May 8, 2023, telephone call, while maintaining Defendant's global objection that no discovery is appropriate in this case, I additionally:

    a. explained that the briefing schedule for the pending motion to dismiss (ECF No. 23), and other scheduling issues, prevent me from traveling to Washington, D.C., to defend Ms. Devlin's deposition, any time before about June 22, 2023;

    b. noted that, pursuant to the parties' stipulation, the Defendant's responses to Plaintiff's written discovery requests of March 13, 2023, presently were due May 12, 2023, and conveyed the Defendant's request for a 60-day extension of that deadline, until July 11, 2023.

10. On May 9, 2023, by e-mail, Plaintiff agreed to a 30-day extension of the Defendant's deadline to respond to Plaintiff's written discovery, or until June 12, 2023.

11. As a follow-up to the telephone conference, in an e-mail to Plaintiff's counsel on May 10, 2023, I confirmed that:

    a. the Defendant's request for a 60-day extension respecting Plaintiff's written discovery was made in the interests of judicial economy and the parties'

2

resources, in order to both give the Court time to consider the motion to stay and to try to set a more realistic deadline for responses should the Court decide discovery must proceed, and that Defendant anticipated needing to revisit this issue in a few weeks (should the court not grant the motion to stay in the interim), due to Plaintiff's agreement to only 30 days;

    **b.**    Defendant reserves all objections to Ms. Devlin's deposition, except the objection noted in the following bullet;

    **c.**    Defendant waives any objection that Plaintiff should serve Ms. Devlin with a subpoena ad testificandum pursuant to Fed. R. Civ. P. 45, rather than a notice of deposition pursuant to Fed. R. Civ. P. 30;

    **d.**    Defendant intends to move for a protective order regarding the proposed deposition, for the reasons articulated in the pending motion to stay discovery, and also due to Ms. Devlin's lack of personal knowledge of Plaintiff's claims and *Lederman* factors, *i.e.*:

        **i.**    Ms. Devlin did not work on nor decide Plaintiff's application(s) for VA benefits;

        **ii.**    Ms. Devlin did not supervise nor direct any employee who worked on or decided Plaintiff's application for VA benefits;

        **iii.**    Ms. Devlin does not recall the document that Plaintiff filed in opposition to the motion to stay, ECF No. 28-3, which Plaintiff represented was an important area of inquiry for Ms. Devlin's deposition, *see* Obj. to Mot. to Stay at 12 n.5, ECF No. 28;

    **e.**    It is Defendant's position that having moved to stay discovery and filing for a protective order based on Plaintiff's notice of deposition means Defendant is not obligated to produce Ms. Devlin on the date in the notice of deposition;

    **f.**    But that Defendant agreed not to challenge any revised notice of deposition on the basis of counsel's availability, nor Ms. Devlin's availability, if the date in the notice of deposition was one of various articulated dates.

**12.**    On May 11, 2023, Plaintiff's counsel served Defendant's counsel with a notice of deposition for Ms. Devlin for June 23, 2023, one of the articulated dates. *See* Exh. 1, Not. of Rule 30(b)(1) Deposition (May 11, 2023).

**13.**    Thus, while the parties have successfully narrowed some issues respecting the proposed deposition, critical issues remain on which they have not reached agreement.

**14.**    Therefore, I certify that I have conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the government's motion, without the intervention of the Court, and we have been unable to reach such an agreement.

**15.**    Information respecting Ms. Devlin's current and prior employment with the U.S. Department of Labor and the U.S. Department of Veterans Affairs, and her duties and responsibilities in each of her positions, has been provided to me for purposes of responding to the notice of deposition and for preparing this motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

    Executed on May 30, 2023.

    */s/ Natalie N. Elicker*
    Natalie N. Elicker (ct28458)
    ASSISTANT U.S. ATTORNEY