UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONLEY F. MONK, Jr.,  :  *Plaintiff*, : | |
| : | |
| v.  : | No. 3:22-cv-1503 (JBA) |
| : | |
| THE UNITED STATES OF AMERICA,  : *Defendant*.  : | June 28, 2023 |

### NOTICE RE PRE-FILING CONFERENCE

The United States of America files this notice with the Court to identify relevant Second Circuit precedent respecting the procedural posture of this case. In accordance with this precedent, at the forthcoming June 30, 2023, conference, the United States will request that the Court "evaluat[e] the [Defendant's pending] motion to dismiss in light of the facts alleged in the amended complaint" without requiring the Defendant to refile its motion. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 304 (2d Cir. 2020). The request is made to assist the parties and the Court with narrowing the issues presently in dispute, and to prevent any further delay in determining whether the Court has subject matter jurisdiction over Plaintiff Conley F. Monk, Jr.'s, complaint.

**I.    Relevant procedural history**

Plaintiff filed his initial complaint on November 28, 2022. Complaint, ECF No. 1 (Compl.). He sued the United States under the Federal Tort Claims Act (FTCA), *id.* ¶ 15, and alleged that Connecticut supplied the substantive tort law for his claims, *id.* ¶¶ 137, 142, 149. On March 31, 2023, the United States moved to dismiss the complaint for lack of subject matter jurisdiction because, among other issues, the Veterans Judicial Review Act (VJRA) divests this Court of jurisdiction and the FTCA does not waive sovereign immunity for Plaintiff's claims,

which lack a "private analogue" under state substantive law. Mem. in Supp. of Mot. to Dismiss. at 18-32, ECF No. 23-1 (MTD Mem.).[1]

Plaintiff received an extension of time until June 5, 2023, to respond to the motion to dismiss, allowing himself sixty-six days to formulate his response.[2] ECF Nos. 26-27. Rather than file an opposition to the motion to dismiss on June 5, Plaintiff filed an amended complaint. ECF No. 36 (Am. Compl.). On June 6, the Court construed Defendant's March 27, 2023, motion for permission to file a motion to dismiss, ECF No. 22, as a motion for a prefiling conference and granted the request; and set the prefiling conference for June 30, 2023. Order, ECF No. 37.

## II.     Plaintiff's amendments to the complaint

Instead of adding allegations that might attempt to demonstrate how the Court has subject matter jurisdiction over his claims, Plaintiff used his amended complaint to (1) describe additional facts respecting the statistical analysis that he commissioned and completed in 2021, *e.g.*, Am. Compl. ¶¶ 41-43; (2) include generalized references to the tort law of Washington, D.C., *id.* ¶¶ 203-204, 211-212, 221-222; and (3) add claims for two new parties over which he

---

[1] Defendant's motion assumed that Connecticut law supplies the substantive law of the case, MTD Mem. at 28 n.16, but many of its arguments challenging Plaintiff's FTCA claim were independent of Connecticut law's parameters, as more fully explained below.

[2] Defendant filed its motion to dismiss on March 31, 2023. ECF No. 23. On April 5, 2023, the United States Federal District Court for the District of Connecticut issued a press release announcing the retirement of The Honorable Janet Bond Arterton, effective October 15, 2023. The District Court of Connecticut, Press Release (Apr. 5, 2023), *at* https://www.ctd.uscourts.gov/sites/default/files/JBA-Press-Release.pdf. Thus, as of April 5, 2023, the parties were aware that the presiding judge would preside over the case for no more than an additional 194 days, inclusive.

On April 13, 2023, Plaintiff filed a motion (with Defendant's consent) requesting a forty-five-day extension to respond to the Defendant's motion, from April 21 to June 5, 2023. ECF No. 26. The Court granted Plaintiff's request for a forty-five-day extension on April 14, 2023. ECF No. 14. Had Plaintiff filed a substantive opposition to Defendant's motion to dismiss on June 5, the jurisdictional issues in this case would have been fully briefed by June 20, 2023 (permitting Defendant fourteen days and a federal holiday to reply, following Plaintiff's filing).

exerts control—(a) himself, in an additional capacity, and (b) a non-profit organization for which he has served as the director since before commencing his lawsuit in November 2022, *id.* ¶¶ 14-15. The amended complaint also now purports to bring class action claims under the FTCA. *Id.* ¶¶ 195-200.

### III.  Bases for Defendant's request

The amended complaint has failed to cure—and indeed does not even attempt to resolve—the subject matter jurisdiction deficiencies identified in Defendant's pending motion to dismiss. Apart from referencing Washington, D.C. as an alternative source of the substantive law of Plaintiff's FTCA claim, the amended complaint fails to alter the legal basis for Plaintiff's claims.[3]

In *Pettaway*, the Second Circuit endorsed the approach the Defendant is requesting this Court to take:

> "[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect." *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000). This rule does not, however, dictate that a pending motion to dismiss is automatically rendered moot when a complaint is amended. District courts in this Circuit have repeatedly explained that, when faced with an amended complaint, they may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as

---

[3] The amended complaint appears to allege additional facts to support Plaintiff's argument that there is a disparity in the administration of veterans' benefits. *See, e.g.*, Am. Compl. ¶¶ 41-43, 64. But these additional factual allegations do not change the legal basis underlying Plaintiff's claims, which is that Plaintiff suffered cognizable harm from the VA's purported negligent administration of federal benefits. *E.g., id.* ¶¶ 11, 55, 187. Similarly, the District Court in *Pettaway* remarked how the plaintiff's amended complaint added factual allegations but did not address the defendant's legal arguments for avoiding liability. *See Pettaway v. Nat'l Recovery Solutions*, No. 1:19-cv-1328 (GBD), 2019 WL 13243083, at *4 (S.D.N.Y. May 20, 2019) ("Plaintiff argues that her amended complaint moots Defendants' motion to dismiss and subsequent [] letter motion. Though the amended complaint adds more detail to Plaintiff's factual allegations, Plaintiff fails to demonstrate how her edits contravene NRS's use of the safe harbor language already adopted by the Second Circuit.") (cleaned up), *aff'd*, 955 F.3d 299 (2d Cir. 2020).

> alleged in the amended pleading. *See, e.g.*, *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016) ("Where a plaintiff seeks to amend his complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.' " (quoting *Hamzik v. Office for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 273–74 (N.D.N.Y. 2012))); *see also id.* (citing cases from the District of Connecticut and the Eastern District of New York for the same proposition).
>
> *This is a sound approach that promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient. We now adopt this rule and hold that* when a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, *the district court has the option of* either denying the pending motion as moot or *evaluating the motion in light of the facts alleged in the amended complaint*.

*Pettaway*, 955 F.3d at 303-04 (emphasis added).

In accordance with the rule confirmed in *Pettaway*, the Defendant respectfully submits that this Court should determine that Plaintiff has waived any further substantive response to Defendant's pending motion to dismiss, ECF No. 23. This is because Plaintiff's purported amended complaint *is his response* to the motion to dismiss; and he should not receive another opportunity to respond, where his first response was without legal consequence.

While Defendant acknowledges that the potential for the substantive law of Washington, D.C. to provide the relevant tort law here was not raised by the initial complaint, and thus was not previously briefed, such allegation does not constitute a substantive response to Defendant's jurisdictional challenges; nor does the potential application of D.C. tort law[4] warrant Defendant

---

[4] How D.C. tort law even *could* apply, when Plaintiff lived in Connecticut throughout the relevant time period, submitted his benefits applications in Connecticut, and had his requests denied by regional offices in the state, is unclear at best; but need not be addressed at this time for the reasons described above.

4

having to file a new motion to dismiss. That is because the potential application of D.C. tort law does not at all resolve the following arguments that Defendant made in its motion to dismiss:

- This Court lacks jurisdiction pursuant to the VJRA (regardless of state tort law), MTD Mem. at 18-25;

- Quasi-adjudicative government functions, such as the VA's decisions in this case, have no private analogue under the FTCA (regardless of state tort law), MTD Mem. at 27-28;

- The complaint does not identify a private analogue because it refers to only generalized torts, unmoored to any specific private duty,[5] MTD Mem. at 28-30;

- Federal law cannot provide the "law of the place" for an FTCA claim (regardless of state tort law), MTD Mem. at 30-32;[6]

- Plaintiff Monk's claims are untimely and barred by the statute of limitations applicable to FTCA claims, MTD Mem. at 33-37.

Thus, Plaintiff's new allegations that D.C. law applies are not actually responsive to Defendant's jurisdictional challenges. No other allegations are responsive, either. Indeed, by not attempting to plead facts or law to overcome Defendant's jurisdictional arguments, Plaintiff has waived his opportunity to substantively respond to Defendant's arguments. Accordingly, Defendant requests that the Court rule that Plaintiff has waived his opportunity to substantively respond, and requests that the Court determine Defendant's previously-filed motion to dismiss without further briefing.

---

[5] The rule is the same even if D.C. tort law applies. In the District Court for the District of Columbia, on a similar claim, the court held that merely invoking "negligence" fails to allege "like circumstances," and therefore fails to allege a private analogue. *See Appleton v. United States*, 180 F. Supp. 2d 177, 182 (D.D.C. 2002) (applying D.C. law) (dismissing FTCA claim for lack of private analogue and noting that to "allege negligence, a complaint cannot merely make conclusory assertions but must specify a negligent act and characterize the duty whose breach might have resulted in negligence").

[6] As in the initial complaint, Plaintiff asserts that the VA's duty to him arises from federal statutory law. *E.g.*, Am. Compl. ¶ 74.

Neither do the allegations respecting new parties compel a different result. As described above, the amended complaint attempts to add two new parties: Plaintiff Monk as the administrator of the estate of his father, Conley Monk, Sr. Am. Compl. ¶ 14; and National Veterans Council for Legal Redress (NVCLR), a membership organization of which Plaintiff Monk is the cofounder and director, *id.* ¶ 15. However, NVCLR was not a party to the initial lawsuit and did not have the Court's permission to have the complaint amended to incorporate its alleged claims, on behalf of itself or any of its members. Although Federal Rule of Civil Procedure 15(a) allows a *party* to amend its pleading, there is no such latitude offered to nonparties. *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading. . ."), (a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave"). Although Plaintiff Monk has been a party throughout, he has been a party only in his *personal* capacity; the amended complaint attempts to include claims based on his alleged capacity as the administrator of his father's estate. Am. Compl. ¶ 14. Nothing prevented these parties from participating at the outset of the case, either individually or through the purported class as alleged, and serious questions abide respecting whether they are proper parties to the amended complaint. Further, the decision not to join these parties at the outset and to instead add them in an amended complaint months after the case was initiated, after the United States filed a motion to dismiss and without addressing the jurisdictional arguments in that motion, only contributes to delay the resolution of this matter—something Plaintiff Monk has previously expressed a desire to avoid.

Whether they are proper parties or not, the claims of the new parties fail for the exact same reasons as those in Plaintiff's initial complaint. Although additional bases for dismissal exist as to these parties' claims, it would be a waste of the parties' and the Court's resources for

the parties to further address the various deficiencies respecting these parties at this time, unless and until the subject matter jurisdiction issues are resolved. To the extent that the Court ultimately does not agree that subject matter jurisdiction is lacking, the United States requests the right to address the additional bases for dismissal, including with respect to the new parties and purported class action claims, at a later date.

**IV.     Conclusion**

Therefore, the Defendant requests that the Court evaluate Defendant's motion to dismiss in light of Plaintiff's amendments, but allow Plaintiff no further briefing on the subject matter jurisdiction issues before the Court.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Natalie N. Elicker*
Natalie N. Elicker (ct28458)
ASSISTANT U.S. ATTORNEY
157 Church Street, 25th Floor
New Haven, CT 06510
T: (203) 821-3700
F: (203) 773-5373
Natalie.Elicker@usdoj.gov