## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CONLEY F. MONK, JR. ET AL.,  :  No. 3:22-cv-1503(SRU)
 *Plaintiffs*,       :
            :
v.           :
            :
THE UNITED STATES OF AMERICA, :  APRIL 5, 2024
 *Defendant*.       :

## <u>USA'S MOTION FOR EXTENSION OF TIME – DISCOVERY, RULE 26, AND PLEADING DEADLINES</u>

Defendant United States of America ("Defendant" or the "Government") hereby respectfully moves for a 60-day extension of all case deadlines, to include discovery, in this matter. Good cause exists for the requested extension; as shown by the particular circumstances described below, the time limitations in question cannot reasonably be met despite Defendant's diligence. *See* D. Conn. L. Civ. R. 7(b)(1).

This Court denied the Government's motions to dismiss (ECF No. 23) and motion for protective order (ECF No. 34) via orders entered on March 29, 2024. *See* ECF Nos. 83, 84. As a result of the Court's orders, Defendant presently has a deadline of April 12, 2024, to answer the complaint; and April 28, 2024, to respond to Plaintiffs' discovery requests. Defendant has additional obligations with respect to Federal Rule of Civil Procedure 26 as well. The proposed new deadlines are:

- **June 11, 2024**, for Defendant's answer to the complaint;

- **June 27, 2024**, for Defendant's objections and responses to Plaintiffs' discovery requests;

- All other deadlines, such as the deadlines imposed by Fed. R. Civ. P. 26, or Local Rule 7(c) or 26, would **run from May 28, 2024**, rather than from

March 29, 2024.

This is Defendant's first request for extension of the foregoing deadlines.

As detailed further below, Defendant requires the requested additional time to complete its internal review and make any motion required for appeal; to answer the complaint; and to respond to the discovery requests, to permit the below-described review process to proceed, and to permit counsel sufficient opportunity to meet and confer with their client agency(ies) and with Plaintiffs' counsel regarding discovery.

The Court's memorandum of decision denying the Government's motion to dismiss (ECF No. 83) is presently under review by the Department of Justice (the "Department" or "DOJ"). The Department's review process requires approximately sixty (60) days.[1]

Discovery in this case will be burdensome and expensive. Plaintiffs have sought fifty-nine (59) years' (1965 – present) worth of information, documents, and records, including formal and informal complaints, internal investigations, communications, training materials, and data, regarding all of the Veterans Benefits Administration's programs, including housing, education, and disability compensation. *See* Pl.'s First Req. for Prod. to Def. United States of America dated Mar. 13, 2023 (attached as **Exhibit A**) at 3-4. Additionally, Plaintiffs seek unredacted documents from a previous Freedom of Information Act ("FOIA") request (#21-08617-F) that VA withheld in part pursuant to various FOIA exemptions. *See id.* at ¶ 10. *Inter alia*, undersigned counsel must meet and confer with Plaintiffs' counsel regarding the scope of the requests, which are voluminous and unduly burdensome in their present form such that they would cripple the agency's recordkeeping departments, in addition to being cost-prohibitive; negotiate parameters

---

[1] Sixty days is the amount of time generally available to a party to appeal an order in a case where the United States is a party. *See* Fed. R. App. P. 4(a)(1)(B)(i).

for reasonable E-Discovery; and obtain and review initial data culls, to include the need for potentially engaging with an outside vendor. At the same time, primary counsel AUSA Natalie Elicker is away on detail to the Executive Office for United States Attorneys and unavailable to work on the case. Undersigned counsel this week has begun to assume Attorney Elicker's duties.

In light of these circumstances, Defendant respectfully requests an extension of sixty (60) days to complete its internal review regarding whether to pursue review of the decision; to answer the complaint; and to serve objections and responses to Plaintiffs' discovery requests, to permit the aforementioned review process to proceed, and to permit counsel sufficient opportunity to meet and confer with their client, and with Plaintiffs' counsel, respecting the discovery.

Pursuant to Local Rule 7(b), Defendant contacted counsel for Plaintiffs, Attorneys Rock, Wishnie, Friedlander, Benjamin, Salahi, and Seaman-Grant, to obtain Plaintiffs' position on the motion. Counsel did not respond, but Defendant received an email from Yale intern Olu Oisaghie stating that Plaintiffs do not consent to Defendant's motion.

The motion is filed at least three business days before the first known deadline. *See* Local Rule 7(c).

For all the foregoing reasons, Defendant moves the Court to extend case deadlines for sixty (60) days as follows:

- **June 11, 2024**, for Defendant's answer to the complaint;

- **June 27, 2024**, for Defendant's objections and responses to Plaintiffs' discovery requests;

- All other deadlines, such as the deadlines imposed by Fed. R. Civ. P. 26, or Local Rule 7(c) or 26, would **run from May 28, 2024**, rather than from March 29, 2024.

<div style="margin-left:40%">

DEFENDANT,
UNITED STATES OF AMERICA

By: VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Jillian Rose Orticelli*
Jillian Rose Orticelli (ct28591)
Assistant United States Attorney
450 Main Street, Rm. 328
Hartford, CT  06103
Tel.: (860) 947-1101
Fax: (860) 760-7979
Email: Jillian.Orticelli@usdoj.gov

</div>

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

CONLEY F. MONK JR.,

*Plaintiff,*

v.

UNITED STATES OF AMERICA,

*Defendant.*

Civil Action No. 3:22-cv-1503 (JBA)

March 13, 2023

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT UNITED STATES OF AMERICA

To: The United States of America, by and through its attorney of record, Natalie N. Elicker, United States Attorney, 157 Church Street, New Haven, CT

### I.  Instructions

1.      Pursuant to Rule 34 of the Federal Rules of Civil Procedure (FRCP), Plaintiff submits the following request for production of documents from the United States of America. Plaintiff requests that Defendant produce for inspection, copying, and use all responsive documents requested herein within thirty (30) days after the date of certification of service of these discovery requests.

2.      Pursuant to FRCP 34(a), Plaintiff acknowledges that these requests are limited to the scope of FRCP 26(b), and requests that when Defendant is unable to produce certain documents because they fall outside such scope, Defendant shall provide an explanation as to the reason(s) why the documents fall outside the scope of the request.

3.      If certain requests are duplicative of previous requests to which documents have already been produced, Defendant need not reproduce such documents. Plaintiff requests that the Defendant provide notice that such documents are among those already produced.

4.      Pursuant to FRCP 34(b)(2)(E), Plaintiff requests that when Defendant produces the requested documents, including electronically stored information (ESI), Defendant will produce such documents or ESI as they are kept in the usual course of business or will organize and label them to correspond to the categories in the request.

5.      Plaintiff requests that Defendant make a good faith effort to produce any and all requested documents that are readily ascertainable from Defendant United States of America.

6.      All requests are for the time period from 1965 through present, unless otherwise specified.

## II.  **DEFINITIONS**

The terms used in these Requests for Production have the meanings set forth in D. Conn. Local Rule 26(c). In addition, as used in these Requests for Production:

A.      "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

B.      "Discussion," "discussions," "discuss," "mention," "mentions," "describe," "describes," "analyze," or "analyzes" mean any and all inquiries, conferences, conversations, negotiations, agreements or other forms or methods of oral communication or such dialogue sent via e-mail, facsimile, letter, telegram, or other written communication.

C.      "Record," "records," and "written correspondence" mean all data, papers, and books, transcriptions, pictures, drawings or diagrams, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including written papers or memoranda which summarize oral conversations, whether in your actual or constructive possession or under your control or not, relating or pertaining in any way to the subject matters in connection which it is used, and includes originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail (e-mail); text (SMS) messages; messages sent via social media sites or messaging applications including but not limited to Twitter, Facebook, and WhatsApp; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; spreadsheets; electronically stored information (ESI) and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English.

D.      "Electronically stored information" and "ESI" means any information on operational systems including accounting, financial, distribution, or manufacturing systems; email; instant messages (IM); web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (e.g., Access); erased, fragmented or damaged data; Blackberry data; and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes;

2

magnetic disks (hard drive, floppy disks, etc.); proprietary data systems; smart phones; cell phones; IM tools; or USB drives.

   E.  "VA" means the U.S. Department of Veterans Affairs and its predecessor the Veterans' Administration.

   F.  "VA facility" means any location where the VA offers services to veterans, including but not limited to regional offices, intake centers, hospitals, medical centers, clinics, or cemeteries.

   G.  "Defendant," the "United States," "you," or "your" means the United States of America, and any of your respective departments, agencies, agents, employees, officers, or representatives acting on your behalf or under your control, including but not limited to the VA and its respective agents, employees, and officers.

   H.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural, and vice-versa.

   I.  "Request" and "Requests" mean and are limited to the numerical requests set forth in this motion for production of documents.

   J.  "Copies of" means authentic duplicates of the originals as noted, kept, maintained, and organized by the Defendant.

### III. <u>DOCUMENT REQUESTS</u>

   1.  All formal and informal complaints, documents, records, or other communications received by the VA from any source, including veterans, veterans organizations, civil rights groups, elected officials and their staff, or otherwise, regarding racial disparities in and/or related to VA housing, education, or disability compensation benefits.

   2.  All documents or records related to any internal investigation, audit, or review of racial disparities in VA housing, education, or disability compensation benefits.

   3.  All communications, records, or documents regarding racial disparities in the administration of VA housing, education, or disability compensation benefits.

   4.  All documents or records identified in, referenced, or relied upon by Defendant in its responses to Plaintiff's First Set of Interrogatories to Defendant United States of America, regardless of the document's date.

   5.  All communications, documents, or records that analyze, describe, discuss, mention, or relate to the racial composition of applicants for housing, education, and/or disability benefits received or processed by VA.

6.     All records or documents regarding or related to required training and/or supervision in the following areas by individuals responsible for processing and/or adjudicating claims for VA housing, education or disability compensation benefits:

    a.     Discrimination, unconscious bias, cultural competence, and/or diversity;

    b.     Whether or how to weigh, consider, or interpret the following characteristics of applicants for housing, education, and/or disability benefits: race, ethnicity, amount of income, source of income, employment status, education level, and/or rank on date of discharge.

7.     All records or documents provided during or used in universal initial trainings for Veteran Service Representatives or VA employees in equivalent predecessor positions, including but not limited to Powerpoint presentations, booklets, and online training modules, regarding or related to the following areas:

    a.     Housing, education, and/or disability compensation benefits entitlement determinations;

    b.     Character of discharge determinations;

    c.     Disability rating determinations.

8.     All documents or records that analyze, describe, discuss, mention, or relate to the relationship between claims outcomes and the following racially correlated characteristics of applicants for housing, education, and/or disability benefits: amount of income, source of income, employment status, education level, character of discharge, rank on date of discharge, and/or VA facilities through which the application was processed.

9.     All documents or records that describe, discuss, mention, or relate to data collection and retention practices in VA's housing, education, and disability compensation benefits programs.

10.     Unredacted copies of all documents and records identified as responsive to FOIA request # 21-08617-F and withheld under any purported FOIA exemption. The interim response cover letters sent by VA in response to this FOIA request are attached as Exhibit A.

11.     Unredacted copies of all documents and records that relate to the document titled "PTSD Grant Rate Analysis" dated July 19, 2017 that was sent by Mark Seastrom to Mike Frueh on August 27, 2017 as an attachment to an email with the subject "RE Discussion on PTSD and Racial Ethnic Breakdown," including prior drafts of and correspondence regarding this document. A copy of this document and the email to which it was attached are attached as Exhibit B.

12.     Unredacted copies of all documents and records that relate to the meeting attended by Mike Frueh, Mark Seastrom, and other VA officials or staff at 1800 G St., Suite 520, Washington, DC 20006 at 9:30 am on August 28, 2017, at which racial disparities in PTSD cases were discussed.

Dated: March 13, 2023

Respectfully yours,

<u>/s Michael J. Wishnie</u>
Michelle Fraling, Law Student Intern
Rebecca Harris, Law Student Intern
Adam Henderson, Law Student Intern
Beatrice Pollard, Law Student Intern
Claire Sullivan, Law Student Intern
Michael Sullivan, Law Student Intern
Michael J. Wishnie, Supervising Attorney, ct27221
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520
 (203) 432-4800

*Counsel for Plaintiff*

# EXHIBIT A



October 1, 2021


**Via Email:** michael.wishnie@ylsclinics.org

Michael Wishnie
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520-9090

Re:  Freedom of Information Act Tracking Number **21-08617-F**

Dear Mr. Wishnie:

This is the Initial Agency Decision (IAD) for your Freedom of Information Act (FOIA) request to the Department of Veterans Affairs (VA), Veterans Benefits Administration (VBA) dated August 5, 2021, in which you are seeking:

1.  All records pertaining to each and every daily morning meeting held by the Undersecretary for Benefits between August 1, 2017, and November 30, 2017, to include agendas, minutes, handouts, presentational materials, slides, memoranda, email, or any other records regarding each meeting, including but not limited to those records kept or maintained by the Chief of Staff and Deputy Chief of Staff, Veterans Benefits Administration.

2.  All email communications dated between June 1, 2017, and December 31, 2017, which contain the phrases "race", "racial", "racism", "racist", "ethnic", "ethnicity", "ethnicities", "minority", "minorities", "white", "Black", "Caucasian", "African American", "religion", "religious", "national origin", "gender", "sex", "sexual", "sexuality", "sexualities", "orientation", "discriminat", "discriminate", "discrimination", "discriminatory", "disparity", "disparate", "morning meeting", or "daily meeting", sent by or to (including the "CC" or "BCC" line) any of the following individuals:

    a. Thomas J. Murphy, then-Acting Under Secretary for Benefits
    b. James E. Manker, Jr., then-Principal Deputy Under Secretary for Benefits
    c. Michael J. Frueh, then-Chief of Staff, VBA
    d. Brandye Terrell, then-Deputy Chief of Staff, VBA
    e. Michael McNeal, then-Director, Office of Strategic Planning, VBA
    f. Robert T. Reynolds, then-Deputy Under Secretary for Disability Assistance, VBA
    g. Beth Murphy, then-Director, Compensation Service, VBA
    h. Margarita Devlin, then- Executive Director, Benefits Assistance Service, VBA
    i. Curtis L. Coy, then-Deputy Under Secretary for Economic Opportunity, VBA
    j. Willie Clark, then-Deputy Under Secretary for Field Operations, VBA
    k. Robert M. Waltemeyer, then-Director of the Office of Management, VBA
    l. Christopher Grigsby, then-Deputy Director of the Office of Management, VBA
    m. Ervin Pearson, then-Acting Director, Office of Resource Management, VBA
    n. Mark Seastrom, then-Director, Office of Performance, Analysis, and Integrity, VBA

Page 2.

3.  Any reports, memoranda, analyses, handouts, presentational materials, data sets, or other records prepared by, for, or with the Benefits Assistance Service, Veterans Benefits Administration between June 1, 2017 and December 31, 2017 which contain any reference to or are otherwise related to disparities in VBA adjudications or any other agency decision, process, program, or benefit on the basis of race, ethnicity, national origin, gender, gender identity, sexual orientation, or religion.

I received the first production of emails from the Department of Veterans Affairs (VA), Office of Information and Technology, IT Operations and Services (ITOPS) on September 17, 2021. ITOPS is the appropriate VA Office to retrieve historical email records.  The search was conducted using phrases contained in item #2.  ITOPS provided a total of **1,010** emails.  The search yielded **506** emails for Curtis McCoy for the period June 1, 2017 to December 31, 2017; and **504** emails for Margarita Devlin from June 1, 2017 to December 31, 2017.

We have determined that none of the emails reviewed are responsive to the request.  We are therefore providing a 'no records' response for these two individuals from your item #2 list. Courts have determined the reasonableness of an agency's search can depend on whether the agency properly determined where responsive records were likely to be found and searched those locations.   [*See* Iacoe v. IRS, No. 98-C-0466, 1999 WL 675322, at *4 (E.D. Wis. July 23, 1999) (recognizing that agency diligently searched for the records requested in those places where [agency] expected they could be located")].

VBA will continue our review of custodian's emails extracted by ITOPs and provide releases of responsive records to you on a rolling basis.

***Please note that the three parts of your records request will require the need to search for, collect, and examine a voluminous amount of records demanded in a single request. Following an initial determination on your request, VA anticipates that rolling production of records will be required.***

This concludes our response to your FOIA request.  If you disagree with my determination, please be advised you may appeal to:

<div align="center">

**Office of the General Counsel (024)**
Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, D.C.  20420
Email:  ogcfoiaappeals@va.gov

</div>

If you should choose to file an appeal, your appeal must be postmarked or electronically transmitted no later than ninety (90) calendar days from the date of this letter.  Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.

Page 3.

In addition to filing an appeal with the Office of General Counsel regarding my determination, you may also seek assistance and/or dispute resolution services regarding your FOIA request from VBA's FOIA Public Liaison and/or Office of Government Information Services (OGIS) as provided below:

**VA FOIA Public Liaison**
Email Address:        foia.vbaco@va.gov

**Office of Government Information Services (OGIS)**
Email:  ogis@nara.gov
Fax:     (202) 741-5769
Mailing address:  Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road
College Park, MD  20740-6001

Thank you for your interest in the Department of Veterans Affairs. Customer service is very important to us. If you have questions regarding this letter, please feel free to contact me via email at Gwendolyn.smith1@va.gov.

Sincerely yours,

*Gwen Smith*

Gwendolyn Smith
FOIA/PA Program Analyst



October 7, 2021

**Via Email:** michael.wishnie@ylsclinics.org

Michael Wishnie
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520-9090

Re:  Freedom of Information Act Tracking Number **21-08617-F**

Dear Mr. Wishnie:

This is the first Interim release letter for your Freedom of Information Act (FOIA) request to the
Department of Veterans Affairs (VA), Veterans Benefits Administration (VBA) dated August 5,
2021, in which you are seeking:

1.  All records pertaining to each and every daily morning meeting held by the Undersecretary
for Benefits between August 1, 2017, and November 30, 2017, to include agendas, minutes,
handouts, presentational materials, slides, memoranda, email, or any other records regarding each
meeting, including but not limited to those records kept or maintained by the Chief of Staff and
Deputy Chief of Staff, Veterans Benefits Administration.

2.  All email communications dated between June 1, 2017, and December 31, 2017, which contain
the phrases "race", "racial", "racism", "racist", "ethnic", "ethnicity", "ethnicities", "minority",
"minorities", "white", "Black", "Caucasian", "African American", "religion", "religious", "national
origin", "gender", "sex", "sexual", "sexuality", "sexualities", "orientation", "discriminat", "discriminate",
"discrimination", "discriminatory", "disparity", "disparate", "morning meeting", or "daily meeting", sent
by or to (including the "CC" or "BCC" line) any of the following individuals:

   a. Thomas J. Murphy, then-Acting Under Secretary for Benefits
   b. James E. Manker, Jr., then-Principal Deputy Under Secretary for Benefits
   c. Michael J. Frueh, then-Chief of Staff, VBA
   d. Brandye Terrell, then-Deputy Chief of Staff, VBA
   e. Michael McNeal, then-Director, Office of Strategic Planning, VBA
   f. Robert T. Reynolds, then-Deputy Under Secretary for Disability Assistance, VBA
   g. Beth Murphy, then-Director, Compensation Service, VBA
   h. Margarita Devlin, then- Executive Director, Benefits Assistance Service, VBA
   i. Curtis L. Coy, then-Deputy Under Secretary for Economic Opportunity, VBA
   j. Willie Clark, then-Deputy Under Secretary for Field Operations, VBA
   k. Robert M. Waltemeyer, then-Director of the Office of Management, VBA
   l. Christopher Grigsby, then-Deputy Director of the Office of Management, VBA
  m. Ervin Pearson, then-Acting Director, Office of Resource Management, VBA
   n. Mark Seastrom, then-Director, Office of Performance, Analysis, and Integrity, VBA

3.  Any reports, memoranda, analyses, handouts, presentational materials, data sets, or other records prepared by, for, or with the Benefits Assistance Service, Veterans Benefits Administration between June 1, 2017 and December 31, 2017 which contain any reference to or are otherwise related to disparities in VBA adjudications or any other agency decision, process, program, or benefit on the basis of race, ethnicity, national origin, gender, gender identity, sexual orientation, or religion.

On Friday, September 24, 2021, a clarification response was received from Jerome N. Frank Legal Services Organization, Yale Law School providing an in-depth understanding of the FOIA request.

- **Clarification:**  Item 1 attempts to capture meetings occurring between high-level staff that discussed benefit disparities and any records relating to such a meeting (including minutes, handouts, and agenda).
- **Clarification:**  Item 2 attempts to capture any emails generated between high-level VBA officials regarding benefits disparities.
- **Clarification:**  Item 3 attempts to capture any analyses or reports generated outside of meeting and email contexts that may have existed solely in hard-copy form.

The Office of Information and Technology, IT Operations and Services (ITOPS) is the appropriate VA Office to retrieve historical email records. On October 1, 2021, an Initial Agency Decision (IAD) letter was issued to the requestor in response to item #2 for custodians Curtis L. McCoy and Margarita Devlin.  ITOPS also provided emails on September 17, 2021, for the period June 1, 2017 to December 31, 2017, which collectively yielded a total of **9,934** emails for the custodians listed below:

| Custodians | Emails Count |
|---|---|
| Michael McNeal | **14** |
| Beth Murphy | **1,952** |
| Robert T. Reynolds | **2193** |
| Robert M. Waltemeyer | **2,151** |
| Christopher Grigsby | **2** |
| Ervin Pearson | **23** |
| Jamie Manker | **1228** |
| Brandye Terrell | **2,371** |

We have determined that none of the **9,934** emails reviewed are responsive to the request.  We are therefore providing a 'no records' response for these two individuals from your item #2 list. Courts have determined the reasonableness of an agency's search can depend on whether the agency properly determined where responsive records were likely to be found and searched those locations.  [*See* lacoe v. IRS, No. 98-C-0466, 1999 WL 675322, at *4 (E.D. Wis. July 23, 1999) (recognizing that agency diligently searched for the records requested in those places where [agency] expected they could be located")].

***VBA will continue our review of custodian's emails extracted by ITOPs and provide a response on a rolling basis.***

***Please note that the three parts of your records request will require the need to search for, collect, and examine a voluminous amount of records demanded in a single request. Following an initial determination on your request, VA anticipates that rolling production of records will be required.***

Page 2

This concludes our response to your FOIA request.  If you disagree with my determination, please be advised you may appeal to:

**Office of the General Counsel (024)**
Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, D.C.  20420
Email:  ogcfoiaappeals@va.gov

If you should choose to file an appeal, your appeal must be postmarked or electronically transmitted no later than ninety (90) calendar days from the date of this letter.  Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.

In addition to filing an appeal with the Office of General Counsel regarding my determination, you may also seek assistance and/or dispute resolution services regarding your FOIA request from VBA's FOIA Public Liaison and/or Office of Government Information Services (OGIS) as provided below:

**VA FOIA Public Liaison**
Email Address:      foia.vbaco@va.gov


**Office of Government Information Services (OGIS)**
Email:  ogis@nara.gov
Fax:    (202) 741-5769
Mailing address:  Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road
College Park, MD  20740-6001


Thank you for your interest in the Department of Veterans Affairs. Customer service is very important to us. If you have questions regarding this letter, please feel free to contact me via email at Gwendolyn.smith1@va.gov.


Sincerely yours,

*Gwen Smith*

Gwendolyn Smith
FOIA/PA Program Analyst

Page 3



October 26, 2021

**Via Email:** michael.wishnie@ylsclinics.org

Michael Wishnie
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520-9090

Re:  Freedom of Information Act Tracking Number **21-08617-F**

Dear Mr. Wishnie:

This is the second interim response for your Freedom of Information Act (FOIA) request to the Department of Veterans Affairs (VA), Veterans Benefits Administration (VBA) dated August 5, 2021, in which you are seeking:

1.   All records pertaining to each and every daily morning meeting held by the Undersecretary for Benefits between August 1, 2017, and November 30, 2017, to include agendas, minutes, handouts, presentational materials, slides, memoranda, email, or any other records regarding each meeting, including but not limited to those records kept or maintained by the Chief of Staff and Deputy Chief of Staff, Veterans Benefits Administration.

2.  All email communications dated between June 1, 2017, and December 31, 2017, which contain the phrases "race", "racial", "racism", "racist", "ethnic", "ethnicity", "ethnicities", "minority", "minorities", "white", "Black", "Caucasian", "African American", "religion", "religious", "national origin", "gender", "sex", "sexual", "sexuality", "sexualities", "orientation", "discriminat", "discriminate", "discrimination", "discriminatory", "disparity", "disparate", "morning meeting", or "daily meeting", sent by or to (including the "CC" or "BCC" line) any of the following individuals:

    a. Thomas J. Murphy, then-Acting Under Secretary for Benefits
    b. James E. Manker, Jr., then-Principal Deputy Under Secretary for Benefits
    c. Michael J. Frueh, then-Chief of Staff, VBA
    d. Brandye Terrell, then-Deputy Chief of Staff, VBA
    e. Michael McNeal, then-Director, Office of Strategic Planning, VBA
    f. Robert T. Reynolds, then-Deputy Under Secretary for Disability Assistance, VBA
    g. Beth Murphy, then-Director, Compensation Service, VBA
    h. Margarita Devlin, then- Executive Director, Benefits Assistance Service, VBA
    i. Curtis L. Coy, then-Deputy Under Secretary for Economic Opportunity, VBA
    j. Willie Clark, then-Deputy Under Secretary for Field Operations, VBA
    k. Robert M. Waltemeyer, then-Director of the Office of Management, VBA
    l. Christopher Grigsby, then-Deputy Director of the Office of Management, VBA
    m. Ervin Pearson, then-Acting Director, Office of Resource Management, VBA
    n. Mark Seastrom, then-Director, Office of Performance, Analysis, and Integrity, VBA

3.  Any reports, memoranda, analyses, handouts, presentational materials, data sets, or other records prepared by, for, or with the Benefits Assistance Service, Veterans Benefits Administration between June 1, 2017 and December 31, 2017 which contain any reference to or are otherwise related to disparities in VBA adjudications or any other agency decision, process, program, or benefit on the basis of race, ethnicity, national origin, gender, gender identity, sexual orientation, or religion.

The Office of Information and Technology, IT Operations and Services (ITOPS) is the appropriate VA Office to retrieve historical email records.  On September 17, 2021, ITOPS provided records for #2 for custodians during the period of June 1, 2017 to December 31, 2017.

On Friday, September 24, 2021, a clarification response was received from Jerome N. Frank Legal Services Organization, Yale Law School providing an in-depth understanding of FOIA request number (21-08617-F).

- **Clarification:**  Item 1 attempts to capture meetings occurring between high-level staff that discussed benefit disparities and any records relating to such a meeting (including minutes, handouts, and agenda).
- **Clarification:**  Item 2 attempts to capture any emails generated between high-level VBA officials regarding benefits disparities.
- **Clarification:**  Item 3 attempts to capture any analyses or reports generated outside of meeting and email contexts that may have existed solely in hard-copy form.

On October 1, 2021, an Initial Agency Decision (IAD) letter was issued to the requestor in response to item #2 for custodians Curtis L. McCoy and Margarita Devlin.  A total of 1,010 emails were reviewed which yielded a "no record" response.

On October 15, 2021, the first interim response was released.  A total of 9,934 emails were reviewed for Michael McNeal, Beth Murphy, Robert T. Reynolds, Robert M. Waltmeyer, Christopher Grisgsby, Ervin Pearson, and Jamie Manker which yielded a "no record" response.

For the current response, I reviewed a total of 7,858 emails provided by the Office of Information and Technology, IT Operations and Services (ITOPS) for the following custodians,Thomas Murphy, Michael Frueh, Willie Clark, Mark Seastrom, and Brandye Terrell[email2].  Ten (10) documents, consisting of sixty-five (65) pages are responsive to your request.  One (1) page is withheld in full pursuant to Title 5 U.S.C. § 552(b)(5).  Sixty-four (64) pages are releasable in part pursuant to Title 5 U.S.C. § 552 (b)(6). The search was conducted using the phrases from your item #2 list.

Exemption 5 allows an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party... in litigation with the agency." 5 U.S.C. § 552(b)(5); see Nat'l Labor Relations Bd. v. Sears Roebuck & Co., 421 U.S. 132, 149 (1975).  Exemption 5 therefore incorporates the privileges that protect materials from discovery in litigation, including the deliberative process, attorney work-product, attorney-client, and commercial information privileges. I am withholding the referenced pages under the deliberative process privilege.  The materials that have been withheld under the deliberative process privilege of Exemption 5 are both pre-decisional and deliberative. They do not contain or represent formal agency decisions. They are the result of frank and open discussions among employees of the Department of Veterans Affairs. The release of these informal conversations or draft responses would have a chilling effect on the agency's deliberative processes; expose the agency's decision-making process in such a way as to discourage candid discussion within the agency, and thereby undermine its ability to perform its mandated functions.

Exemption 6 permits the withholding of a document or information within a document if disclosure of the information would constitute a clearly unwarranted invasion of a living individual's personal privacy. Hence, VA may withhold information under FOIA Exemption 6 where disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, would result in an unwarranted invasion of an individual's personal privacy without contributing significantly to the public's understanding of the activities of the federal government.

***VBA will continue our review of custodian's emails extracted by ITOPs and provide a response on a rolling basis.***

***Please note that the three parts of your records request will require the need to search for, collect, and examine a voluminous amount of records demanded in a single request. Following an initial determination on your request, VA anticipates that rolling production of records will be required.***

This concludes our response to your FOIA request.  If you disagree with my determination, please be advised you may appeal to:

<u>**Office of the General Counsel (024)**</u>
Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, D.C.  20420
Email:  ogcfoiaappeals@va.gov

If you should choose to file an appeal, your appeal must be postmarked or electronically transmitted no later than ninety (90) calendar days from the date of this letter.  Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.   In addition to filing an appeal with the Office of General Counsel regarding my determination,  you may also seek assistance and/or dispute resolution services regarding your FOIA request from VBA's FOIA Public Liaison and/or Office of Government Information Services (OGIS) as provided below:

<u>**VA FOIA Public Liaison**</u>
Email Address:        foia.vbaco@va.gov

<u>**Office of Government Information Services (OGIS)**</u>
Email:  ogis@nara.gov
Fax:     (202) 741-5769
Mailing address:  Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road
College Park, MD  20740-6001

Thank you for your interest in the Department of Veterans Affairs.  If you have questions regarding this letter, please feel free to contact me via email at Gwendolyn.smith1@va.gov.

Sincerely yours,

*Gwen Smith*

FOIA/PA Program Analyst



November 18, 2021

**Via Email:** michael.wishnie@ylsclinics.org

Michael Wishnie
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520-9090

Re:  Freedom of Information Act Tracking Number **21-08617-F**

Dear Mr. Wishnie:

This is the third interim response for your Freedom of Information Act (FOIA) request to the Department of Veterans Affairs (VA), Veterans Benefits Administration (VBA) dated August 5, 2021, in which you are seeking:

1.   All records pertaining to each and every daily morning meeting held by the Undersecretary for Benefits between August 1, 2017, and November 30, 2017, to include agendas, minutes, handouts, presentational materials, slides, memoranda, email, or any other records regarding each meeting, including but not limited to those records kept or maintained by the Chief of Staff and Deputy Chief of Staff, Veterans Benefits Administration.

2.  All email communications dated between June 1, 2017, and December 31, 2017, which contain the phrases "race", "racial", "racism", "racist", "ethnic", "ethnicity", "ethnicities", "minority", "minorities", "white", "Black", "Caucasian", "African American", "religion", "religious", "national origin", "gender", "sex", "sexual", "sexuality", "sexualities", "orientation", "discriminat", "discriminate", "discrimination", "discriminatory", "disparity", "disparate", "morning meeting", or "daily meeting", sent by or to (including the "CC" or "BCC" line) any of the following individuals:

  a. Thomas J. Murphy, then-Acting Under Secretary for Benefits
  b. James E. Manker, Jr., then-Principal Deputy Under Secretary for Benefits
  c. Michael J. Frueh, then-Chief of Staff, VBA
  d. Brandye Terrell, then-Deputy Chief of Staff, VBA
  e. Michael McNeal, then-Director, Office of Strategic Planning, VBA
  f. Robert T. Reynolds, then-Deputy Under Secretary for Disability Assistance, VBA
  g. Beth Murphy, then-Director, Compensation Service, VBA
  h. Margarita Devlin, then- Executive Director, Benefits Assistance Service, VBA
   i. Curtis L. Coy, then-Deputy Under Secretary for Economic Opportunity, VBA
   j. Willie Clark, then-Deputy Under Secretary for Field Operations, VBA
  k. Robert M. Waltemeyer, then-Director of the Office of Management, VBA
   l. Christopher Grigsby, then-Deputy Director of the Office of Management, VBA
  m. Ervin Pearson, then-Acting Director, Office of Resource Management, VBA
  n. Mark Seastrom, then-Director, Office of Performance, Analysis, and Integrity, VBA

3.  Any reports, memoranda, analyses, handouts, presentational materials, data sets, or other records prepared by, for, or with the Benefits Assistance Service, Veterans Benefits Administration between June 1, 2017 and December 31, 2017 which contain any reference to or are otherwise related to disparities in VBA adjudications or any other agency decision, process, program, or benefit on the basis of race, ethnicity, national origin, gender, gender identity, sexual orientation, or religion.

On Friday, September 24, 2021, a clarification response was received from Jerome N. Frank Legal Services Organization, Yale Law School providing an in-depth understanding of FOIA request number (21-08617-F).

- **Clarification:**  Item 1 attempts to capture meetings occurring between high-level staff that discussed benefit disparities and any records relating to such a meeting (including minutes, handouts, and agenda).
- **Clarification:**  Item 2 attempts to capture any emails generated between high-level VBA officials regarding benefits disparities.
- **Clarification:**  Item 3 attempts to capture any analyses or reports generated outside of meeting and email contexts that may have existed solely in hard-copy form.

The Office of Information and Technology, IT Operations and Services (ITOPS) is the appropriate VA Office to retrieve historical email records.  On September 28, 2021, ITOPS provided emails for item #1 during the period of June 1, 2017 to December 31, 2017.

**Responses Released**

- September 10, 2021, initial agency decision (IAD)
- October 07, 2021, first interim response
- October 26, 2021, second interim response

In regard to the third interim response, a total of 21,349 emails were reviewed pertaining to item #1 for custodians:  Thomas Murphy, Margarita Devlin, Michael Frueh, Brandye Terrell.  A total of nine (9) documents, consisting of nineteen (19) pages are responsive to your request.  One (1) page is releasable in full; eighteen (18) pages are releasable in part pursuant to Title 5 U.S.C. § 552 (b)(6).

Exemption 6 permits the withholding of a document or information within a document if disclosure of the information would constitute a clearly unwarranted invasion of a living individual's personal privacy. Hence, VA may withhold information under FOIA Exemption 6 where disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, would result in an unwarranted invasion of an individual's personal privacy without contributing significantly to the public's understanding of the activities of the federal government.

***VBA will continue our review of custodian's emails extracted by ITOPs and provide a response on a rolling basis.***

***Please note that the three parts of your records request will require the need to search for, collect, and examine a voluminous amount of records demanded in a single request. Following an initial determination on your request, VA anticipates that rolling production of records will be required.***

This concludes our response to your FOIA request.  If you disagree with my determination, please be advised you may appeal to:

**<u>Office of the General Counsel (024)</u>**
Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, D.C.  20420
Email:  ogcfoiaappeals@va.gov

If you should choose to file an appeal, your appeal must be postmarked or electronically transmitted no later than ninety (90) calendar days from the date of this letter.  Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.

In addition to filing an appeal with the Office of General Counsel regarding my determination, you may also seek assistance and/or dispute resolution services regarding your FOIA request from VBA's FOIA Public Liaison and/or Office of Government Information Services (OGIS) as provided below:

**<u>VA FOIA Public Liaison</u>**
Email Address:      foia.vbaco@va.gov

**<u>Office of Government Information Services (OGIS)</u>**
Email:  ogis@nara.gov
Fax:    (202) 741-5769
Mailing address:  Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road
College Park, MD  20740-6001

Thank you for your interest in the Department of Veterans Affairs.  If you have questions regarding this letter, please feel free to contact me via email at Gwendolyn.smith1@va.gov.

Sincerely yours,

*Gwen Smith*

FOIA/PA Program Analyst

Attachments (10)



Veterans Benefit Administration
VBA FOIA Office (20M3)
810 Vermont Avenue NW
Washington, DC 20420

In Reply Refer To: Appeal Remand: **22-00034-AR**
FOIA #: **21-08617-F**
OGC Case #: **157188**

February 27, 2023

Michael Wishnie
Jerome N. Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520-9090

Via Email: michael.wishnie@ylsclinics.org

Dear Mr. Wishnie:

This letter serves as the Superseding Agency Decision in response to the Remand issued by the Office of General Counsel (OGC) on July 1, 2022.

**Procedural History**

By way of background, on August 5, 2021, you submitted a FOIA request for the following:

1. All records pertaining to each and every daily morning meeting held by the Undersecretary for Benefits between August 1, 2017, and November 30, 2017, to include agendas, minutes, handouts, presentational materials, slides, memoranda, emails or any other records regarding each meeting, including but not limited to those records kept or maintained by the Chief of Staff and Deputy Chief of Staff, Veterans Benefits Administration.

2. All email communications dated between June 1, 2017, and December 31, 2017, which contain the phrases "race", "racial", "racism", "racist", "ethnic", "ethnicity", "ethnicities", "minority", "minorities", "white", "Black", "Caucasian", "African American", "religion", "religious", "national origin", "gender", "sex", "sexual", "sexuality", "sexualities", "orientation", "discriminat", "discriminate", "discrimination", "discriminatory", "disparity", "disparate", "morning meeting", or "daily meeting", sent by or to (including the "CC" or "BCC" line) any of the following individuals:

   a. Thomas J. Murphy, then-Acting Under Secretary for Benefits
   b. James E. Manker, Jr., then-Principal Deputy Under Secretary for Benefits
   c. Michael J. Frueh, then-Chief of Staff, VBA
   d. Brandye Terrell, then-Deputy Chief of Staff, VBA
   e. Michael McNeal, then-Director, Office of Strategic Planning, VBA
   f. Robert T. Reynolds, then-Deputy Under Secretary for Disability Assistance, VBA

VBACO B5-B6 IAD
February 27, 2023
22-00034-AR

g. Beth Murphy, then-Director, Compensation Service, VBA
h. Margarita Devlin, then- Executive Director, Benefits Assistance Service, VBA
i. Curtis L. Coy, then-Deputy Under Secretary for Economic Opportunity, VBA
j. Willie Clark, then-Deputy Under Secretary for Field Operations, VBA
k. Robert M. Waltemeyer, then-Director of the Office of Management, VBA
l. Christopher Grigsby, then-Deputy Director of the Office of Management, VBA
m. Ervin Pearson, then-Acting Director, Office of Resource Management, VBA
n. Mark Seastrom, then-Director, Office of Performance, Analysis, and Integrity, VBA

3.   Any reports, memoranda, analyses, handouts, presentational materials, data sets, or other records prepared by, for, or with the Benefits Assistance Service, Veterans Benefits Administration between June 1, 2017, and December 31, 2017 which contain any reference to or are otherwise related to disparities in VBA adjudications or any other agency decision, process, program, or benefit on the basis of race, ethnicity, national origin, gender, gender identity, sexual orientation, or religion.

On August 20, 2021, Veterans Benefits Administration Central Office (VBACO) Freedom of Information Act (FOIA) Officer, Ms. Gwendolyn Smith, requested you provide clarification. On September 24, 2021, you provided clarification but advised that the clarification does not revise or narrow the request submitted on August 5, 2021.

**Initial Agency Decision**

On October 1, 2021, Ms. Smith issued the Initial Agency Decision (IAD) wherein she advised the first email production from the Department of Veterans Affairs (VA), Office of Information and Technology, IT Operations and Services (ITOPS) contained no responsive information.  On October 7, 2021, Ms. Smith provided the first interim response concerning the second production of emails from ITOPS in which she informed you that VBACO determined none of the emails in this production were responsive to the request. On October 26, 2021, Ms. Smith furnished the second interim response advising that after her review of the third production of emails from ITOPS, she determined that ". . .ten (10) documents, consisting of sixty-five (65) pages were responsive to your request. One (1) page was withheld in full pursuant to Title 5 U.S.C. § 552(b)(5). Sixty-four (64) pages were released in-part pursuant to Title 5 U.S.C. § 552 (b)(6) . . . ." On November 18, 2021, Ms. Smith supplied the third interim response that after review of the fourth production of emails from ITOPS, VBA determined ". . . a total of nine (9) documents, consisting of nineteen (19) pages were responsive to your request. One (1) page was released in full. Eighteen (18) pages were released in part pursuant to Title 5 U.S.C. § 552 (b)(6). . . ."

**Appeal**

The Office of General Counsel (OGC) received your appeal dated November 10, 2021, in response to Ms. Smith's Initial Agency Decision (IAD) dated October 1, 2021; the first interim response dated October 7, 2021; and second interim response dated

VBACO B5-B6 IAD
February 27, 2023
22-00034-AR

October 26, 2021. Additionally, OGC received your appeal dated February 16, 2022, in response to Ms. Smith's third interim response dated November 18, 2021.

### Remand

On July 1, 2022, OGC requested VBACO reconsider your request, obtain and review the responsive information, and issue a Superseding Agency Decision.

### Superseding Agency Decision

At the conclusion of the review process, documents, totaling 940 pages, were determined to be responsive to your request.

Upon review of the responsive records, I have determined they contain information, which is protected under FOIA Exemption 5, 5 U.S.C. § 552 (b)(5). Therefore, I am withholding information pursuant to FOIA Exemption 5.

FOIA Exemption 5 permits VA to withhold a document or information contained within a document as "pre-decisional" under the deliberative process privilege if two requirements are met. First, there is an identifiable deliberative process. Second, the agency generated the information or document as part of the agency's decision process. Stated another way, VA may withhold information under Exemption 5 where the document or its content makes recommendations or expresses opinions about legal or policy matters during a decision-making process and the document is not the decision document or incorporated into the decision document.

I have also determined these records contain information, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am also withholding information protected under FOIA Exemption 6.

FOIA Exemption 6 permits VA to withhold a document or information contained within a document if disclosure of the information would constitute a clearly unwarranted invasion of a living individual's personal privacy. Stated another way, VA may withhold information under FOIA Exemption 6 where disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, would result in an unwarranted invasion of an individual's personal privacy without contributing significantly to the public's understanding of the activities of the federal government.

The Office of Information and Technology, IT Operations and Services (ITOPS) conducted the search for information. Below is the chart of the responsive records.

VBACO B5-B6 IAD
February 27, 2023
22-00034-AR

| Name | Email | Pages |
|------|-------|-------|
| Willie Clark | 2 | 10 |
| Thomas Murphy | 27 | 240 |
| Robert Reynolds | 19 | 151 |
| Michael "Mike" Frueh | 20 | 140 |
| Mark Seastrom | 1 | 17 |
| Margarita Devlin | 19 | 165 |
| Brandye Terrell | 15 | 217 |

**Willie Clark**
1. Email Subject: RE (External) Lack of Integrity from SES Leadership and Fid Hub Manager at the Indianapolis. This email has three (3) pages. After review, I have determined this document contains Personally Identifiable Information (PII) information on pages 1-3, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.
2. Email Subject:  FW Brockton City Official to Kneeling Patriots "Dance Monkey Dance" News, The Enterprise Brockton MA. This email has seven (7) pages. After review, I have determined this document contains PII information on pages 1-6, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

**Thomas Murphy**
1. Email Subject: FW (External) A Veteran In Need. This email has two (2) pages. After review, I have determined this document contains PII information on pages 1-2, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
2. Email Subject: FW (External) Timely Introduction and Request for Meeting to Discuss Healthcare Quality. This email has seven (7) pages. After review I have determined this document contains PII information on pages 1, 5, and 6, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
3. Email Subject: FW Deficiency in Training – Request Reassignment and Protection as a Known Whistleblower.  This email has eleven (11) pages. After review, I have determined this document contains PII information on pages 1, 2, 7, 8, 9, and 11, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
4. Email Subject: Protected Whistleblower Disclosure Regarding OIG Audit of Illegal Hiring Practices in Memo.  This email has sixty-one (61) pages. After review, I have determined this document contains PII information on pages 1-21 and 57-60, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
5. Email Subject: RE (External) Fw Vocational Rehabilitation Program Treatment of

VBACO B5-B6 IAD
February 27, 2023
22-00034-AR

Veterans. This email has five (5) pages. After review, I have determined this document contains PII information on pages 1-5, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

6. Email Subject: RE (External) Lack of Integrity from SES Leadership. This email has three (3) pages. After review, I have determined this document contains PII information on pages 1-3, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

7. Email Subject: (External) 8(a), EDWOSB-Cybersecurity Awareness Training. This email has three (3) pages. After review, I have determined this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

8. Email Subject: (External) Charles C. Stancil. This email has two (2) pages. After review, I have determined this document contains PII information on pages 1-2, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

9. Email Subject: Errors and Mismanagement at the Columbia VARO. This email has three (3) pages. After review, I have determined this document contains PII information on pages 1-3, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

10. Email Subject: From ORM-EEO Investigator John Goodspeed. This email has five (5) pages. After review, I have determined this document contains PII information on pages 1-3, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

11. Email Subject: RE Invite to Address the Advisory Committee on Minority Veterans (ACMV) on December 13. This email has three (3) pages. After review, I have determined this document contains PII information on pages 1-2, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

12. Email Subject: RE VA Monthly Diversity Report – August 2017. This email has two (2) pages. After review, I have determined this document contains PII information on pages 1-2, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

13. Email Subject: Seeking Whistleblower Protection – That's All Per VBA Policy RE Deficiency in Training. This email has thirty-one (31) pages After review, I have determined this document contains PII information on pages 1-31, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

14. Email Subject: USB Monthly STAT Agenda Sept 2017 SLABM (002). This email has two (2) pages. After review, I have determined no exemption applies and therefore these records are released in full.

15. Email Subject: USB Monthly Stat Review – September 19th at SLAMB Offsite – Briefing Materials Due Today. This email has four (4) pages. After review, I have determined this document contains PII information on pages 1 and 4, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this

VBACO B5-B6 IAD
February 27, 2023
22-00034-AR

information under FOIA Exemption 6.

16. Email Subject: VA Monthly Disability Report Aug 2017. This email has two (2) pages. After review, I have determined this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

17. Email Subject: RE Abuse of Authority, Retaliation-Reprisal, Disparate Treatment, Racial Discrimination. This email has sixteen (16) pages. After review, I have determined this document contains PII information on pages 1-16, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

18. Email Subject: RE Brockton City Official to Kneeling Patriots "Dance Monkey Dance" News. This email has six (6) pages. After review, I have determined this document contains PII information on pages 1-6, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

19. Email Subject: RE Data Manipulation – Coercion to Sign Strategically False Documents Careless Performance. This email has twenty-one (21) pages. After review, I have determined this document contains PII information on pages 1-21, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

20. Email Subject: RE Deficiency in Training – Request Reassignment and Protection as a Known Whistleblower. This email has four (4) pages. After review, I have determined this document contains PII information on pages 1-4, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

21. Email Subject: VA. This email has twelve (12) pages. After review, I have determined no exemption applies. Therefore, these records are released in full.

22. Email Subject: VA DoD Joint Executive Committee (JEC) meeting – September 28, 2017. This email has one (1) page. After review, I have determined this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

23. Email Subject: White Paper – P.W. Data Manipulation – Coercion to Sign Strategically False Documents Care. This email has twenty-nine (29) pages. After review, I have determined this document contains information protected by deliberative process privilege under FOIA Exemption 5, 5 U.S.C. § 552 (b)(5) and contains PII information protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding documents under FOIA Exemptions 5 and 6.

24. Email Subject: VA Monthly Disability Report June 2017. This email has two (2) pages. After review, I have determined this document contains PII information on page 1. which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

25. Email Subject: June 2017 Report. This email has 1 excel spreadsheet. After review, I have determined no exemption applies. Therefore, this record is released in full.

26. Email Subject: August 2017 Report. This email has 1 excel spreadsheet. After

VBACO B5-B6 IAD
February 27, 2023
22-00034-AR

review, I have determined no exemption applies therefore this record is released in full.
27. Email Subject: July 2017 Report. This email has 1 excel spreadsheet. After review, I have determined no exemption applies therefore this record is released in full.

**Robert Reynolds**
1. Email Subject: (External) FW Follow up on AMSWG Comments Regarding DoD VA Discrepancy in Treatment of TG. This email has forty (40) pages. After review, I have determined this document contains PII information on pages 1, 37-40, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
2. Email Subject: (External) RE (Non-DoD Source) FW Question – VA Disability Rating Compensation Transgender. This email has five (5) pages. I have determined this document contains PII information on pages 1-5, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
3. Email Subject: 12013003rev. This email has thirteen (13) pages. After review, I have determined no exemption applies therefore this record is released in full.
4. Email Subject: December 2017 JEC Agenda. This email has two (2) pages. After review, I have determined this document contains PII information on pages 1-2, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
5. Email Subject: FW (External) VR&E, HIPAA, and Patient Privacy Violations, 3rd and Final Email Notice. This email has four (4) pages. After review, I have determined this document contains PII information on pages 1-4, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
6. Email Subject: FW Question – VA Disability Rating Compensation for Transgender Service Members. This email has sixteen (16) pages. After review, I have determined this document contains PII information on pages 1, 15-16 which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
7. Email Subject: HR&A Memo Transgender. This email has one (1) page. After review, I have determined this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
8. Email Subject: (External) 2nd Notice VR&E Benefits HIPAA Complaint. This email has three (3) pages. After review, I have determined this document contains PII information on pages 1-3, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.
9. Email Subject: (External) August 2017 DoD VA IPO Town Hall Survey. This email has two (2) pages. After review, I have determined this document contains PII information on pages 1-2, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
10. Email Subject: RE USB Staff Meeting (New Lync Meeting Number) Canceled for Tuesday, August 29th. This email has two (2) pages. After review, I have determined

VBACO B5-B6 IAD
February 27, 2023
22-00034-AR

this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

11. Email Subject: Rosinski v. Shulkin CAVC 17-1117. This email has twenty-three (23) pages. After review, I have determined this document contains PII information on pages 1-2, 21-22, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

12. Email Subject: USB Staff Meeting (New Lync Meeting Number) Start Time 10 am. This email has one (1) page. After review, I have determined this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

13. Email Subject: VR&E Befits (Need redaction). This email has three (3) pages. After review, I have determined this document contains PII information on pages 1-3, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

14. Email Subject: Karamoko Tankersley. This email has three (3) pages. After review, I have determined this document contains PII information on pages 1-3, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

15. Email Subject: Modernization Office to Host Ad Hoc. This email has eleven (11) pages. After review, I have determined this document contains PII information on pages 1, 2, and 11, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

16. Email Subject: RE (External) Lack of Integrity from SES Leadership and Fid Hub Manager at the Indianapolis. This email has four (4) pages. After review, I have determined this document contains PII information on pages 1-3, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

17. Email Subject: Advisory Committee on Minority Veterans. This email has three (3) pages. After review, I have determined this document contains PII information on pages 1-2, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

18. Email Subject: Meet with Heritage. This email has one (1) page. After review, I have determined this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

19. Email Subject: DUS Reynolds ACMV 121217 v1. This email has fourteen (14) pages. After review, I have determined no exemption applies therefore these records are released in full.

**Mike Frueh**

1. Email Subject: FW Deficiency in Training – Request Reassignment and Protection as a Known Whistleblower. This email has eleven (11) pages. After review, I have determined this document contains PII information on pages 1, 2, 7-11, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding

VBACO B5-B6 IAD
February 27, 2023
22-00034-AR

this information under FOIA Exemption 6.

2. Email Subject: FW Discrimination and Microaggression Behavior. This email has two (2) pages. After review, I have determined this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

3. Email Subject: FW HR Smart or HRIS Data Dictionaries. This email has five (5) pages. After review, I have determined this document contains PII information on pages 1, 3-5, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

4. Email Subject: PTSD Grant Rate Analysis-Final Briefing v7. This email has fifteen (15) pages. After review, I have determined no exemption applies therefore these records are released in full.

5. Email Subject: RE Decision Needed Tomorrow re Veterans Service Center Manager Making Monkey Comments about the Patriots. This email has seven (7) pages. After review, I have determined this document contains PII information on pages 1-6, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

6. Email Subject: RE Abuse of Authority, Retaliation-Reprisal, Disparate Treatment, Racial Discrimination. This email has sixteen (16) pages. After review, I have determined this document contains PII information on pages 1-16, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

7. Email Subject: (External) Discrimination and Microaggression Behavior. This email has two (2) pages. After review, I have determined this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

8. Email Subject: Follow-Up – VBA Race Ethnicity Report. This email has one (1) page. After review, I have determined this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

9. Email Subject: FW (External) Lack of Integrity from SES Leadership and Fid Hub Manager at the Indianapolis. This email has four (4) pages. After review, I have determined this document contains PII information on pages 1-4, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

10. Email Subject: FW Briefing Request-VBMS Deep Dive VAIQ#7842428. This email has three (3) pages. After review, I have determined this document contains PII information on pages 1-3, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

11. Email Subject: RE Discussion on PTSD and Racial Ethnic Breakdown. This email has seventeen (17) pages. After review, I have determined this document contains PII information on pages 1 and 17, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

12. Email Subject: RE EEO Meditation Case No. 104984. This email has three (3) pages. After review, I have determined this document contains PII information on pages

VBACO B5-B6 IAD
February 27, 2023
22-00034-AR

1-3, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

13. Email Subject: RE HR Smart or HRIS Data Dictionaries. This email has ten (10) pages. After review, I have determined this document contains PII information on pages 1, 4-10, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

14. Email Subject: RE Invite to Address the Advisory Committee on Minority Veterans (ACMV) on Dec 13. This email has two (2) pages. After review, I have determined this document contains PII information on pages 1-2, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

15. Email Subject: RE Next Steps in Race Ethnicity Study by PA&I. This email has four (4) pages. After review, I have determined this document contains PII information on pages 1-3, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am also withholding this information under FOIA Exemption 6.

16. Email Subject: RE Reminder 2017 Advisory Committee on Minority Veterans (ACMV) Annual Report. This email has three (3) pages. After review, I have determined this document contains PII information on pages 1-2, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

17. Email Subject: RE Talking Points nu5533; nu5515 HVAC Minority Voc Rehab VAIQ 7839092 Suspense Nov 3rd. This email has six (6) pages. After review, I have determined this document contains PII information on pages 1-6, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

18. Email Subject: Second Request-RE Next Steps in Race Ethnicity Study by PA&I. This email has three (3) pages. After review, I have determined this document contains PII information on pages 1-2, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

19. Email Subject: RE Data Manipulation-Coercion to Sign Strategically False Documents Careless Performance. This email has twenty-one (21) pages. After review, I have determined this document contains PII information on pages 1-21, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

20. Email Subject: RE Deficiency in Training – Request Reassignment and Protection as a Known Whistleblower. This email has five (5) pages. After review, I have determined this document contains PII information on pages 1-5, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

**Mark Seastrom**

1. Email Subject: RE Discussion on PTSD and Racial Ethnic Breakdown. This email has seventeen (17) pages. After review, I have determined this document contains PII information on pages 1 and 9, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

VBACO B5-B6 IAD
February 27, 2023
22-00034-AR

**Margarita Devlin**

1. Email Subject: FW Option Year 3 Package for Translation Services Contract. This email has thirteen (13) pages. After review, I have determined this document contains information protected by deliberative process privilege, which is protected under FOIA Exemption 5, 5 U.S.C. § 552 (b)(5) and contains PII information protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding documents under FOIA Exemptions 5 and 6.

2. Email Subject: FW Solicitation for your Input - Transition Assistance Program (TAP) Videos. This email has thirteen (13) pages. After review, I have determined this document contains information protected by deliberative process privilege, which is protected under FOIA Exemption 5, 5 U.S.C. § 552 (b)(5) and contains PII information protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding documents under FOIA Exemptions 5 and 6.

3. Email Subject: MCT Slides for JEC, which will also be used for BEC Situational Awareness. This email has thirteen (13) pages. After review, I have determined this document contains PII information on pages 1, 2, 11-13, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

4. Email Subject: Official EEO Correspondence. This email has eleven (11) pages. After review, I have determined this document contains PII information on pages 1, 4, 5, 7-9, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

5. Email Subject: RE [Notes] RE TSM Internal VA Workgroup Call. This email has five (5) pages. After review, I have determined this document contains PII information on pages 1, 2, 4, and 5, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

6. Email Subject: RE Address the Advisory Committee on Minority Veterans (ACMV). This email has two (2) pages. After review, I have determined this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

7. Email Subject: RE Discussion on PTSD and Racial Ethnic Breakdown. This email has one (1) page.  After review, I have determined this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

8. Email Subject: DUE Today at Noon FW Due Date July 17, 2017_2017 Advisory Committee on Minority Veterans. This email has twenty-six (26) pages. After review, I have determined this document contains PII information on pages 1, 21-26, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

9. Email Subject: FW (External) RE For your Input – Transition Assistance Program (TAP) Videos. This email has five (5) pages.  After review, I have determined this document contains information protected by deliberative process privilege, which is protected under FOIA Exemption 5, 5 U.S.C. § 552 (b)(5) and contains PII information protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding documents under FOIA Exemptions 5 and 6.

VBACO B5-B6 IAD
February 27, 2023
22-00034-AR

10. Email Subject: FW Modernization Officer to Host an Ad Hoc Initiatives Working Group. This email has eighteen (18) pages. After review, I have determined this document contains PII information on pages 1, 17, and 18, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

11. Email Subject: RE Hot - Radio and TV PSA. This email has one (1) page. After review, I have determined this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

12. Email Subject: RE National Survey of Veterans 2018 Integrated Project Team VAIQ# 7816015. This email has twenty-three (23) pages. After review, I have determined this document contains PII information on pages 1-4, 6, 18, 20-23, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

13. Email Subject: RE Official Correspondence Notice of Informal Complaint (MH). This email has eight (8) pages. After review, I have determined this document contains PII information on pages 1-4, 6, and 8, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

14. Email Subject: RE Public Contact Data Request – F U 11-17-17. This email has nine (9) pages. After review, I have determined this document contains PII information on pages 1, 7-9, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

15. Email Subject: RE Public Contact Data Request. This email has five (5) pages. After review, I have determined this document contains PII information on pages 1-5, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

16. Email Subject: RE Request Updates for ACMV by 29 Nov. This email has six (6) pages.  After review, I have determined this document contains PII information on pages 1-6, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.

17. Email Subject: RE sc1144, sc1121 Due Outs, SVAC Briefing on Healthcare Enrollment through TAP – VAIQ 7861659. This email has three (3) pages. After review, I have determined this document contains PII information on pages 1-3, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

18. Email Subject: RE Engaging Younger Veterans – SecVA Strategic Planning Retreat. This email has three (3) pages. After review, I have determined this document contains PII information on pages 1-3, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.

19. Email Subject: RE For Your Input – Transition Assistance Program (TAP) Videos. This email has five (5) pages. After review, I have determined this document contains information protected by deliberative process privilege, which is protected under FOIA Exemption 5, 5 U.S.C. § 552 (b)(5) and contains PII information protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding documents under FOIA

VBACO B5-B6 IAD
February 27, 2023
22-00034-AR

Exemptions 5 and 6.

**Brandye Terrell**
1. Email Subject: EEO Meditation Case No. 104984 (CM). This email has three (3) pages. After review, I have determined this document contains PII information on pages 1-3, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
2. Email Subject: FW Brockton City Official to Kneeling Patriots. This email has seven (7) pages. After review, I have determined this document contains PII information on pages 1-7, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.
3. Email Subject: FW (External) Lack of Integrity from SES Leadership and Fid Hub Manager at the Indianapolis. This email has four (4) pages. After review, I have determined this document contains information protected by deliberative process privilege, which is protected under FOIA Exemption 5, 5 U.S.C. § 552 (b)(5) and contains PII information protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding documents under FOIA Exemptions 5 and 6.
4. Email Subject: FW Privileged Attorney-Client Communication - JC. This email has thirty-eight (38) pages. After review, I have determined this document contains PII information on pages 1-35, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
5. Email Subject: FW Talking Points nu5533, nu5515 HVAC HVAC Minority Voc Rehab VAIQ 7839092 Suspense Nov 3rd. This email has six (6) pages. After review, I have determined this document contains PII information on pages 1-6, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
6. Email Subject: OIG 10_25_17, 10 am Entrance Conference Review of VBA Denied Mental Health Claims Involving Military Sexual Trauma. This email has two (2) pages. After review, I have determined this document contains PII information on pages 1-2, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
7. Email Subject: RE HR Smart or HRIS Data Dictionaries. This email has seven (7) pages.  After review, I have determined this document contains PII information on pages 1-7, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Therefore, I am withholding this information under FOIA Exemption 6.
8. Email Subject: Advisory Committee on Minority Veterans (ACMV) Brief (v2). This email has forty-two (42) pages. After review, I have determined this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
9. Email Subject: Advisory Committee on Minority Veterans (ACMV) Brief. This email has forty-two (42) pages. After review, I have determined this document contains PII information on page 1, which is protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption 6.
10. Email Subject: Canceled Advisory Committee on Minority Veterans (ACMV) Brief. This email has forty-two (42) pages. After review, I have determined this document

VBACO B5-B6 IAD
February 27, 2023
22-00034-AR

contains PII information on page 1, which is protected under FOIA Exemption 6, 5
U.S.C. § 552(b)(6).  Therefore, I am withholding this information under FOIA Exemption
6.

11. Email Subject: RE FY 2018 VBA Alternative Dispute Resolution Policy Letter. This
email has two (2) pages. After review, I have determined this document contains
information protected by deliberative process privilege, which is protected under FOIA
Exemption 5, 5 U.S.C. § 552 (b)(5) and contains PII information protected under FOIA
Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding documents under FOIA
Exemptions 5 and 6.

12. Email Subject: RE VA gender identity policy. This email has five (5) pages.  After
review, I have determined this document contains PII information on pages 1-5, which is
protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding
this information under FOIA Exemption 6.

13. Email Subject: Request for information Status of Benefits for World War II Filipino
Veterans. This email has seven (7) pages. After review, I have determined this
document contains information protected by deliberative process privilege, which is
protected under FOIA Exemption 5, 5 U.S.C. § 552 (b)(5) and contains PII information
protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding
documents under FOIA Exemptions 5 and 6.

14. Email Subject: RE current draft of feedback. This email has four (4) pages. After
review, I have determined this document contains information protected by deliberative
process privilege, which is protected under FOIA Exemption 5, 5 U.S.C. § 552 (b)(5)
and contains PII information protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).
Therefore, I am withholding documents under FOIA Exemptions 5 and 6.

15. Email Subject: RE EEO Judgement. This email has six (6) pages. After review, I
have determined this document contains PII information on pages 1-6, which is
protected under FOIA Exemption 6, 5 U.S.C. § 552(b)(6).  Therefore, I am withholding
this information under FOIA Exemption 6.


        After conducting a thorough search, no responsive records were located for
James E. Manker, Jr., then-Principal Deputy Under Secretary for Benefits, Michael
McNeal, then-Director, Office of Strategic Planning, VBA, Beth Murphy, then-Director,
Compensation Service, VBA, Curtis L. Coy, then-Deputy Under Secretary for Economic
Opportunity, VBA, Robert M. Waltemeyer, then-Director of the Office of Management,
VBA, Christopher Grigsby, then-Deputy Director of the Office of Management, VBA, and
Ervin Pearson, then-Acting Director, Office of Resource Management, VBA. Courts
have determined that the reasonableness of an agency's search can depend on
whether the agency properly determined where responsive records were likely to be
found and searched those locations. See *Iacoe v. IRS*, No, 98-C-0466, 1999 WL
675322, at *4 (E.D. Wis July 23, 1999) recognizing that the agency diligently searched
for the records requested in those places where the agency expected they could be
located.  Therefore, I am issuing a "no records" response regarding the above
individuals.


        If you disagree with my determination, please be advised you may appeal to:

VBACO B5-B6 IAD
February 27, 2023
22-00034-AR

> Office of the General Counsel (024)
> Department of Veterans Affairs
> 810 Vermont Avenue, N.W.
> Washington, D.C.  20420
> Email:  ogcfoiaappeals@va.gov

If you should choose to file an appeal, your appeal must be postmarked or electronically transmitted no later than ninety (90) calendar days from the date of this letter.  Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.

You may also seek assistance and/or dispute resolution services for any other aspect of your FOIA request, excluding the release determination, from VBA's FOIA Public Liaison and or Office of Government Information Services (OGIS) as provided below:

> VBA FOIA Public Liaison
> Email address: FOIA.VBACO@va.gov
>
> Office of Government Information Services
> Email:  ogis@nara.gov
> Fax: (202) 741-5769
> Mailing address:
> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road (OGIS)
> College Park, MD  20740-6001

Thank you for your interest in VA.  If you have any further questions, please feel free to contact me and reference your appeal case number 22-00034-AR via email at FOIA.VBACO@va.gov.

Sincerely,

VBACO FOIA Officer

Enclosures: 940 pages

# EXHIBIT B



# PTSD Grant Rate Analysis

## 19 July 2017



**Veterans Benefits Administration**

**U.S. Department of Veterans Affairs**

# Bottom Line Up Front

- VBA developed a mixed effect logistic regression model to determine if a Veteran's race/ethnicity and geographic location are associated with a grant for PTSD service connection.Analysis included PTSD service connection decisions for rating claims during the time period FY11-FY16.Analysis limited to FY11 forward to account for a July 2010 PTSD policy change that reduced burden of evidence.Without accounting for any other factors, Non-Hispanic Black Veterans have the lowest grant rate (43%) compared to a national average of 55%.The following key relationships were identified:Non-Hispanic Black Veterans are less likely to be granted PTSD service connection than members of other ethno-racial groups.Veterans of Army/Marines are the most likely to be granted PTSD service connection, followed by Air Force, followed by Coast Guard/Navy.Veterans living more than 50 miles from the closest RO are more likely to be granted PTSD service connection than Veterans living within 50 miles of the closest RO.Puerto Rico has the lowest grant rate, followed by Minnesota





2

# Race and PTSD Grant Rate

The table presents grant rates by ethnic/racial group in a descending order

| Ethnorace | | Service Connected PTSD | |
|---|---|---|---|
| | | Denied | Granted |
| Hisp. White | Vets count | 38,871 | 60,958 |
| | % | 39% | 61% |
| Native Hawaiian/Pacific Islander | Vets count | 245 | 364 |
| | % | 40% | 60% |
| American Indian/Alaskan | Vets count | 72 | 105 |
| | % | 41% | 59% |
| Asian/Pacific Islander Unspecified | Vets count | 4,470 | 6,142 |
| | % | 42% | 58% |
| Non-hisp. White | Vets count | 264,213 | 346,190 |
| | % | 43% | 57% |
| Hisp. Black | Vets count | 679 | 871 |
| | % | 44% | 56% |
| OTHER/UNKNOWN | Vets count | 1,421 | 1,631 |
| | % | 47% | 53% |
| Non-hisp. Black | Vets count | 80,274 | 61,153 |
| | % | 57% | 43% |
| Grand Total | Vets count | 390,245 | 477,414 |
| | % | 45% | 55% |



For statistical modeling purposes, American Indian, Alaskan native, Asian, and Hispanic Blacks were collapsed into one group.

| Ethnorace (group) | | Service Connected PTSD | |
|---|---|---|---|
| | | Denied | Granted |
| Hisp. White | Vets count | 38,871 | 60,958 |
| | % | 39% | 61% |
| Non-hisp. White | Vets count | 264,213 | 346,190 |
| | % | 43% | 57% |
| American Indian/Alaskan, Asian/Pacific, Hisp. Black | Vets count | 6,887 | 9,113 |
| | % | 43% | 57% |
| Non-hisp. Black | Vets count | 80,274 | 61,153 |
| | % | 57% | 43% |
| Grand Total | Vets count | 390,245 | 477,414 |
| | % | 45% | 55% |

- Overall average grant rate is 55%Non-Hispanic Blacks have the lowest grant rate at 43% and are the largest outlier in terms of grant rate.Hispanic Whites have the highest grant rate 61%





3

# Key Findings (Ethno-racial)

| Variables | Odds Ratio Estimate | 95% Confidence Limits | |
|---|---|---|---|
| BRANCH: Army/Marines vs Air Force | 1.616 | 1.591 | 1.642 |
| BRANCH: Coast G./Navy vs Air Force | 0.869 | 0.852 | 0.886 |
| ETHNORACE: Hisp. White vs Non-hisp. White | 1.018 | 1.002 | 1.033 |
| ETHNORACE: Non-hisp. Black vs Non-hisp. White | 0.704 | 0.694 | 0.713 |
| ETHNORACE: Other vs Non-hisp. White | 0.942 | 0.911 | 0.975 |
| INCOME_BAND 1: LESS THAN 50K vs 3: GREATER THAN $90K | 0.801 | 0.789 | 0.812 |
| INCOME_BAND 2: 50K- 90K vs 3: GREATER THAN $90K | 0.893 | 0.88 | 0.905 |
| EDUCATION: Completed Graduate S vs Completed HS/College | 1.04 | 1.021 | 1.059 |
| EDUCATION: Unknown/Vocational vs Completed HS/College | 0.853 | 0.845 | 0.862 |
| NEAR_RO: >50 Miles from RO vs Within 50 Miles of RO | 1.272 | 1.259 | 1.285 |
| POWER OF ATTORNEY: Big 6 vs NO POA | 0.957 | 0.945 | 0.968 |
| POWER OF ATTORNEY: Other POA vs NO POA | 0.949 | 0.937 | 0.962 |
| AGE (49.76 vs. 48.76) | 1.009 | 1.009 | 1.01 |
| GULF WAR vs GWOT | 0.337 | 0.332 | 0.343 |
| PEACETIME vs GWOT | 0.122 | 0.119 | 0.125 |
| VIETNAM ERA vs GWOT | 0.469 | 0.459 | 0.48 |
| WWII/KOREA vs GWOT | 0.252 | 0.241 | 0.263 |

Interpretation:Odds ratios greater than 1.0 indicate that members of the first group are MORE likely to be granted than the reference group.Example: members of the Army/Marines are MORE likely to be granted than members of the Air ForceKey Findings:Odds that Hispanic White Veterans are granted PTSD service connection is 1.8% higher than that of Non-Hispanic White Veterans.Odds that Non-Hispanic Black Veterans are granted PTSD service connection is 29.6% lower than that of Non-Hispanic White Veterans.Odds that a Veteran in the 'Other' ethno-racial category is granted PTSD service connection is 5.8% lower than that of Non-Hispanic White Veterans.





4

# Key Findings (Continued)

| Variables | Odds Ratio Estimate | 95% Confidence Limits | |
|---|---|---|---|
| BRANCH: Army/Marines vs Air Force | 1.616 | 1.591 | 1.642 |
| BRANCH: Coast G./Navy vs Air Force | 0.869 | 0.852 | 0.886 |
| ETHNORACE: Hisp. White vs Non-hisp. White | 1.018 | 1.002 | 1.033 |
| ETHNORACE: Non-hisp. Black vs Non-hisp. White | 0.704 | 0.694 | 0.713 |
| ETHNORACE: Other vs Non-hisp. White | 0.942 | 0.911 | 0.975 |
| INCOME_BAND 1: LESS THAN 50K vs 3: GREATER THAN $90K | 0.801 | 0.789 | 0.812 |
| INCOME_BAND 2: 50K- 90K vs 3: GREATER THAN $90K | 0.893 | 0.88 | 0.905 |
| EDUCATION: Completed Graduate S vs Completed HS/College | 1.04 | 1.021 | 1.059 |
| EDUCATION: Unknown/Vocational vs Completed HS/College | 0.853 | 0.845 | 0.862 |
| NEAR_RO: >50 Miles from RO vs Within 50 Miles of RO | 1.272 | 1.259 | 1.285 |
| POWER OF ATTORNEY: Big 6 vs NO POA | 0.957 | 0.945 | 0.968 |
| POWER OF ATTORNEY: Other POA vs NO POA | 0.949 | 0.937 | 0.962 |
| AGE (49.76 vs. 48.76) | 1.009 | 1.009 | 1.01 |
| GULF WAR vs GWOT | 0.337 | 0.332 | 0.343 |
| PEACETIME vs GWOT | 0.122 | 0.119 | 0.125 |
| VIETNAM ERA vs GWOT | 0.469 | 0.459 | 0.48 |
| WWII/KOREA vs GWOT | 0.252 | 0.241 | 0.263 |

More likely to be granted (with varying degrees of magnitude):GWOTArmy/MarinesHispanic White and Non-Hispanic WhiteLives >50 Miles from ROGreater than $90k Household IncomeCompleted Graduate SchoolNo POAOlder Veterans

Less likely to be granted (with varying degrees of magnitude):Vietnam, Gulf War, WWII/Korea, PeacetimeAir Force, Coast Guard/Navy"Other", Non-Hispanic BlackLives within 50 miles of RO$50k-$90k Household Income, <$50k Household IncomeCompleted HS/College, Unknown/Vocational TrainingBig 6 POA, Other POAYounger Veterans





5

# CMV Grant Rate Map (No Model)



Significant variations in grant rate were observed across US States. The logistic regression includes a mixed effect by state in order to account for these differences.

**\*\*Shading is based on raw grant rate percentage by state, with no modeling incorporated.**







6

# CMV Grant Rate Map (Model)



State Specific Effects on Grant Rates Adjusted for All Model Variables

Significant variations in grant rate were observed across US States. The logistic regression includes a mixed effect by state in order to account for these differences.

**Shading is based on modeling output, and relationships should be thought of only in relative terms.



Hawaii    Alaska    Puerto Rico





U.S. Department of Veterans Affairs

7

# Conclusions & Next Steps

- A substantial proportion of variation in PTSD grant rates is explainable by the variables incorporated into this model (~67 percent concordant)VBA will investigate a potential relationship between race/ethnicity and distance from RO as well as state effects by July 28th. VBA will also look at additional variables such as local economic and demographic factors, as well as military occupation. Since these variables rely on data from other agencies, we cannot provide an estimated timeframe for implementation into the model.

    State of ResidenceBranch of ServiceRankPeriod of ServiceEthnicityRaceAgeIncomeEducationDistance to ROPower of Attorney





8



# Appendix



# CMV Data Composition



"What % is White & Hispanic?"

** Table Adds to 100% **

Race, Ethnicity Composition

| Race Desc | Hispanic | Non-Hispanic | Null | Grand Total |
|---|---|---|---|---|
| White | 11.88% | 68.66% | 0.45% | 80.99% |
| Black/African American | 0.18% | 15.87% | 0.13% | 16.18% |
| Asian | 0.09% | 1.11% | 0.01% | 1.20% |
| Null | | | 1.11% | 1.11% |
| UNKNOWN | 0.01% | 0.00% | 0.32% | 0.34% |
| Native Hawaiian/Pacific Islander | 0.00% | 0.08% | 0.00% | 0.08% |
| Other | 0.03% | 0.01% | 0.01% | 0.05% |
| American Indian/Alaskan | 0.00% | 0.03% | 0.00% | 0.03% |
| Asian or Pacific Islander Unspecified | 0.01% | 0.02% | 0.00% | 0.02% |
| Grand Total | 12.20% | 85.78% | 2.03% | 100.00% |





10

# CMV Grant Trends







11

# CMV Geography by Ethno-race







12

# CMV Geography by Income







13

# CMV Geography by Income

On average, Black Non-Hispanic veterans earning more than $90k in household income are less likely to receive a grant than white veterans earning less than $50k in household income.

| Income Desc (group) | Grant by Ethnorace, Income | | |
|---|---|---|---|
| | Ethnorace | | |
| | White Hispanic | White Non-Hispanic | Black Non-Hispanic |
| > $90k | 63.0%<br>12,937 | 60.7%<br>99,807 | 49.5%<br>12,041 |
| $50k-$90k | 61.3%<br>23,893 | 58.0%<br>165,313 | 46.4%<br>29,994 |
| < $50k | 57.8%<br>35,049 | 53.9%<br>201,089 | 41.0%<br>66,358 |





14

# Model v1.0

| Variables | Odds Ratio Estimate | 95% Confidence Limits | |
|---|---|---|---|
| BRANCH: Army/Marines vs Air Force | 1.529 | 1.498 | 1.562 |
| BRANCH: Coast G./Navy vs Air Force | 0.8 | 0.78 | 0.822 |
| COMBAT_IND: No vs Yes | 0.482 | 0.474 | 0.49 |
| ETHNORACE: American Indian/Alaskan vs Non-hisp. White | 1.527 | 0.956 | 2.438 |
| ETHNORACE: Asian/Pacific Islander Unspecified vs Non-hisp. White | 0.946 | 0.9 | 0.995 |
| ETHNORACE: Hisp. Black vs Non-hisp. White | 1.109 | 0.981 | 1.255 |
| ETHNORACE: Hisp. White vs Non-hisp. White | 1.056 | 1.036 | 1.076 |
| ETHNORACE: Native Hawaiian/Pacific Islander vs Non-hisp. White | 1.127 | 0.914 | 1.389 |
| ETHNORACE: Non-hisp. Black vs Non-hisp. White | 0.777 | 0.763 | 0.792 |
| ETHNORACE: Unknown/Other vs Non-hisp. White | 1.336 | 1.134 | 1.574 |
| INCOME_BAND 1: LESS THAN 50K vs 3: GREATER THAN $90K | 0.88 | 0.863 | 0.897 |
| INCOME_BAND 2: 50K- 90K vs 3: GREATER THAN $90K | 0.952 | 0.935 | 0.97 |
| EDUCATION: Completed Graduate S vs Completed HS/College | 1.049 | 1.022 | 1.078 |
| EDUCATION: Unknown/Vocational vs Completed HS/College | 0.934 | 0.921 | 0.946 |
| NEAR_RO: >50 Miles from RO vs Within 50 Miles of RO | 1.272 | 1.255 | 1.289 |
| POWER OF ATTORNEY: Big 6 vs NO POA | 0.9 | 0.887 | 0.914 |
| POWER OF ATTORNEY: NO POA vs Other POA | 0.865 | 0.85 | 0.879 |
| NO_OF_TOURS (2.18 vs. 1.18) | 1.278 | 1.27 | 1.287 |
| AGE (39.24 vs. 38.24) | 1.005 | 1.004 | 1.005 |
| PERIOD OF SERVICE: GULF WAR vs PEACETIME | 1.638 | 1.552 | 1.729 |
| PERIOD OF SERVICE:  GWOT vs PEACETIME | 2.58 | 2.441 | 2.726 |
| PERIOD OF SERVICE: WWII/KOR/VIETNAM CON vs PEACETIME | 3.076 | 2.89 | 3.273 |

The model is at least 68.9% Accurate.

| Association of Predicted Probabilities and Observed Responses | | | |
|---|---|---|---|
| Percent Concordant | 68.9 | Somers' D | 0.379 |
| Percent Discordant | 31 | Gamma | 0.379 |
| Percent Tied | 0 | Tau-a | 0.182 |
| Pairs | 6.48E+10 | c | 0.69 |





15

| From: | Seastrom, Mark, VBAVACO |
|---|---|
| To: | Frueh, Mike, VBAVACO |
| Subject: | RE: Discussion on PTSD and racial/ethnic breakdown |
| Date: | Sunday, August 27, 2017 5:30:07 PM |
| Attachments: | PTSD Grant Rate Analysis - FINAL Briefing v7.pptx |

I can make the meeting.  Assuming they all in person, I will bring hard copies with me.  Attached is the latest version in case you want or asked to send it.  This effort is basically stalled for now.  The two contractors most involved chose not to change companies under our new EDW contract effective 1 August and are gone; (b)(6) is almost completely full time on EPR and QMS. (b)(6) my statistician, is completely engaged with QMS and other changes in quality measures.  That leaves me one Advanced Analytics analyst, Tim Goliver, who worked on this project, but our C&P modeling has been a higher priority in support of the FY18 and FY19 budgets.

I am bringing additional contract talent on board under the new contract, but that will take some time to get the right people.   In addition, the changes Tom has proposed to quality measurement are exceeding our capacity to support, so more work in this study is not supportable by Advanced Analytics in the near term.

**From:** Frueh, Mike, VBAVACO
**Sent:** Sunday, August 27, 2017 4:50 PM
**To:** (b)(6)   Seastrom, Mark, VBAVACO; (b)(6)
**Cc:** Terrell, Brandye, VBAVACO
**Subject:** RE: Discussion on PTSD and racial/ethnic breakdown

(b)(6) -

I didn't see you on this, and apologize if you were not aware. However, I do hope you can make this meeting in our office.

Sent with Good (www.good.com)

-----Original Message-----
**From:** Frueh, Mike, VBAVACO
**Sent:** Thursday, August 10, 2017 08:03 AM Eastern Standard Time
**To:** Frueh, Mike, VBAVACO; (b)(6)
**Cc:** Terrell, Brandye, VBAVACO
**Subject:** Discussion on PTSD and racial/ethnic breakdown
**When:** Monday, August 28, 2017 09:30 AM-10:30 AM Eastern Standard Time
**Where:** 1800 G St. Suite 520

Please let me know if a dial-in will be needed.

Thank you,