# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

CONLEY MONK JR., et al.,

    *Plaintiffs*,

v.

UNITED STATES,

    *Defendant*.

Civil Action No. 3:22-cv-01503-SRU

April 7, 2024

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME

Plaintiffs Conley Monk Jr., on behalf of himself and the Estate of Conley Monk Sr., and the National Veterans Council for Legal Redress ("NVCLR") respectfully oppose Defendant's April 5, 2024 Motion for Extension of Time, ECF No. 86. A 60-day extension of all case deadlines is not warranted and would prejudice Plaintiffs, who have proceeded diligently to keep this case moving forward. In opposition, Plaintiffs state as follows:

1. Conley Monk Jr. initiated this action on November 28, 2022, nearly eighteen months ago. ECF No. 1. Defendant's deadline to respond to Plaintiffs' Complaint was January 30, 2023. ECF No. 10. Defendant sought and obtained a 60-day extension of its deadline to respond to the Complaint. ECF Nos. 17, 18.

2. In accordance with the Court's Order on Pretrial Deadlines, ECF. No. 4, Plaintiffs acted promptly to move the case forward. A Rule 26(f) conference was held on February 21, 2023. ECF No. 19. Plaintiffs served their initial discovery requests on Mar. 13, 2023, and noticed the

deposition of a former VA official, Margarita Devlin. *See* E-mail from Adam Henderson to Natalie Elicker, Mar. 13, 2023 (on file).

3. Shortly thereafter, the Government moved to dismiss. ECF No. 23. On the same day, Defendant also moved for a stay of discovery, which Mr. Monk contested. ECF Nos. 24, 28.[1] On March 29, 2024, the Court denied both motions. ECF Nos. 83, 84.

4. Now that the Court has confirmed that it has subject matter jurisdiction and that Plaintiffs have stated a claim for relief, the case should move forward. Defendant has not shown good cause to delay the case for 60 days. A request to extend time requires a party to show "good cause," including "a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." D. Conn. L. Civ. R. 7(b)(1).

5. Defendant falls far short of its burden. The extension request is based partly on a change in Defendant's counsel. But that is not a recent development. The Government has known since early November 2023 that the AUSA assigned to this case was being replaced. More than *five months ago*—the day after arguing Defendant's motion to dismiss—AUSA Elicker notified Plaintiffs' counsel that she had already "transferred" her cases to other AUSAs. E-mail from Natalie Elicker to Michael Wishnie, Nov. 3, 2023 ("I . . . have transferred my active cases to other AUSAs.") (copy attached as Exhibit A). At that time and since, the Government was also represented by Attorney Kelley. ECF No. 76. Neither Attorney Elicker nor Kelley have filed notices of withdrawal. Five months later, on April 4, 2024, Attorney Orticelli appeared on behalf of Defendant for the first time. ECF No. 85. As Judge Meyer has noted, a party's lack of planning is not good cause to unilaterally alter the Scheduling Order. *See McDaniel v. Town of Enfield,* 227

---

[1] At a scheduling conference on June 30, 2023, ECF No. 56, Plaintiffs' counsel agreed to a temporary stay of discovery pending the motion to dismiss after Judge Arterton indicated that she would decide the motion to dismiss by September 1, 2023.

F. Supp. 3d 195, 197 (D. Conn. 2016). Moreover, a party should not benefit from delays it itself causes. *Id.* ("The dates set forth in a scheduling order are not mere guidelines or suggestions. The dates are not subject to unilateral postponement by counsel as convenience might beckon or as absence of foresight and planning might seem at the last moment to make necessary.").

6. The remaining bases for the Government's requests are tied to readily foreseeable and routine litigation tasks. To the extent the Government's request for an extension is based on the supposed burden of Plaintiffs' outstanding discovery requests, the Government made no effort to meet and confer with Plaintiffs in good faith about those requests or about the timing of its responses, although Plaintiffs had attempted to communicate with the Government on those issues.

7. Following the Court's Orders on March 29, 2024, ECF Nos. 83, 84, Plaintiffs contacted counsel for Defendant on April 1 and April 2, 2024, to confer on a new discovery schedule. *See* E-mail from Olu Oisaghie to Natalie Elicker and Emily Kelley, Apr. 1, 2024 (on file); E-mail from Michael Sullivan to Natalie Elicker and Emily Kelley, Apr. 2, 2024 (on file). Both messages copied all attorneys for both sides. Plaintiffs also notified Defendant that they were withdrawing nine of their eleven served interrogatories. *Id.* (on file). Defendant's counsel did not respond to these communications.

8. On Friday, April 5, 2024, at 12:56 PM ET, Defendant notified Plaintiffs of its intent to seek a 60-day extension of all deadlines and requested that Plaintiffs provide their position no later than 4:00 PM ET that same day. *See* E-mail from Jillian Rose Orticelli to Jimmy Rock *et al.*, Apr. 5, 2024 (on file). At the exact same time, Plaintiffs sent Defendant a third e-mail following up on their April 1 and 2, 2024 e-mails, again copying all attorneys for both sides. *See* E-mail from Michael Sullivan to Natalie Elicker and Emily Kelley, Apr. 5, 2024 (on file).

3

9. Attorney Orticelli forwarded this e-mail to attorneys for Plaintiffs at 1:30 PM ET, removed an e-mail address for Plaintiffs' law student counsel, and stated: "Counsel – I received the email below from an intern. . . . We should abstain from any discussion re: scheduling until the Court rules on the motion." *See* E-mail from Jillian Rose Orticelli to Michael Wishnie, Apr. 5, 2024 (on file).[2] Instead of scheduling a time to confer on discovery, Defendant offered only to review a draft 26(f) report. *Id*.

10. On April 5, 2024, Plaintiffs responded that they did not consent to Defendant's request for a 60-day extension. *See* E-mail from Olu Oisaghie to Jillian Rose Orticelli, Apr. 5, 2024 (copy attached as Exhibit B).[3] Specifically, Plaintiffs responded as follows:

> You may represent the following as our position to the Court: "Plaintiffs do not consent to the government's request for an extension of all deadlines. If the government would like additional time to respond to specific discovery requests or meet other case deadlines, Plaintiffs would gladly consider those on a request-by-request basis."

*Id*. Defendant did not include Plaintiffs' representation to the Court in its motion. Rather, Defendant asserted: "Counsel did not respond, but Defendant received an e-mail from Yale intern Olu Oisaghie stating that Plaintiffs do not consent to Defendant's motion." ECF No. 86 at 3. Under the Court's prior Order, ECF No. 75, and Local Rule 89.3(d)(1), Mr. Oisaghie is among Plaintiffs' counsel in this matter. D. Conn. L. Civ. R. 89.3(d)(1) ("The law student intern, supervised in accordance with this Rule, may appear as counsel.") (cleaned up).

11. Although Defendant purports to need to extend *all* deadlines to "meet and confer . . . with Plaintiffs' counsel, respecting the discovery," ECF No. 86 at 2, since the Court's

---

[2] The Court approved the appearance of Michael Sullivan on behalf of Plaintiffs on December 1, 2022. ECF No. 11; *see also* D. Conn. L. Civ. R. 83.9(1) ("An eligible law student intern may, with the Court's approval, under supervision by a member of the bar, appear on behalf of any person who has consented in writing to the intern's appearance.").
[3] The Court approved Olu Oisaghie's appearance on October 4, 2023. ECF No. 75; *see also* D. Conn. L. Civ. R. 83.9(1). Mr. Oisaghie argued on behalf of Plaintiffs during the November 2, 2023 hearing. ECF No. 80.

Orders on March 29, 2024, Plaintiffs have attempted *three times* to confer with Defendant, receiving no response to the first two e-mails, and a summary dismissal that the Parties "should abstain from any discussion re: scheduling" on the third. *See* E-mail from Michael Sullivan to Natalie Elicker and Emily Kelley, Apr. 5, 2024 (on file). Plaintiffs are ready to confer as soon as counsel for Defendant provide their availability. No extension is needed to meet and confer about discovery requests. Indeed, as Plaintiffs' email to Defendants make clear, Defendant's existing discovery deadlines are still over three weeks away. *See* E-mail from Michael Sullivan to Natalie Elicker and Emily Kelley, Apr. 2, 2024 (on file).

12. Defendant further states that "[d]iscovery in this case will be burdensome and expensive." ECF No. 86 at 2. Defendant makes no mention that Plaintiffs have withdrawn forty percent of their discovery requests and have attempted three times to schedule a meet and conferral with Defendant to discuss and propose a discovery schedule amenable to both parties. *See* E-Mail from Michael Sullivan to Natalie Elicker and Emily Kelley, Apr. 5, 2024 (on file). Instead of working with Plaintiffs, Defendant sought the Court's intervention as to *all* deadlines while simultaneously rejecting any attempt to confer with Plaintiffs and engage in good faith efforts to establish a mutually agreeable schedule.

13. To the extent Defendant considers any of Plaintiffs' discovery requests to be unduly burdensome or overbroad, the appropriate first step would be to consult with Plaintiffs in good faith. *See* D. Conn. L. Civ. R. 37(a) ("No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area in controversy . . . ."); *Pretrial Preferences of Judge Stefan R. Underhill*, U.S. Courts, https://www.ctd.uscourts.gov/content/stefan-r-underhill ("Judge Underhill

prefers that discovery disputes be resolved by conference call whenever possible. . . . Even after a discovery dispute has been briefed, Judge Underhill expects the parties to continue to attempt to resolve the dispute themselves.").

14.     Defendant also states that it "requires the requested additional time to complete its internal review and make any motion required for appeal." ECF No. 86 at 2 & n.1. The Government does not identify any authority for an interlocutory appeal in this matter. Even if such authority existed, the Government's deadline to file a notice of appeal as of right is set by the Federal Rules of Appellate Procedure and cannot be altered by this Court. *See* Fed. R. App. 4.

15.     Thus, the Government's motion for an extension to the case schedule is really a disguised motion to stay discovery pending a possible interlocutory appeal. But to obtain a stay of discovery pending interlocutory appeal, Defendant must show 1) a better-than-negligible chance of success on the merits; and 2) that Defendant will be irreparably harmed if discovery proceeds. *Gabay v. Roadway Movers, Inc.*, No. 1:22-cv-06901 (JLR), 2023 WL 3569351, at *1-2 (S.D.N.Y. May 19, 2023); In re *World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

16.     Defendant cannot demonstrate a better-than-negligible chance of success on the merits, since the Court's Order is not an immediately appealable collateral order. *Cf. Will v. Hallock*, 546 U.S. 345 (2006) (holding that decision by a district court declining to apply the Federal Tort Claims Act's judgment bar is not an appealable collateral order); *see also id.* at 353 (observing that "simply abbreviating litigation troublesome to Government employees" is insufficient in and of itself to allow an interlocutory appeal as "a matter of right whenever the Government los[es] a motion to dismiss under the Tort Claims Act . . . .").[4]

---

[4] To the extent the Government does not seek an appeal as of right but rather the Court's leave to certify its order for interlocutory appeal under 28 U.S.C. § 1292(b), there is no fixed deadline to file such a motion. *See Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co.*, No. 3:11-CV-282 (JCH), 2012 WL 13027294, at *1 (D. Conn. Dec.

17. Nor has Defendant demonstrated that it will suffer irreparable harm if discovery proceeds. Defendant states that "[d]iscovery in this case will be burdensome and expensive," ECF No. 86 at 2, but the inconvenience or burden of responding or objecting to discovery requests does not constitute irreparable harm. *See* In re *Ring LLC Privacy Litig.*, No. CV 19-10899-MWF (RAOx), 2021 WL 4557222, at *4 (C.D. Cal. Sept. 3, 2021).

For the above stated reasons, Plaintiffs respectfully ask this Court to deny Defendant's Motion for an Extension of Time. Defendant should instead be ordered to meet and confer with Plaintiffs regarding their outstanding discovery requests, as in the normal course.

Dated: April 7, 2024

Respectfully Submitted,

By: */s/ Michael J. Wishnie*
Jared Hirschfield, Law Student Intern
Raillan Brooks, Law Student Intern
Olu Oisaghie, Law Student Intern
Jessica Angel, Law Student Intern
Claire Sullivan, Law Student Intern
Michael Sullivan, Law Student Intern
Natalia Friedlander, ct31510
Michael J. Wishnie, ct27221
Veterans Legal Services Clinic
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800
michael.wishnie@ylsclinics.org

Yaman Salahi, *pro hac vice*
ysalahi@edelson.com
EDELSON PC
150 California St., 18th Floor
San Francisco, California 94111
Tel: (415) 212-9300
Fax: (415) 373-9435

Jimmy Rock, *pro hac vice*
jrock@edelson.com
EDELSON PC
1255 Union Street NE, 7th Floor
Washington, D.C. 20002
Tel: (202) 987-6303

Theo Benjamin, *pro hac vice*
tbenjamin@edelson.com
Zoë Seaman-Grant, *pro hac vice*
zseaman-grant@edelson.com
EDELSON PC
350 North LaSalle St., 14th Floor
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378

*Counsel for Plaintiffs*

---

27, 2012). There is no logic to the Government's requested extension, except to obtain a de facto stay of discovery without attempting to meet the applicable legal standard first.