## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONLEY F. MONK, JR. ET AL., | : | No. 3:22-cv-1503(SRU) |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| THE UNITED STATES OF AMERICA, | : | MAY 13, 2024 |
| *Defendant*. | : | |

### ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant the United States of America ("Defendant" or the "United States") answers the Amended Complaint dated June 5, 2023 (ECF No. 36) (the "Amended Complaint") as follows. Any allegation not specifically admitted herein is denied.

1.      The United States admits that the U.S. Department of Veterans Affairs ("VA") and its predecessors have administered benefits programs both before and after World War II. The United States avers that the VA considers the issue of racial disparities in veteran benefit decisions to be of great significance and is working actively to address it. The VA is committed to eliminating barriers so that all veterans are treated fairly and equally. Except as admitted, the allegations in Paragraph 1 are denied.

2.      The United States admits that in 2021, VA disclosed records and available data answering multiple FOIA requests pertaining to VA disability compensation claims in response to FOIA litigation filed by NVCLR and BVP. Except as admitted, the allegations in Paragraph 2 are denied.

3.      The United States denies the allegations in Paragraph 3.

4.      The United States denies the allegations in Paragraph 4.

5.      The United States denies the allegations in Paragraph 5.

6.     The United States admits that Mr. Monk Jr., Mr. Monk Sr., and Ms. Barnett are United States military veterans. Except as admitted, the allegations in Paragraph 6 are denied.

7.     The United States denies the allegations in Paragraph 7.

8.     The United States admits that VA received Mr. Monk Jr.'s and Mr. Monk Sr.'s administrative tort claims in 2022 and Ms. Barnett's claim in 2023. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 8 pertaining to other members of NVCLR; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

9.     Paragraph 9 contains Plaintiffs' description of their action, constituting legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 9.

10.     Paragraph 10 consists of legal conclusions and conjecture as to jurisdiction to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 10.

11.     Paragraph 11 contains Plaintiffs' description of their action, constituting legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 11.

## JURISDICTION AND VENUE

12.     Paragraph 12 consists of legal conclusions and conjecture as to jurisdiction, to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 12.

13.     Paragraph 13 contains legal conclusions and conjecture as to venue, to which no response is required. To the extent that an answer is required, the United States lacks knowledge

or sufficient information to form a belief about the truth of the allegations in Paragraph 13 pertaining to where Mr. Monk Jr. and NVCLR all reside; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

## PARTIES

14.    The United States admits that Mr. Monk Jr. is a veteran of the U.S. Marine Corps and served during the Vietnam War era. The United States further admits that Mr. Monk Sr. was a U.S. Army veteran and served during the World War II era. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 14, on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

15.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 15, on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

16.    Paragraph 16 contains Plaintiffs' description of their action, constituting legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 16.

## LEGAL FRAMEWORK

17.    The United States admits the allegations in Paragraph 17.

18.    The United States admits the allegations in Paragraph 18.

### *Education Benefits*

19.    The United States admits the allegations in Paragraph 19.

20.    The United States denies that VA provides loans for the cost of tuition. The United States otherwise admits the allegations of Paragraph 20.

21.     The United States admits that over 20 million veterans have benefited from the education assistance programs initially established by the G.I. Bill, including in university courses, certificate programs, on-the job training, apprenticeship training, flight training, and non-college degree courses.

### Home Loan Benefits

22.     The United States admits that the VA home loan program was created by the Servicemen's Readjustment Act of 1944, also known as the G.I. Bill, and that VA's home loan program assists veterans with the purchase and retention of their homes.

23.     The United States admits that the Servicemen's Readjustment Act of 1944 provided a maximum guaranty of up to 50% of the loan amount, not to exceed $2,000, and that Congress has amended VA's home loan program since 1944. Except as admitted, the allegations in Paragraph 23 are denied.

24.     The United States admits the allegations in Paragraph 24.

### Disability Compensation

25.     The United States admits that the VA disability compensation program provides support for eligible veterans who were injured during their military service or whose condition worsened as a result of their service.

26.     The United States admits that current VA disability compensation provides a monthly tax-free cash benefit to eligible veterans with disabilities that are the result of a disease or injury incurred or aggravated during active military service. The United States further admits that, depending on the degree of disability and number of dependents, an eligible veteran may receive more than $4,000 in monthly tax-free cash benefits.

27.     The United States admits that, in fiscal year 2022, VA provided over $127 billion in disability compensation to approximately 5.9 million veterans and their families. Except as admitted, the allegations in Paragraph 27 are denied.

### *Eligibility for Education, Housing, and Disability Benefits*

28.     The United States admits the allegations in Paragraph 28, except that certain individuals related to eligible veterans (e.g., dependents of veterans) may be also eligible for some of those benefits.

29.     The United States admits the allegations in Paragraph 29, except denies those with regard to education benefits and Uncharacterized discharges. Responding further: Education benefits require an Honorable discharge. 38 U.S.C. § 3011. There are three types of Uncharacterized discharges. The first type (entry level separation) is generally eligible for VA benefits unless a statutory bar applies. 38 C.F.R. § 3.12(k)(1). The second and third types (void enlistment or induction; dropped from the rolls) generally require a "character of discharge" assessment. 38 C.F.R. § 3.12(k)(2), (k)(3). Individuals who receive a discharge type that is generally eligible for VA benefits must still meet the relevant eligibility criteria on an individual basis.

30.     The United States admits the allegations in Paragraph 30.

### *VA's Duty to Administer Education, Housing, and Disability Benefits*

31.     The United States admits the allegations in Paragraph 31, except denies that the Veterans Administration was an agency. Responding further: the Veterans Administration was an administration.

32.     The United States admits that Congress, on July 3, 1930, authorized the President to establish the Veterans Administration; and on July 21, 1930, the President established the

5

Veterans Administration via Executive Order 5398. The United States further admits that, from 1930 through 1957, 38 U.S.C. § 11a provided that the VA Administrator, "under the direction of the President, shall have the control, direction, and management of the various agencies and activities" consolidated under the Veterans Administration.

33.    The United States admits that Paragraph 33 contains an accurate excerpt from the Veterans' Benefits Act of 1957, Pub. L. No. 85-56, 71 Stat. 83, 91-92 (1957), which document speaks for itself and is the best evidence of its contents.

34.    The United States admits the allegations in Paragraph 34.

35.    The United States admits that Paragraph 35 contains an accurate excerpt from 38 U.S.C. § 303, which document speaks for itself and is the best evidence of its contents, and that Congress passed the Department of Veterans Affairs Codification Act on August 6, 1991. Except as admitted, the allegations in Paragraph 35 are denied.

## FACTUAL ALLEGATIONS

36.    The United States denies the allegations in Paragraph 36.

**A. VA Officials Breached Their Duty of Care by Administering Benefits in a Racially Discriminatory Manner.**

37.    The United States admits that NVCLR and BVP filed FOIA requests with various components of VA in February 2021 and sought information, including but not limited to, VA disability compensation claims and their determinations. Except as admitted, the allegations in Paragraph 37 are denied.

38.    The United States admits that in February 2021, NVCLR and BVP made multiple complex FOIA requests with more than two dozen separate demands for 20 years of data, across two VA Administrations, and that as part of the FOIA process used their option to file administrative appeals. The United States further admits that VA provided responses, and NVCLR

and BVP ultimately were satisfied with VA's data releases and supporting documents and decided to end the litigation.

39.     The United States admits that records disclosed in response to FOIA requests submitted by NVCLR and BVP in February 2021 included claims outcomes from 2001 to 2020. The United States denies the remaining allegations in Paragraph 39.

40.     The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 40; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

41.     The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 41 pertaining to statistical analysis conducted by Yale University; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

42.     The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 42 pertaining to statistical analysis conducted by Yale University; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

43.     The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 43 pertaining to statistical analysis conducted by Yale University; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

44.     The United States denies the allegations in Paragraph 44.

**B. VA Knew or Should Have Known About Racial Discrepancies and Failed to Remedy Them.**

45.     The United States denies the allegations in Paragraph 45.

46.    Paragraph 46 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 46.

47.    Paragraph 47 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 47.

48.    Paragraph 48 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 48.

49.    Paragraph 49 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 49.

50.    The United States admits that the listed individuals served as VA Administrators or Acting VA Administrators during the time periods listed. All allegations of negligence or otherwise improper conduct are denied.

51.    The United States admits that the listed individuals served as VA Secretaries or Acting VA Secretaries during the time periods listed. All allegations of negligence or otherwise improper conduct are denied.

52.    The United States admits that the listed individuals served as VA Under Secretaries of Benefits or Acting VA Under Secretaries of Benefits during the time periods listed. All allegations of negligence or otherwise improper conduct are denied.

53.    The United States denies the allegations in Paragraph 53.

54.    The United States denies the allegations in Paragraph 54.

55.     The United States denies the allegations in Paragraph 55.

56.     The United States admits that Veterans Benefits Administration ("VBA") claims adjudication employees attend multiple hours of training per year, in addition to extensive initial job training.

57.     The United States admits that VA has several courses in its foundational training that address bias and the need to make decisions with fairness and courtesy. Except as admitted, the allegations in Paragraph 57 are denied.

58.     The United States denies the allegations in Paragraph 58.

59.     The United States denies the allegations in Paragraph 59.

60.     The United States denies the allegations in Paragraph 60.

61.     The United States denies the allegations in Paragraph 61.

62.     The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 62 pertaining to the study conducted by AFGE; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof. The United States denies the allegation that VA training is insufficient.

63.     The United States admits that, on May 6, 2021, the House Veterans Affairs Subcommittee on Oversight and Investigations held a hearing. The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 63 pertaining to the purported statistical data cited by U.S. Rep. Chris Pappas during the hearing; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

64.     The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 64; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

65.     The United States admits that VA's Advisory Committee on Minority Veterans notified VBA leadership in 2013 and 2015 that minority veterans have expressed the opinion that they feel that the percentage levels that they receive for disability, especially PTSD claims, are significantly lower than that received by non-minority veterans. The United States further admits that compensation ratings and benefits decisions are made on an individual basis and involve consideration of a variety of factors based on the law and record. Except as admitted, the allegations in Paragraph 65 are denied.

66.     The United States denies the allegations in Paragraph 66.

67.     The United States denies the allegations in Paragraph 67.

68.     The United States admits that it provided additional FOIA responses in 2023. Except as admitted, the allegations in Paragraph 68 are denied.

69.     The United States admits that VA prepared a report titled VA PTSD Grant Rate Analysis dated July 19, 2017, which document speaks for itself and is the best evidence of its contents. Except as admitted, the allegations in Paragraph 69 are denied.

70.     The United States denies the allegations in Paragraph 70.

71.     Paragraph 71 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 71.

72.     Paragraph 72 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 72.

73.     The United States admits that VA responded to FOIA Request 21-03-679-F on June 16, 2021 and avers that the response speaks for itself and is the best evidence of its contents. The

United States further admits that the CPMR is the Compensation and Pension Master Record, which was a payment system used by VA. Except as admitted, the allegations in Paragraph 73 are denied.

74.    Paragraph 74 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 74.

75.    Paragraph 75 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 75.

76.    The United States admits that the Task Force on the Administration of Military Justice in the Armed Forces published a Report of the Task Force on the Administration of Military Justice in the Armed Forces in 1972 and avers that the document speaks for itself and is the best evidence of its contents. Except as admitted, the allegations in Paragraph 76 are denied.

77.    The United States admits that the Defense Equal Opportunity Management Institute Directorate of Research Development and Strategic Initiatives issued a Report of Racial Disparities in the Military Justice System in 2017 and avers that the document speaks for itself and is the best evidence of its contents. Except as admitted, the allegations in Paragraph 77 are denied.

78.    The United States avers that United States Equal Employment Opportunity Commission decisions speak for themselves and are the best evidence of their contents. Except as admitted, the allegations in Paragraph 78 are denied.

79.    The United States admits that certain military characterizations of service (Other Than Honorable, Bad Conduct Discharge, and certain types of Uncharacterized discharges) result

in VA conducting a COD assessment. Except as admitted, the allegations in Paragraph 79 are denied.

80.    The United States denies the allegations in Paragraph 80.

81.    Paragraph 81 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 81.

82.    Paragraph 82 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 82.

**C. VA Leadership's Negligent Administration of Benefits Harmed Mr. Monk Jr.**

83.    The United States admits that Mr. Monk Jr. is a Black veteran who served during the Vietnam War era. The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 83 pertaining to Mr. Monk Jr.'s purported background facts; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof. The remaining allegations in Paragraph 83 are denied.

84.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 84; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

85.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 85; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

86.     The United States admits that Mr. Monk Jr. enlisted in the U.S. Marine Corps on November 12, 1968, but denies the remaining allegations in Paragraph 86 for lack of knowledge or sufficient information to form a belief about the truth of the allegations.

87.     The United States admits that Mr. Monk Jr. trained at Parris Island, South Carolina, attended Motor Vehicle Operations School at Camp Lejeune, North Carolina, and deployed to Vietnam.

88.     The United States admits that Mr. Monk Jr. arrived in Vietnam on July 20, 1969. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 88; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

89.     The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 89; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

90.     The United States admits that Mr. Monk Jr.'s military occupation specialty was motor vehicle operator. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 90; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

91.     The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 91; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

92.     The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 92; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

93.    The United States admits that Mr. Monk Jr. received Rifle Marksman Badge, a National Defense Service Medal, a Vietnam Service Medal with one star, and a Vietnam Combat Medal with Device. Except as admitted, the allegations in Paragraph 93 are denied.

94.    The United States admits that Mr. Monk Jr. left Vietnam on November 6, 1969, and was stationed in Okinawa, Japan from November 11, 1969, to September 12, 1970, with the 3rd Battalion of the 3rd Marine Division.

95.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 95; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

96.    The United States denies the allegations in Paragraph 96.

97.    The United States admits the allegations in Paragraph 97.

98.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 98; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

99.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 99; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

100.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 100; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

101.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 101; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

102.     The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 102; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

103.     The United States admits that VA received a request from the Connecticut Unemployment Compensation Department for Mr. Monk Jr.'s military information in December 1970.

104.     The United States admits that VA issued an administrative decision in March 1971 that determined that Mr. Monk Jr. was "discharged under dishonorable conditions and is not therefore entitled to any benefits administered by the Veterans Administration." The United States further admits that Mr. Monk requested reconsideration of the March 1971 decision and was informed in May 1971 that there was no basis for reconsideration of the original decision. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 104; on that basis, the United States denies the remaining allegations and leaves Plaintiffs to their proof.

105.     The United States denies the allegations in Paragraph 105.

106.     The United States admits that Mr. Monk Jr. applied for VA education benefits to attend the University of New Haven in 1976. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 106; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

107.     The United States admits that VA denied Mr. Monk's application for education benefits on April 12, 1976 because the evidence of record established that he was separated from service under conditions that precluded entitlement to this benefit. Except as admitted, the allegations in Paragraph 107 are denied.

108.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 108; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

109.    The United States admits that Mr. Monk Jr. applied for VA disability compensation for "post-Vietnam stress" in February 1982. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 109; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

110.    The United States admits that VA denied Mr. Monk Jr.'s February 1982 application for VA disability compensation because the evidence of record established that he was separated from service under conditions that precluded entitlement to this benefit. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 110; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

111.    The United States admits that Mr. Monk Jr. applied for VA loan guaranty benefits in 1983. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 111; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

112.    The United States admits that VA denied Mr. Monk Jr.'s application for loan guaranty benefits because the evidence of record established that he was separated from service under conditions that precluded entitlement to this benefit. Except as admitted, the allegations in Paragraph 112 are denied.

113.    The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 113; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

114.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 114; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

115.    The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 115; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

116.    The United States admits that Mr. Monk Jr. applied for VA disability compensation for type II diabetes in 2010. Except as admitted, the allegations in Paragraph 116 are denied.

117.    The United States admits that VA denied Mr. Monk Jr.'s application for disability compensation for type II diabetes in a decision dated December 8, 2010 because the evidence of record established that he was separated from service under conditions that precluded entitlement to this benefit. The United States further admits that the December 8, 2010 decision states that Mr. Monk Jr. was previously informed of VA denials of benefits in 1976 and 1982. Except as admitted, the allegations in Paragraph 117 are denied.

118.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 118; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

119.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 119; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

120. The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 120; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

121. The United States admits that Mr. Monk Jr., represented by the Jerome N. Frank Legal Services Organization, Yale Law School, filed an informal application for disability compensation benefits in February 2012 for PTSD and type 2 diabetes. The United States further admits that this application was initially denied in August 2012 because the evidence of record established that he was separated from service under conditions that precluded entitlement to this benefit. Except as admitted, the allegations in Paragraph 121 are denied.

122. The United States admits that Mr. Monk Jr. appealed the August 2012 denial. The United States further admits that Mr. Monk Jr. obtained an upgrade to his discharge status through the Board for Correction of Naval Records ("BCNR") in May 2015. The United States further admits that VA recognized the BCNR decision and issued a decision in September 2015 granting Mr. Monk Jr. disability compensation for PTSD with a 100% rating, as well as for diabetes and associated peripheral neuropathy.

123. The United States admits that the September 2015 decision assigned Mr. Monk Jr. an effective date of July 20, 2012 pursuant to 38 C.F.R. § 3.400(g)(1) as the date that BCNR received Mr. Monk Jr.'s petition to upgrade his character of discharge. Except as admitted, the allegations in Paragraph 123 are denied.

124. The United States admits that the U.S. Court of Appeals for Veterans Claims, in a May 2020 decision, remanded the claim for consideration of Mr. Monk Jr.'s argument that he was entitled to an earlier effective date for benefits. Except as admitted, the allegations in Paragraph 124 are denied.

125.    The United States admits that the Board of Veterans' Appeals ("Board"), in a December 2020 decision, found that new evidence submitted in connection with his February 2012 claim for VA benefits demonstrated that Mr. Monk Jr. met the criteria for insanity at the time that he committed the offenses that led to his discharge from military service. 2020 WL 8912950, at *5. The United States further admits that the Board found that Mr. Monk Jr. was entitled to a February 2012 effective date, rather than a July 2012 effective date, for his benefits. *Id.* at *6. The United States further avers that the Board's decision speaks for itself and is the best evidence of its contents. Except as admitted, the allegations in Paragraph 125 are denied.

126.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 126; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

127.    Paragraph 127 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 127.

128.    Paragraph 128 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 128.

129.    The United States denies the allegations in Paragraph 129.

130.    The United States admits that Mr. Monk Jr. underwent a VBA Compensation & Pension psychiatric evaluation for his 2012 application for disability compensation. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 130; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

131.    The United States denies the allegations in Paragraph 131.

132.    The United States denies the allegations in Paragraph 132.

133.    The United States denies the allegations in Paragraph 133.

134.    The United States denies the allegations in Paragraph 134.

**D. VA Leadership's Negligent Benefits Administration Harmed Mr. Monk Sr.**

135.    The United States admits the allegations in Paragraph 135.

136.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 136; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

137.    The United States admits that Mr. Monk Sr. enlisted to the U.S. Army in 1943 at Fort Bragg, North Carolina and had military occupational specialty of "truck driver, light."

138.    The United States admits that Mr. Monk Sr. served in Normandy, France.

139.    The United States admits that, during World War II, the Army, Navy, and Marine Corps segregated Black members into separate units. The United States further admits that Mr. Monk Sr. served in a segregated unit.

140.    The United States admits that Mr. Monk Sr. had stomach issues during his military service. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 140; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

141.    The United States admits the allegations in Paragraph 141.

142.    The United States admits that Mr. Monk Sr. was denied disability pension in February 1946 due to the official records related to his service, together with other evidence in his claims file, because he failed to show that he had a disease or injury incurred in service in line of

duty, or one that has been aggravated thereby, to a 10% or more degree, as required by law before disability pension may be paid. Except as admitted, the allegations in Paragraph 142 are denied.

143.    The United States admits that Mr. Monk Sr. applied for VA dependency benefits for his mother and that VA issued a dependency decision dated May 23, 1946, stating that the evidence submitted in the case was not deemed adequate to establish dependency of mother as contemplated under applicable laws. Except as admitted, the allegations in Paragraph 143 are denied.

144.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 144; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

145.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 145; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

146.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 146; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

147.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 147; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

148.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 148; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

149.    The United States admits that Mr. Monk Sr. was granted service connection for psychoneurosis in 1946 at a non-compensable rating, and that VA considered his stomach issues to be a manifestation of the psychoneurosis diagnosis. The United States further admits that Mr. Monk Sr. was granted a Vocational Rehabilitation and Education subsistence allowance in 1946. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 149; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

150.    The United States admits that Mr. Monk Sr. passed away on January 20, 1989. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 150; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

151.    Paragraph 151 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 151.

152.    Paragraph 152 contains Plaintiffs' description of their action, constituting legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 152.

**E. VA Leadership's Negligent Administration of Benefits Harmed NVCLR Members**

153.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 153; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

154.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 154; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

155.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 155; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

156.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 156; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

157.    The United States denies the allegations in Paragraph 157 of a racially discriminatory system administered by VA leadership. The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 157 relating to NVCLR; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

158.    Paragraph 158 contains Plaintiffs' description of their action, constituting legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations.

159.    The United States admits that Ms. Barnett was born in 1963. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 159; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

160.    The United States admits that that Ms. Barnett enlisted in the Navy in 1983. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 160; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

161.    The United States admits that Ms. Barnett was stationed in Norfolk, Virginia during her military service. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 161; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

162.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 162; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

163.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 163; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

164.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 164; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

165.    The United States admits the allegations in Paragraph 165.

166.    The United States admits that Mr. Barnett received an Honorable discharge from the Navy in July 1987. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 166; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

167.    The United States admits that Ms. Barnett applied for VA disability compensation in 1989. The United States further admits that VA determined that Ms. Barnett's diagnosis of inflammation of the cervix was service-connected at less than 10% disabling, and thus, compensation was not payable. Except as admitted, the allegations in Paragraph 167 are denied.

168.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 168; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

169.    The United States admits that Ms. Barnett applied for VA disability compensation in 1998 for dysplasia-mild, muscle strain lower back, allergies, bronchitis, abnormal PAP smears, asthma, left forearm injury, and pelvic pain. Except as admitted, the allegations in Paragraph 169 are denied.

170.    The United States admits that VA ordered a C&P exam for Ms. Barnett which was performed on December 11, 1999 by contract physician Concepcion Aspili, MD, at her private office located at 3000 Coliseum Drive, Hampton, Virginia 23666. The United States further admits that Ms. Barnett filed a complaint with VA about her interactions with Dr. Aspili on December 29, 1999. The United States lacks knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph 170; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

171.    The United States admits that VA continued Ms. Barnett's 0% disability rating for follicular cervicitis with pelvic inflammatory disease and that VA denied service connection for her other claims in 2000.

172.    The United States admits that the Veterans Benefits Administration received congressional inquiries from Congresswoman Jo Ann Davis and Senator John Warner about Ms. Barnett in 2001. The United States further admits that Ms. Barnett wrote to VA Secretary Anthony Principi in 2001 about her benefits claim. Except as admitted, the allegations in Paragraph 172 are denied.

173.    The United States admits that VA increased Ms. Barnett's service connection for follicular cervicitis with pelvic inflammatory disease from 0% to 10% in 2002 which entitled Ms. Barnett to disability compensation from the effective date of April 6, 2001. Except as admitted, the allegations in Paragraph 173 are denied.

174.    The United States admits that VA denied service connection for Ms. Barnett's other claims. Except as admitted, the allegations in Paragraph 174 are denied.

175.    The United States admits that Ms. Barnett requested the reopening of these claims in 2009, which was denied, and she appealed that denial to the Board in 2012. Based on that appeal, the Board granted service connection for these claims in 2019. The United States admits that VA assigned non-compensable ratings for her allergies, sinusitis, and uterine bleeding. Except as admitted, the allegations in Paragraph 175 are denied.

176.    The United States admits that, in 2021, VA granted Ms. Barnett service connection for asthma at 30% (effective 2009). The United States further admits that, in 2022, VA granted Ms. Barnett service connection for a mood disorder at 70% and increased her ratings for sinusitis to 30% and allergic rhinitis (formerly rated as allergies) to 30% (all effective 2021). The United States also admits that Ms. Barnett's combined disability rating is 90%. Except as admitted, the allegations in Paragraph 176 are denied.

177.    The United States admits that claimants are statutorily obligated to fill out prescribed forms and submit evidence to support their claims for benefits. 38 U.S.C. §§ 5101(a)(1)(A), 5107(a). Except as admitted, the allegations in Paragraph 177 are denied.

178.    Paragraph 178 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 178.

179.    Paragraph 179 contains Plaintiffs' description of their action, constituting legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 179.

**F. The United States is Liable to Plaintiffs Under the FTCA**

180.    Paragraph 180 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 180.

181.    Paragraph 181 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 181.

182.    Paragraph 182 contains legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 182; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof.

183.    The United States denies the allegations in Paragraph 183.

184.    The United States denies the allegations in Paragraph 184.

185.    The United States denies the allegations in Paragraph 185.

186.    The United States denies the allegations in Paragraph 186.

187.    The United States admits that Mr. Monk Jr. filed an FTCA administrative claim with VA on March 1, 2022, which document speaks for itself and is the best evidence of its contents. Except as admitted, the allegations in Paragraph 187 are denied.

188.    The United States lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 188 pertaining to Mr. Monk Jr.'s appointment as

Administrator of Mr. Monk Sr.'s estate; on that basis, the United States denies the allegations and leaves Plaintiffs to their proof. The remaining allegations in Paragraph 188 contain legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 188.

189. The United States admits that Mr. Monk Jr. filed an FTCA administrative claim on behalf of the estate of Mr. Monk Sr. with VA on November 28, 2022, which document speaks for itself and is the best evidence of its contents. Except as admitted, the allegations in Paragraph 189 are denied.

190. The United States admits that VA acknowledged receipt of Mr. Monk Jr.'s FTCA administrative claim on behalf of the estate of Mr. Monk Sr. on December 22, 2022. Except as admitted, the allegations in Paragraph 190 are denied.

191. The United States admits that VA did not issue a final agency decision on Mr. Monk Jr.'s two FTCA claims prior to the filing of the Amended Complaint. The remaining allegations in Paragraph 191 contain legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 191.

192. The United States admits that Ms. Barnett filed an FTCA administrative claim with VA on December 22, 2023 and that VA did not issue a final agency decision prior to the filing of the Amended Complaint. The remaining allegations in Paragraph 192 contain legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 192.

193. The United States denies the allegations in Paragraph 193.

194.    Paragraph 194 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 194.

## G. Class Action Allegations

195.    Paragraph 195 contains Plaintiffs' description of their action, constituting legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 195.

196.    Paragraph 196 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 196.

197.    Paragraph 197 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 197.

198.    Paragraph 198 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 198.

199.    Paragraph 199 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 199.

200.    Paragraph 200 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 200.

## FIRST CLAIM FOR RELIEF

### 28 U.S.C. § 1346(b) – Federal Tort Claims Act – Negligence

201.    Paragraph 201 contains Plaintiffs' description of their action, constituting legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 201.

202.    Paragraph 202 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 202.

203.    Paragraph 203 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 203.

204.    Paragraph 204 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 204.

205.    Paragraph 205 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 205.

206.    Paragraph 206 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 206.

207.    Paragraph 207 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 207.

208.    Paragraph 208 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 208.

## SECOND CLAIM FOR RELIEF

### 28 U.S.C. § 1346(b) – FTCA – Negligent Infliction of Emotional Distress

209.    Paragraph 209 contains Plaintiffs' description of their action, constituting legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 209.

210.    Paragraph 210 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 210.

211.    Paragraph 211 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 211.

212.    Paragraph 212 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 212.

213.    Paragraph 213 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 213.

214.    Paragraph 214 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations.

215.    Paragraph 215 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 215.

216.    Paragraph 216 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 216.

217.    Paragraph 217 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 217.

218.    Paragraph 218 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 218.

### THIRD CLAIM FOR RELIEF

### 28 U.S.C. § 1346(b) – FTCA – Negligent Supervision

219.    Paragraph 219 contains Plaintiffs' description of their action, constituting legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 219.

220.    Paragraph 220 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 220.

221.    Paragraph 221 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 221.

222.    Paragraph 222 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 222.

223.    Paragraph 223 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 223.

224.    Paragraph 224 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 224.

225.    Paragraph 225 consists of legal conclusions and conjecture to which no response is required. To the extent that an answer is required, the United States denies the allegations in Paragraph 225.

## REQUEST FOR RELIEF

The remainder of the Amended Complaint consists of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, the United States denies that Plaintiffs are entitled to the damages claimed in the section titled "Request for Relief" and its sub-parts 1 through 4, or any relief, as against Defendant.

* * *

The United States raises the following defenses to Plaintiffs' allegations, in the alternative where appropriate, and to the extent the discovery and the evidence so indicate:

### **First Defense**

The Court lacks jurisdiction over the subject matter of Plaintiffs' claims against the United States in whole or in part.

**Second Defense**

Plaintiffs' causes of action are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.

**Third Defense**

The Court lacks jurisdiction over the subject matter of Plaintiffs' claims pursuant to the Veterans' Judicial Review Act, 38 U.S.C. § 511.

**Fourth Defense**

Plaintiffs' claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

**Fifth Defense**

Plaintiffs have failed to state a claim on which relief may be granted in whole or in part.

**Sixth Defense**

The United States, through employees, did not owe a legal duty to Plaintiffs.

**Seventh Defense**

The United States, through employees, did not breach any duty of care owed to Plaintiffs.

**Eighth Defense**

The United States has waived its sovereign immunity only for the actions of "employees of the government" as defined in 28 U.S.C. § 2671.

**Ninth Defense**

Plaintiffs' alleged injuries and damages, if any, were not proximately caused by any negligent or wrongful act or omission of an employee of the United States acting within the scope of his or her employment.

### Tenth Defense

Plaintiffs were comparatively and/or contributorily negligent and proximately caused and/or contributed to Plaintiffs' injuries, damages, and losses, if any, alleged in the Amended Complaint.

### Eleventh Defense

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

### Twelfth Defense

Plaintiffs' recovery of damages, if any, is limited by Federal and applicable state law.

### Thirteenth Defense

To the extent that Plaintiffs failed to mitigate any damages, any recovery should be so reduced.

### Fourteenth Defense

Plaintiffs' recovery against the United States, if any, is limited to the amount Plaintiffs have claimed administratively. 28 U.S.C. § 2675(b).

### Fifteenth Defense

Plaintiffs may not recover punitive damages, non-monetary damages, or pre-judgment interest under the Federal Tort Claims Act. 28 U.S.C. § 2674.

### Sixteenth Defense

Pursuant to the provisions in the Federal Tort Claims Act, Plaintiffs' claim for attorney's fees is not recoverable. 28 U.S.C. § 2678.

### Seventeenth Defense

To the extent the Court enters a money judgment against the United States, Plaintiffs are entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

### Eighteenth Defense

To the extent the Court enters a money judgment against the United States, said judgment should be reduced by those amounts which have been reimbursed or indemnified, or will with certainty be reimbursed or indemnified, in whole or in part from any collateral source.

### Nineteenth Defense

To the extent the Court enters a money judgment against the United States, the United States is entitled to an offset for any benefits paid to or on behalf of Plaintiffs by any agency of the United States or through any state agency which receives funds from the United States, including but not limited to Medicaid, Medicare, and/or the Veterans Benefit Administration.

### Twentieth Defense

Plaintiffs' claims are barred by any exception to or limitation on the United States' waiver of sovereign immunity.

### Twenty-First Defense

Under the Federal Tort Claims Act, the United States only may be held liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

### Twenty-Second Defense

Plaintiffs' claims are barred by the Federal Tort Claims Act's two-year statute of limitations.

**Twenty-Third Defense**

Plaintiffs' claims are barred to the extent they failed to administratively exhaust their claims.

**Twenty-Fourth Defense**

To the extent Plaintiffs raise claims outside of the applicable administrative deadlines, or failed to raise them at all, those claims are barred.

**Twenty-Fifth Defense**

Plaintiffs' claims and the requested relief are not amenable to a class action lawsuit.

**Twenty-Sixth Defense**

Plaintiffs lack standing.


The United States asserts that it has, or may have, additional affirmative defenses that are not known to the United States at this time but may be ascertained through discovery. The United States specifically preserves these and other affirmative defenses as the facts and circumstances giving rise to the Amended Complaint become known through the course of litigation.


Wherefore, Defendant respectfully requests that this Court enter a judgment in its favor, dismiss Plaintiffs' Amended Complaint with prejudice, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

VANESSA ROBERTS AVERY
United States Attorney

JAMES G. TOUHEY, JR.
Director, Torts Branch

CHRISTOPHER R. BENSON
Assistant Director, Torts Branch


By:     /s/ *Jillian Rose Orticelli*
        Jillian Rose Orticelli (ct28591)
        Assistant United States Attorney
        450 Main Street, Rm. 328
        Hartford, CT  06103
        Tel.: (860) 947-1101
        Fax: (860) 760-7979
        Email: Jillian.Orticelli@usdoj.gov

        Emily M. Kelley (phv207548)
        Trial Attorney
        United States Department of Justice
        Civil Division, Torts Branch
        Benjamin Franklin Station, P.O. Box 888
        Washington, DC 20044
        Telephone: (202) 616-4400
        Email: Emily.m.kelley@usdoj.gov

        **ATTORNEYS FOR DEFENDANT
        UNITED STATES OF AMERICA**