# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONLEY F. MONK JR., et al., *Plaintiffs*, v. UNITED STATES OF AMERICA, *Defendant*. | No. 3:22-cv-01503-SRU<br><br>May 28, 2024 |

## JOINT REPORT OF SUPPLEMENTAL FRCP 26(f) CONFERENCE

| | |
|---|---|
| **Date Complaint Filed:** | November 28, 2022 |
| **Date Complaint Served:** | November 30, 2022 |
| **Date of Defendant's Appearance:** | January 23, 2023 |
| **Date Amended Complaint Served:** | June 5, 2023 |
| **Date Answer to Amended Complaint Served:** | May 13, 2024 |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, counsel for Plaintiffs Conley F. Monk, Jr., on behalf of himself and the Estate of Conley Monk, Sr., and the National Veterans Council for Legal Redress and counsel for Defendant United States of America met and conferred on May 21, 2024, and dates thereafter, regarding the claims and defenses asserted or to be asserted, the likely scope of discovery and plan for disposition motions, and the possibilities for prompt resolution. This report supplements the joint report filed on March 8, 2023. ECF 19. The participants were:

- Michael J. Wishnie, Theo Benjamin, Jessica Angel, and Michael Sullivan for Plaintiffs

- Jillian Orticelli, Emily Kelley, and Irina Majumdar for Defendant United States of America

**I.     Certification**

Undersigned counsel, after consultation with their clients, certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    Jurisdiction**

**A. Subject Matter Jurisdiction**

Plaintiffs maintain that the Court has subject matter jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b). Defendant disputes subject matter jurisdiction.

**B. Personal Jurisdiction**

Personal jurisdiction is not contested.

**III.   Brief Description of Case**

**A. Claims of Plaintiffs**

Plaintiff Conley Monk, Jr. is a Black veteran of the U.S. Marine Corps, who served with distinction in the Vietnam War. Upon returning home, the Department of Veterans Affairs (VA) denied Mr. Monk's applications for education, housing, and disability compensation benefits at least five times over forty years. In 2021, in response to Freedom of Information Act (FOIA) litigation brought by Mr. Monk's organization, VA disclosed records that revealed VA denied service-connected disability compensation applications of Black veterans at significantly higher rates than their white counterparts from 2001 to 2020—the period for which VA disclosed data.

These records revealed a continuing practice of discrimination that persisted at least through the end of 2020, when Mr. Monk continued to pursue disability compensation claims at VA. Upon discovering this information, Mr. Monk filed an administrative claim under the Federal Tort Claims Act (FTCA) in February 2022. VA did not respond to Mr. Monk's FTCA administrative claim before he filed this action on November 28, 2022.

Plaintiff Conley Monk, Jr. also brings this action on behalf of his father's estate. Conley Monk, Sr. was a Black veteran of the United States Army who served in World War II and participated in the Normandy invasion in 1944. He was honorably discharged from the Army in January 1946. VA repeatedly denied Mr. Monk, Sr.'s education, housing, and disability compensation benefits. He passed away on January 20, 1989, with no known benefits granted. Conley Monk, Jr. is the administrator of his father's estate.

The National Veterans Council for Legal Redress (NVCLR) also brings this action on behalf of its members. NVCLR is a Connecticut organization comprised of members who are veterans of the U.S. military, pay yearly membership dues, and attend regular meetings in the New Haven area. A majority of NVCLR's membership is Black and eighty percent of NVCLR's membership has applied for VA disability, education, or housing benefits. NVCLR helps its members in applying for benefits in the VA system. Multiple members of NVCLR are Black veterans who have exhausted their FTCA administrative remedies.

Plaintiffs brought this FTCA action to obtain compensatory damages for VA's tortious conduct. They allege that VA leaders knew or should have known of pervasive racial disparities in the award of VA benefits. Because VA leaders negligently failed to address these disparities, VA leadership breached its ordinary duty of care and its statutory duty of care under 38 U.S.C.

3

§ 303 and 38 U.S.C.§ 210(b). Plaintiffs assert claims for negligence, negligent infliction of emotional distress, and negligent supervision.

### B. Defenses and Claims of Defendants

Defendant denies that Plaintiff can maintain this claim against the United States pursuant to the FTCA. Among other defenses, this Court lacks subject matter jurisdiction over Plaintiffs' claims, including pursuant to the FTCA and the Veterans' Judicial Review Act; Plaintiffs' claims are untimely; and Plaintiffs fail to state claims for which relief may be granted. Further, the claims and requested relief are not amenable to a class action lawsuit.

### C. Defenses and Claims of Third-Party Defendant(s)

Not applicable.

## IV. Statement of Undisputed Facts

Counsel certify that they have made a good-faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1. The Department of Veterans Affairs and its predecessor the Veterans' Administration have been responsible for administering veterans' education, housing, and disability benefits programs since 1930.

2. Mr. Monk is a Black veteran who enlisted in the U.S. Marine Corps on November 12, 1968.

3. Mr. Monk trained at Parris Island, South Carolina, attended Motor Vehicle Operations School at Camp Lejeune, North Carolina, and deployed to Vietnam. He arrived in Vietnam on July 20, 1969.

4. Mr. Monk's military occupation specialty was motor vehicle operator.

5. Mr. Monk received Rifle Marksman Badge, a National Defense Service Medal, a Vietnam Service Medal with one star, and a Vietnam Combat Medal with Device.

6. Mr. Monk left Vietnam on November 6, 1969, and was stationed in Okinawa, Japan from November 11, 1969 to September 12, 1970, with the 3rd Battalion of the 3rd Marine Division.

7. Mr. Monk was separated on September 15, 1970 with an Undesirable discharge (now known as discharge "Under Other than Honorable" conditions).

8. The VA received a request from the Connecticut Unemployment Compensation Department for Mr. Monk Jr.'s military information in December 1970. VA issued an administrative decision in March 1971 that determined that Mr. Monk Jr. was "discharged under dishonorable conditions and is not therefore entitled to any benefits administered by the Veterans Administration." Mr. Monk Jr. requested reconsideration of the March 1971 decision and was informed by VA in May 1971 that there was no basis for reconsideration of the original decision.

9. Mr. Monk Jr. applied for VA education benefits to attend the University of New Haven in 1976.

10. VA denied Mr. Monk Jr.'s application for education benefits on April 12, 1976.

11. In February 1982, Mr. Monk Jr. applied to VA for disability compensation benefits for "post-Vietnam stress." VA denied Mr. Monk Jr.'s February 1982 application for VA disability compensation.

12. In 1983, Mr. Monk Jr. applied for VA loan guaranty benefits. VA denied Mr. Monk Jr.'s application for loan guaranty benefits.

13. In 2010, Mr. Monk applied for VA disability compensation for type II diabetes. In a decision dated December 8, 2010, VA denied Mr. Monk Jr.'s application.

14. In 2012, Mr. Monk Jr. underwent a VBA Compensation & Pension psychiatric evaluation.

15. Mr. Monk Jr., represented by the Jerome N. Frank Legal Services Organization, Yale Law School, filed an informal application for disability compensation benefits in February 2012 for PTSD and type II diabetes. This application was initially denied by VA in August 2012.

16. Mr. Monk Jr. appealed VA's August 2012 decision.

17. Mr. Monk Jr. obtained an upgrade to his discharge status through the Board for Correction of Naval Records in May 2015. In September 2015, VA granted Mr. Monk Jr. disability compensation for PTSD with a 100% rating, as well as for diabetes and associated peripheral neuropathy. The September 2015 decision assigned Mr. Monk Jr. an effective date of July 20, 2012 pursuant to 38 C.F.R. § 3.400(g)(1) as the date that BCNR received Mr. Monk Jr.'s petition to upgrade his character of discharge. Mr. Monk Jr. appealed the decision.

18. The U.S. Court of Appeals for Veterans Claims, in a May 2020 decision, remanded the claim for consideration of Mr. Monk Jr.'s argument that he was entitled to an earlier effective date for benefits. *Monk v. Wilkie*, No. 19-0217, 2020 WL 2461722 (Vet. App. May 13, 2020).

19. The Board of Veterans' Appeals, in a December 2020 decision, found that Mr. Monk Jr. was entitled to a February 2012 effective date, rather than a July 2012 effective date, for his benefits. *In re Monk*, No. 16-60 107, 2020 WL 8912950 (Vet. App. Dec. 15, 2020).

20. NVCLR and the Black Veterans Project (BVP) filed FOIA requests with various components of VA in February 2021 seeking information including, but not limited to, VA disability compensation claims and their determinations.

21. Records disclosed in response to FOIA requests submitted by NVCLR and BVP included claims outcomes for veterans from 2001 to 2020. On March 1, 2022, Mr. Monk Jr. filed an FTCA administrative claim with the VA.

22. VA did not issue a final agency decision on Mr. Monk Jr.'s claim prior to the filing of the Amended Complaint.

23. Mr. Monk Sr. was a Black veteran who enlisted in the U.S. Army in 1943 at Fort Bragg, North Carolina. He had a military occupational specialty of "truck driver, light."

24. Mr. Monk Sr. served in Normandy, France.

25. Mr. Monk Sr. served in a segregated unit.

26. During his service, Mr. Monk Sr. had stomach issues.

27. Mr. Monk Sr. was honorably discharged from the Army in January 1946.

28. Mr. Monk Jr. filed an FTCA administrative claim on behalf of the estate of Mr. Monk Sr. with VA on November 28, 2022. The VA did not issue a final agency decision on the claim prior to the filing of the Amended Complaint.

**V.     Case Management Plan**

Where the parties agree with respect to case-management issues, their positions are jointly stated. Otherwise, the parties' respective positions are set out separately in each subsection below, following a general statement of each of their positions.

**Plaintiffs' Position**

Pursuant to the Court's Order denying as moot the Motion to Stay Discovery, discovery began on March 29, 2024. ECF 84. Plaintiffs seek discovery on a limited number of topics that are directly relevant and proportional to their claims against VA. As set forth in the Amended Complaint, VA knew or should have known of pervasive racial disparities in the award of VA

benefits, and because they nevertheless failed to address these disparities, VA leadership negligently breached its statutory and ordinary duty of care. Accordingly, Plaintiffs seek discovery to establish (1) the existence of racial disparities in VA benefits since 1945; (2) evidence that VA leaders knew or should have known of those disparities and the effect of those disparities on veterans; (3) the efforts, if any, VA took to address racial disparities in the administration of housing, education, and disability compensation benefits programs; and (4) discovery relevant to establishing the certifiability of a class in this case. Plaintiffs disagree with Defendant's characterization of outstanding discovery requests below, but will meet and confer in good faith about Defendant's responses and objections once they are served.

**Defendant's Position**

Plaintiffs have sought discovery on a wide range of topics covering almost sixty years, from 1965 to the present. Plaintiffs now represent, for the first time in this report, that they seek discovery dating back even further, to 1945. Their broad discovery requests essentially seek all information, documents, and records regarding, related to, referencing, analyzing, describing, discussing, or mentioning the "racial composition" of applicants for benefits claims—not just the named Plaintiffs' benefits claims—that were received, processed or adjudicated by VA for sixty or more decades. Additionally, they seek any protocols, policies, data retention and collection practices, complaints, investigations, required training and/or supervision related to the processing and adjudicating of various VA benefits for the same time period. The extent of these requests is even more significant given Plaintiffs have already obtained substantial productions of materials from the VA through FOIA. Plaintiffs' requests also potentially implicate a substantial amount of veterans' Personal Identifiable Information (PII) and Personal Health Information (PHI) stretching over decades. If subject to production, documents containing such information may require

extensive review and redaction and/or deidentification. Further, Plaintiffs seek unredacted copies of documents produced through FOIA, even where such FOIA redactions were done for purposes of protecting veterans' PII or PHI or because of applicable privileges.

The discovery Plaintiffs seek is incredibly broad, burdensome, is likely to contain highly sensitive or privileged information, and is not directly relevant to their claims or proportional to the needs of the case, all of which will greatly impact management of this case. Pursuant to the Court's scheduling order, Defendant's responses and objections to Plaintiffs' document requests and interrogatories are due on June 27, 2024. ECF 89. Defendant will meet and confer with Plaintiffs as appropriate regarding specific discovery requests and objections.

Defendant intends to seek discovery on a limited number of topics as described in greater detail below.

### A. Initial Disclosures

The Parties continue to dispute the appropriateness of Initial Disclosures and disagree on any applicable deadlines.

**Plaintiffs' Position**

Pursuant to the Court's April 9, 2024 Scheduling Order, Defendant's initial disclosures are due on May 28, 2024. ECF 89. Plaintiffs served initial disclosures on March 9, 2023, as to Plaintiff Conley Monk, Jr., before the Amended Complaint was filed. Plaintiffs will therefore produce supplemental initial disclosures by May 28, 2024. Below, Defendant asserts that it is exempted from the obligation to produce initial disclosures by D. Conn. L. Civ. R. 26(f)(3), which exempts "review of decisions by administrative agencies." However, the Court's order denying Defendant's motion to dismiss rejected that characterization of Plaintiffs' claims, holding that they "do not require me to re-open individual benefits decisions, evaluate the VA's findings of fact or law, or

pass judgment on any individual VA benefits decision." ECF No. 83 at 10. Defendant should be ordered to produce initial disclosures.

**Defendant's Position**

In the prior Joint Report filed on March 8, 2023, Defendant asserted that, to the extent Plaintiffs were injured at all, the injuries are inextricably intertwined with the VA's administrative decisions, and that this case therefore is subject to D. Conn. L. Civ. R. 26(f)(3) (exempting from Local Rule 26(f) "review of decisions by administrative agencies"). ECF 19; *see also* Fed. R. Civ. P. 26(a)(1)(B)(i) (excepting from initial disclosures "action[s] for review on an administrative record"). Defendant maintains this objection to the appropriateness of initial disclosures, and the Court has not yet ruled on this objection pursuant to Fed. R. Civ. P. 26(a)(1)(C). Subject to this objection and the Court's ruling thereon, the Parties are not required to serve initial disclosures earlier than 14 days from the date of the Rule 26(f) conference on May 21, 2024, consistent with Fed. R. Civ. P. 26(a)(1)(C). Defendant does not understand anything in the Court's April 9, 2024 scheduling order to alter the time frame provided for initial disclosures under the Federal Rules of Civil Procedure.

**B. Scheduling Conference**

The Parties prefer that any future scheduling conferences, if held, continue to be conducted telephonically.

**C. Early Settlement Conference**

The Parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Plaintiffs believe that early discussions about the contours of potential resolution of the claims of putative class members of this matter could be productive, even if a settlement cannot be reached at this time. Plaintiffs are

willing to begin such discussions with the assistance of a magistrate judge. Defendant does not believe that settlement discussions will be fruitful at this time. If the Parties wish to proceed with a formal settlement conference in the future, they will update their preferences with the court. The Parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Discovery

Recognizing that the precise contours of the case, including the amount of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the Parties wish to apprise the Court of the following information regarding the "needs of the case."

**Plaintiffs' Position**

Plaintiffs anticipate that discovery will be needed on all matters related to the causes of action and the defenses raised in the Parties' pleadings. Plaintiffs intend to seek discovery on, but not limited to, the following:

a. Evidence of racial disparities in VA housing, education, and disability compensation benefits programs from 1945 to the present;

b. VA data collection and retention practices in housing, education, and disability compensation benefits programs relating to the race of the applicant, from 1945 to the present;

c. Formal and informal complaints or other communications received by VA from any source, including veterans, veterans organizations, civil rights groups, elected officials

and their staff, or otherwise, regarding racial disparities in VA benefits, from 1945 to the present.

d. VA personnel involved in maintaining and analyzing data regarding veterans' housing, education, and disability compensation applications;

e. Knowledge by VA leaders of racial disparities in VA housing, education, and disability compensation benefits programs, from 1945 to the present;

f. Knowledge by VA of the harms of racial disparities in VA benefits;

g. VA leadership's knowledge of racial disparities in the military-discharge and military-justice system, and the implications of any such disparities for VA benefits eligibility and adjudication, from 1945 to the present;

h. Training, supervision, quality control, auditing, and any other aspect of VA administration of housing, education, and disability compensations benefits programs to address racial disparities in those programs, from 1945 to the present;

i. Other efforts, if any, by VA leaders to address racial disparities in VA housing, education, and disability compensations benefits programs since 1945; and

j. Any investigations conducted pursuant to whistleblower complaints regarding racial disparities in VA housing, education, and disability compensations benefits programs since 1945.

Plaintiffs propose the following discovery schedule:

a. Pursuant to the Court's Order denying as moot the Motion to Stay Discovery, discovery began on March 29, 2024. ECF 84. Discovery shall be completed within twelve months of the 26(f) conference held on May 21, 2024.

b. Discovery will not be conducted in phases.

    c. Plaintiffs anticipate that they will request up to 15 depositions. The depositions will be completed by [discovery deadline].

    d. The Parties do not expect to serve more than twenty-five interrogatories at this time.

    e. Plaintiffs intend to call expert witnesses at trial.

    f. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by a date not later than three months before the deadline for completing all discovery. Depositions of any such experts will be completed by a date not later than two months before the deadline for completing all discovery.

    g. A damages analysis will be provided by any Party who has a claim or counterclaim for damages within fourteen days after the parties confer pursuant to Fed. R. Civ. P. 26.

Plaintiffs reserve the right to object to areas of discovery that Defendant states it intends to pursue below.

**Defendant's Position**

As discussed above, Defendant believes Plaintiffs' discovery requests seek information that is not relevant to their claims or proportional to the needs of the case, and they are subject to specific objections to be provided consistent with the Court's scheduling order.

Defendant intends to seek discovery on, but not limited to, the following:

    a. The alleged statistical analysis conducted by a Yale University statistician, as described in the Amended Complaint, and all communications and documents related thereto;

b. Documents and information relating to any alleged discriminatory or otherwise improper treatment of Plaintiffs by any VA employee or agent, including alleged communications or interactions with the VA;

c. Documents and information relating to Plaintiffs' alleged damages, including but not limited to alleged reputational, dignitary, and emotional harm, as well as collateral source payments;

d. Documents and information relating to when Plaintiffs allegedly discovered the cause of their purported injuries.

e. Documents and information relating to Plaintiffs' military service;

f. Documents and information relating to Plaintiffs' medical history;

g. Documents and information relating Plaintiffs' employment history; and

h. Documents and information related to Plaintiff NVCLR's organization, structure, purpose, membership, and related topics.

Defendant proposes the following discovery schedule:

a. Discovery shall be completed within eighteen months of the 26(f) conference held on May 21, 2024 – November 21, 2025.

b. The parties do not anticipate that it will be necessary for discovery to be conducted in phases, but will confer on this at a future date as appropriate based on case developments.

c. Defendant anticipates that each side will require a total of ten depositions of fact witnesses. Consistent with Fed. R. Civ. P. 30(a)(2)(A)(i), the parties may request permission of Court to conduct more than ten depositions of fact witnesses. The depositions will be completed by November 21, 2025. Plaintiffs will conduct

depositions of current or former Cabinet level officials, heads of agencies, or White House officials or advisors only on agreement of the parties or with the Court's leave.

d. The Parties do not expect to serve more than twenty-five interrogatories at this time.

e. Defendant intends to call expert witnesses at trial.

f. Expert witness discovery will be staggered. Plaintiffs will designate their trial experts and provide Defendant with full and complete expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) not later than five months before the deadline for completing all discovery. Defendant will designate their trial experts and provide Plaintiffs with full and complete expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) by a date not later than three months before the deadline for completing all discovery. Rebuttal expert disclosures, if any, shall be made no later than two months before the deadline for completing all discovery. Depositions of any such experts will be completed by a date not later than one month before the deadline for completing all discovery.

g. A damages analysis will be provided by any Party who has a claim or counterclaim for damages by August 1, 2024, with timely supplement thereafter.

**Discovery Procedures**

Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically-stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically-stored

information, and the allocation of costs of assembling and producing such information. The parties have been conferring on a proposed Protective Order Regarding Confidential Information and Protocol for the Production of Electronically Stored Information, which will be filed separately from this report.

Undersigned counsel have also discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The Parties have agreed to a Stipulated Clawback Agreement and Federal Rule of Evidence 502(d) Order, which will be filed separately from this report.

### E.  Other Scheduling Issues

If Plaintiffs move for class certification pursuant to Federal Rules of Civil Procedure 23, they will file motions for class certification by February 1, 2025, assuming adequate discovery has been completed by that time. Plaintiffs reserve the right to request a continuance of that date for good cause. The parties will confer regarding a full proposed briefing schedule upon Plaintiffs' filing of any motion for class certification.

### F.  Summary Judgment Motions

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before forty-five days after the close of discovery; with responses due thirty days later; and replies due twenty-one days after responses.

### G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within sixty days after the entry on the ruling of the last dispositive motion. If dispositive motions are not filed, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed sixty days after the completion of all discovery.

## VI. TRIAL READINESS

The case will be ready for trial sixty days from the filing of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

| | |
|---|---|
| **Plaintiffs Conley F. Monk, Jr. on behalf of himself and as Administrator of the Estate of Conley F. Monk, Sr., and National Veterans Council for Legal Redress** | **Defendant, The United States of America** |
| By Attorneys: | By Its Attorney:<br>VANESSA ROBERTS AVERY |
| /s/ Michael J. Wishnie<br>Jared Hirschfield, Law Student Intern<br>Raillan Brooks, Law Student Intern<br>Olu Oisaghie, Law Student Intern<br>Jessica Angel, Law Student Intern<br>Claire Sullivan, Law Student Intern<br>Michael Sullivan, Law Student Intern<br>Natalia Friedlander, ct31510<br>Michael J. Wishnie, ct27221<br>Veterans Legal Services Clinic<br>P.O. Box 209090<br>New Haven, Connecticut 06520<br>Tel: (203) 432-4800<br>michael.wishnie@ylsclinics.org | /s/ Jillian Rose Orticelli<br>Michelle L. McConaghy ct27157<br>Jillian Rose Orticelli ct28591<br>Assistant United States Attorneys<br>450 Main Street, Room 328<br>Hartford, Connecticut 06103<br>Tel.: (860) 947-1101<br>Fax: (860) 760-7979<br>Email: michelle.mcconaghy@usdoj.gov<br>Email: jillian.orticelli@usdoj.gov |
| Yaman Salahi, *pro hac vice*<br>ysalahi@edelson.com<br>EDELSON PC<br>150 California St., 18th Floor<br>San Francisco, California 94111<br>Tel: (415) 212-9300<br>Fax: (415) 373-9435 | Emily Kelley<br>U.S. Department of Justice, Civil Division, Torts Branch<br>175 N Street, NE<br>Washington, DC 20002<br>Email: emily.m.kelley@usdoj.gov |
| Jimmy Rock, *pro hac vice*<br>jrock@edelson.com<br>EDELSON PC<br>1255 Union Street NE, 7th Floor<br>Washington, D.C. 20002<br>Tel: (202) 987-6303 | Irina Majumdar<br>U.S. Department of Justice, Civil Division, Torts Branch<br>175 N Street, NE<br>Washington, DC 20002<br>Email: irina.m.majumdar@usdoj.gov |

Theo Benjamin, *pro hac vice*
tbenjamin@edelson.com
Zoë Seaman-Grant, *pro hac vice*
zseaman-grant@edelson.com
Emily Penkowski (*pro hac vice* forthcoming)
epenkowski@edelson.com
EDELSON PC
350 North LaSalle St., 14th Floor
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
Counsel for Plaintiffs