# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| CONLEY F. MONK, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:22-cv-01503 (SRU) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR CERTIFICATION OF THIS COURT'S ORDER DATED MARCH 29, 2024 (ECF 83) PURSUANT TO 28 U.S.C. 1292(b)**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................................1

II.   LEGAL STANDARD ........................................................................................2

III.  DISCUSSION ....................................................................................................3

      A.    Defendant Fails to Demonstrate Substantial Grounds for Difference of
           Opinion ....................................................................................................4

           1.    The Court Carefully Considered and Rejected Defendant's
                VJRA Immunity Argument ...........................................................4

           2.    The Court Carefully Considered and Rejected Defendant's
                Private Party Analog Argument ...................................................8

      B.    Defendant Does Not Identify Controlling Questions of Law ...............10

      C.    An Interlocutory Appeal Will Not Materially Advance Termination of
           the Litigation ........................................................................................12

      D.    There Are Compelling Reasons to Deny Certification Even if the
           Statutory Criteria Are Met ....................................................................13

IV.   CONCLUSION ................................................................................................16

# TABLE OF AUTHORITIES

## United States Supreme Court Cases

*United States v. Olson*,
    546 U.S. 43 (2005)............................................................................................9, 10

## United States Circuit Court of Appeals Cases

*Akutowicz v. United States*,
    859 F.2d 1122 (2d Cir. 1988)................................................................................8

*Beamon v. Brown*,
    125 F.3d 965 (6th Cir. 1997) ...............................................................................6

*Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald*,
    830 F.3d 570 (D.C. Cir. 2016) ..........................................................................6, 7

*Carroll v. Trump*,
    49 F.4th 759 (2d Cir. 2022) ...............................................................................13

*Carroll v. Trump*,
    66 F.4th 91 (2d Cir. 2023) .................................................................................13

*Chen v. United States*,
    854 F.2d 622 (2d Cir. 1988).............................................................................8, 9

*C.P. Chem. Co. v. United States*,
    810 F.2d 34 (2d Cir. 1987)..................................................................................8

*Harriscom Svenska AB v. Harris Corp.*,
    947 F.2d 627 (2d Cir. 1991)...............................................................................10

*In re Flor*,
    79 F.3d 281 (2d Cir. 1996)..................................................................................5

*Klinghoffer v. S.N.C. Achille Lauro*,
    921 F.2d 21 (2d Cir. 1990)......................................................................2, 10, 13

*Klopp v. United States*,
    131 F.3d 131 (Table), 1997 WL 774397 (2d Cir. Dec. 17, 1997) ..........................8

*Liranzo v. United States*,
    690 F.3d 78 (2d Cir. 2012)...............................................................................9, 10

*Pineiro v. Pension Benefit Guar. Corp.*,
    22 Fed. App'x 47 (2d Cir. 2001) ..........................................................................12

*Recinto v. U.S. Dep't of Veterans Affairs*,
    706 F.3d 1171 (9th Cir. 2013) ...............................................................................7

*Sugrue v. Derwinski*,
    26 F.3d 8 (2d Cir. 1994) .........................................................................................5

*Veterans for Common Sense v. Shinseki*,
    678 F.3d 1013 (9th Cir. 2012) ...............................................................................6

*Vietnam Veterans of Am. v. Shinseki*,
    599 F.3d 654 (D.C. Cir. 2010) ...........................................................................6, 7

**United States District Court Cases**

*Adar Bays, LLC v. Aim Exploration, Inc.*,
    310 F. Supp. 3d 454 (S.D.N.Y. 2018) ...................................................................11

*Century Pacific, Inc. v. Hilton Hotels Corp.*,
    574 F. Supp. 2d 369 (S.D.N.Y. 2008) .....................................................................2

*Figueroa v. United States*,
    739 F. Supp. 2d 138 (E.D.N.Y. 2010) ..........................................................9, 10, 12

*Gulino v. Board of Educ. of City School Dist. of City of N.Y.*,
    234 F. Supp. 2d 324 (S.D.N.Y. 2002) ...................................................................15

*In re Aggrenox Antitrust Litig.*,
    No. 3:14-md-02516 (SRU), 2018 WL 834228 (D. Conn. Feb. 12, 2018) ...............2

*In re Facebook, Inc., IPO Secs. & Deriv. Litig.*,
    986 F. Supp. 2d 524 (S.D.N.Y. 2014) .............................................................12, 13

*In re Salvatore,,*
    No. 3:18-cv-1429 (SRU), 2019 WL 1284815 (D. Conn. Mar. 20, 2019) ..............11

*In re Teva Secs. Litig.*,
    No. 3:17-cv-558-SRU, 2021 WL 1197805 (D. Conn. Mar. 30, 2021) ..........2, 5, 13

*In re World Trade Ctr. Disaster Site Litig.*,
    469 F. Supp. 2d 134 (S.D.N.Y. 2007) ...............................................................2, 13

*Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*,
    71 F. Supp. 2d 139 (E.D.N.Y. 1999) .....................................................................14

*Ojo v. United States*,
      No. 3:16-cv-2112 (VLB), 2022 WL 4091011 (E.D.N.Y. Sept. 6, 2022) ....9, 10, 12

*Republic of Colombia v. Diageo N. Am., Inc.*,
      619 F. Supp. 2d 7 (E.D.N.Y. 2007) .......................................................................11

*Ryan, Beck & Co., LLC v. Fakih*,
      275 F. Supp. 2d 393 (E.D.N.Y. 2003) ...........................................................3, 5, 6

*Storms v. United States*,
      No. 13-cv-811(MKB), 2015 WL 1196592 (E.D.N.Y. Mar. 16, 2015)........9, 10, 12

*Tantaros v. Fox News Network, LLC*,
      465 F. Supp. 3d 385 (S.D.N.Y. 2020).....................................................................5

*United States v. Prevezon Holdings Ltd.*,
      No. 13-cv-06326 (TPG), 2016 WL 187936 (S.D.N.Y. Jan. 15, 2016)............10, 11

*Williston v. Eggleston*,
      410 F. Supp. 2d 274 (S.D.N.Y. 2006)................................................................2, 3

## State Court Cases

*Ruiz v. Victory Props., LLC*,
      107 A.3d 381 (Conn. 2015) .................................................................................11

## Statutes

28 U.S.C. § 1292...............................................................................................................2, 3

I.      <u>**INTRODUCTION**</u>

The government's attempt to short-circuit the normal litigation process by seeking an early appeal should be rejected. By and large, its motion merely repeats arguments it already made in its motion to dismiss. The Court carefully considered those arguments and relevant authority in concluding that none of them support dismissal at this juncture. With respect to whether the Veterans' Judicial Review Act ("VJRA") divests this Court of jurisdiction to review Plaintiffs' claims, the Court held that section 511(a) does not apply here because Plaintiffs do not challenge the outcome of individual benefits decisions or seek relief as to those decisions. The Court therefore held it would not be required to review individual benefits decisions. With respect to whether Plaintiffs identified a private analog to the challenged conduct to support a claim under the Federal Tort Claims Act ("FTCA"), the Court performed a thorough analysis of Connecticut and D.C. tort law to determine that Plaintiffs had stated valid claims for negligence, negligent supervision, and negligent infliction of emotional distress.

To certify the Court's dismissal order for interlocutory appeal, the government is obliged to demonstrate exceptional circumstances. At a minimum, it must show that there are substantial grounds for a difference of opinion on a controlling question of law, resolution of which will materially advance the litigation—and even where these showings are made, that certification should be granted in the discretion of the Court. The government fails to meet these criteria. It does not identify opinions within the Second Circuit that conflict with the Court's holdings under either the VJRA or FTCA. To the extent the government relies on irrelevant out-of-circuit authorities, the government retreads the same legal grounds the Court considered and rejected. The government also fails to demonstrate that the issues it seeks to review on appeal involve controlling questions of law. It chiefly disagrees with the Court's application of law to fact, an insufficient basis for interlocutory appeal. Nor does the government show that an appeal

now would materially advance the termination of the litigation, particularly given that the appeals court would be better served by the development of a full factual record. Finally, the government fails to explain why this Court should exercise its discretion to certify an appeal in this case.

## II.    LEGAL STANDARD

"Litigants are generally required to wait for a final judgment to appeal." *Century Pacific, Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008). "Only exceptional circumstances will justify a departure from th[at] basic policy." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Administrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (cleaned up).

A district judge may certify an order for interlocutory appeal only if the judge is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). These criteria "are conjunctive, not disjunctive." *Williston v. Eggleston*, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006) (quotation omitted). Failure to satisfy these criteria supports denying a request for interlocutory appeal. Moreover, as this Court has explained, even when all three criteria are satisfied, the district court still has "unfettered discretion to deny certification." *In re Teva Secs. Litig.,* No. 3:17-cv-558-SRU, 2021 WL 1197805, at *7 (D. Conn. Mar. 30, 2021) (Underhill, J.) (quoting *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007)).

"The party that seeks certification under section 1292(b) bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *In re Aggrenox Antitrust Litig.*, No. 3:14-md-02516 (SRU), 2018 WL 834228, at *1 (D. Conn. Feb. 12, 2018) (cleaned up). "Interlocutory appeal was not intended as a vehicle to provide early review of difficult rulings in hard cases . . . . The

2

benefit to the district court in avoiding an unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case." *Williston*, 410 F. Supp. 2d at 276 (quotation omitted).

## III.   **DISCUSSION**

Defendant's motion should be denied because it does not meet the requirements for certification under § 1292(b), and Defendant has not presented an "exceptional circumstance" that justifies immediate appellate review. First, the motion does not demonstrate substantial grounds for difference of opinion within the Second Circuit. Its motion identifies no Second Circuit authority that conflicts or potentially conflicts with the Court's rulings and fails to identify a single conflicting district court opinion within this circuit. That alone is fatal to the government's motion. *See Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003) ("Disagreement among courts *outside* the Second Circuit does not establish a substantial ground for difference of opinion." (emphasis added)). But even to the extent Defendant attempts to manufacture a conflict between this Court's decision and out-of-circuit precedent, Defendant gets it wrong. The Court carefully considered the parties' arguments and briefing, which discussed many of the same authorities Defendant presses now and concluded that they did not apply to this case given that Plaintiffs here do not seek to review or change the outcome of any individual benefits decision. Failure to show substantial grounds for difference of opinion is a sufficient reason to deny the government's motion.

Defendant also falls short with respect to the remaining two prongs. Defendant confuses controlling questions of law with controlling questions of fact. Its argument is not that the Court got the legal standard wrong, but that it applied the law incorrectly to the facts of this case. That is not a circumstance that justifies the extraordinary resort to an interlocutory appeal. Moreover, with respect to the FTCA claim, to the extent Defendant argues or implies that the Court is wrong about the contours of Connecticut or

3

D.C. tort law, that would not present a controlling question of law because the existence *vel non* of a tort duty turns on the facts. For similar reasons, Defendant does not establish that an interlocutory appeal would materially advance the litigation or that this Court should exercise its "unfettered discretion" to certify an appeal in this case.

> A.    **Defendant Fails to Demonstrate Substantial Grounds for Difference of Opinion.**

Defendant identifies two questions of law it says merit interlocutory appeal. The first concerns whether the VA is categorically immune from suit under the VJRA. The second is whether a state analog to the VA's alleged misconduct exists under state law, for purposes of supporting an FTCA claim. Defendant fails to meet its heavy burden to justify certifying either question for interlocutory appeal.

> 1.    **The Court Carefully Considered and Rejected Defendant's VJRA Immunity Argument.**

In analyzing Defendant's motion to dismiss, the Court carefully considered the scope of section 511(a)'s preemption of judicial review. *See* ECF No. 83 at 7-10. The Court rejected Defendant's argument, concluding that "section 511(a) does not bar judicial review of Monk's negligence, NIED, and negligent supervision claims" because they "arise from a backdrop of 'systematic benefits obstruction for Black veterans'" and he "does not . . . challenge the individual decisions of VA officials who granted or denied any particular application." *Id.* at 9. The Court reasoned that these "allegations of systemic racial discrimination are wholly distinct from any 'questions of law and fact' Monk raised, or could have raised, in his individual benefits challenges." *Id.* at 10. Accordingly, the Court "would not need to 'determine first whether the VA acted properly in handling [Monk's] request[s]' for benefits." *Id.* (citation omitted). The Court also considered the relief sought by Monk—emotional distress from having to navigate a discriminatory benefits adjudication system, rather than the denial of benefits itself—to support its conclusion. *Id.* Given that Mr. Monk's claims do not require the Court to re-open individual benefits decisions, evaluate the VA's findings of fact or law, or pass

judgment on any individual VA benefits decision, the Court held that "Section 511(a) therefore does not preclude adjudication of this case." *Id.*

The VA does not identify any persuasive reason to seek early appellate review of the Court's holding. As a threshold matter, Defendant argues that "conflicting authority" or "particularly difficult [issues] of first impression" support interlocutory appeal. Mot. at 9 (quoting *In re Teva Secs. Litig.*, 2021 WL 1197805, at *7). But Defendant fails to note that "[d]isagreement among courts *outside* the Second Circuit does not establish a substantial ground for difference of opinion." *Ryan, Beck & Co., LLC*, 275 F. Supp. 2d at 398 (E.D.N.Y. 2003) (emphasis added). Moreover, "the possibility of a different outcome on appeal is not sufficient to show a substantial ground for difference of opinion, nor is the mere presence of a disputed issue that is a question of first impression." *Tantaros v. Fox News Network, LLC*, 465 F. Supp. 3d 385, 391 (S.D.N.Y. 2020) (cleaned up). Instead, "it is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (cleaned up).

Tellingly, in over six full pages of briefing on the VJRA preemption topic, Defendant argues only that the Court's decision conflicts with decisions from *other* circuits. *See* Mot. at 10-16. It cites just one decision within the Second Circuit, and only as an expression of the VJRA's purpose. *Id.* at 11 (quoting *Sugrue v. Derwinski*, 26 F.3d 8, 11-12 (2d Cir. 1994)). Defendant does not otherwise engage with *Sugrue* or make any attempt to demonstrate a conflict between *Sugrue* and this Court's opinion. Nor could it. That case is factually inapposite: there, the plaintiff's claims were precluded because he "challenge[d] the VA's denial of a certain level of benefits to [him] based upon a disputed disability rating." *Sugrue*, 26 F.3d at 11. In contrast, as this Court explained, Plaintiffs' claims here "do[] not . . . challenge the individual decisions of VA officials who granted or denied any particular application." ECF No. 83 at 9. This deficiency

alone is grounds to deny the motion: Defendant identifies no substantial ground for difference of opinion within the Second Circuit. *Ryan, Beck & Co., LLC*, 275 F. Supp. 2d at 398.

To the extent Defendant purports to identify a conflict between the Court's opinion and various out-of-circuit cases, the Court has already held that is not the case. The highlights of Defendant's tour of other circuits' precedents are *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012), *Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald*, 830 F.3d 570 (D.C. Cir. 2016), *Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654 (D.C. Cir. 2010), and *Beamon v. Brown*, 125 F.3d 965 (6th Cir. 1997). In its motion, Defendant criticizes the Court's order for supposedly "not address[ing]" these decisions. Mot. at 14. But the Court considered the three that were presented to it in motion to dismiss briefing. *See* ECF No. 23-1 (motion) at 19 (discussing *Veterans for Common Sense* and *Beamon*), ECF No. 61 (opposition) at 16, 16 n.10, 19-23, 25) (discussing *Veterans for Common Sense* and *Beamon*), ECF No. 66 (reply) at 4 n.3 (discussing *Vietnam Veterans of Am.*), ECF No. 80 (hearing transcript) at 15:1-16:10. The Court's order necessarily rejected their applicability to Mr. Monk's claims, even if it did not explicitly cite them.

In any case, none of those cases conflict with the Court's holding. Three of them—*Veterans for Common Sense*, *Beamon*, and *Vietnam Veterans of America*— involved challenges to general delays in the VA's adjudication of benefits decisions. Each court concluded that determining whether the length of time an individual adjudication takes is unreasonable necessarily requires reviewing the individual circumstances of each case. *See Veterans for Common Sense*, 678 F.3d at 1027 (holding district court would need "to decide whether the processing time was reasonable or not as to each individual case"), *Beamon*, 125 F.3d at 974 (holding that the constitutional argument should be raised in individual proceedings), and *Vietnam Veterans of America*, 599 F.3d at 658 (in dicta, observing that "a decision or decisions as to when to issue

opinions would appear to be a preliminary decision necessary to a final decision"). In contrast, here, the Court has already rejected the notion that Plaintiffs' claims would require review of individual benefits decisions.[1] *See* ECF No. 83 at 9-10. Notably, in *Vietnam Veterans of America*, the D.C. Circuit did not even make a holding as to the scope of section 511(a)'s jurisdictional bar, but instead decided the case on alternative grounds under the APA—so the case could not present a difference of opinion as to the former issue. 599 F.3d at 659.

Finally, in *Blue Water Navy*—which was decided in 2016 but which Defendant has not previously presented to the Court—the plaintiffs challenged a VA policy that required veterans who deployed at sea but never set foot on Vietnamese soil to prove exposure to Agent Orange on a case-by-case basis. The D.C. Circuit understood this was really a challenge to individual adjudication decisions because the policy "leads directly to the denial of certain benefits for most, if not all, of the veterans it affects." 830 F.3d at 574. The challenge to the policy was thus inseparable from individual case adjudications because the desired outcome was a change in the result of those decisions. In contrast, here, no change to the outcome of any benefits decision is sought. *See* ECF No. 83 at 10 (observing that Mr. Monk "does not allege his emotional distress was due to a benefits denial itself" but rather from "having to litigate claims and navigate a VA benefits system that administered benefits in a racially discriminatory way," and thus the claims "do not require me to re-open individual benefits decisions").

---

[1] Defendant also cites *Recinto v. U.S. Dep't of Veterans Affairs*, 706 F.3d 1171 (9th Cir. 2013), for the first time in this motion. It is not in conflict with the Court's holding for the same reason. The case involved a challenge to "the VA's exclusive reliance on NPRC records to verify military service" which, the court held, "would necessarily require consideration of individual cases" where benefits were denied "based on the NPRC's inability to verify their service" in order to see "whether [they] could sufficiently prove their military service without NPRC verification." *Id*. at 1176.

Defendant fails to demonstrate substantial grounds for a difference of opinion with respect to the Court's holding under the VJRA within the Second Circuit or outside of it. The Court should deny Defendant's motion on this basis alone.

### 2.   The Court Carefully Considered and Rejected Defendant's Private Party Analog Argument.

Defendant's two paragraph argument as to the private-party analog under the FTCA fares no better. Defendant voices no disagreement with the Court's thorough analysis concluding that there are state analogs for holding private parties liable for the misconduct alleged here under D.C. and Connecticut law of negligence, negligent supervision, and negligent infliction of emotional distress. *See* ECF No. 83 at 14-22. Instead, Defendant focuses its argument exclusively on a line of Second Circuit cases that it claims foreclose the existence of any private party analogs to so-called "quasi-adjudicative" federal actions. *See* Mot. at 16 (citing *Akutowicz v. United States*, 859 F.2d 1122 (2d Cir. 1988), *Chen v. United States*, 854 F.2d 622 (2d Cir. 1988), *C.P. Chem. Co. v. United States*, 810 F.2d 34 (2d Cir. 1987), *Klopp v. United States*, 131 F.3d 131 (Table), 1997 WL 774397, at *3 (2d Cir. Dec. 17, 1997)). And, once again, Defendant criticizes the Court's order for not "address[ing]" those cases. Mot. at 16. But they were briefed by the parties, and raised more than once during oral argument, and so were clearly considered by the Court. *See* ECF No. 23-1 (motion) at 27-28, ECF No. 61 (opposition) at 33 nn. 15-16, and ECF No. 80 (hearing transcript) at 21:18-25, 27:6-12.

As Plaintiffs pointed out in their opposition to Defendant's motion to dismiss, the cases relied on by the government are far afield of the facts of this case because they involve very different legal challenges and factual situations. *See Akutowicz*, 859 F.2d at 1126 (challenging "negligent" withdrawal of citizenship); *C.P. Chem.*, 810 F.2d at 37-38 (challenging "an agency's failure to select the appropriate rulemaking procedure in promulgating an administrative regulation"); *Klopp*, 1997 WL 774397 at *3 (challenging "negligent violations of the ministerial duties of federal court clerks"); *Peruta v. United*

*States*, 2018 WL 995111 (D. Conn. Feb. 21, 2018) (plaintiff alleged lapsing of fee basis status was negligent); *Ojo v. United States*, No. 3:16-cv-2112 (VLB), 2022 WL 4091011, at *2 (E.D.N.Y. Sept. 6, 2022) (alleging wrongful application of tax refund to criminal restitution order); *Storms v. United States*, No. 13-cv-811(MKB), 2015 WL 1196592, at *19-20 (E.D.N.Y. Mar. 16, 2015) (challenge to disqualification from veteran-owned small business program); *Figueroa v. United States*, 739 F. Supp. 2d 138, 141-42 (E.D.N.Y. 2010) (challenge to allegedly negligent issuance of passport based on forged application). Given how far afield they are of the challenge raised by Plaintiffs here, they are not instructive and provide no basis to find substantial grounds for a difference of opinion.

The government's reliance on *Chen* is also inapposite. There, the issue was not that the challenged conduct was "quasi-adjudicative" (the term does not appear anywhere in the opinion) but rather that the plaintiff essentially alleged violations of federal procurement rules, and the court could not find any examples under New York state law "recogniz[ing] a cause of action *in tort* for an association's violation of its own rules" or otherwise supporting the plaintiff's negligence and intentional tort theories. 854 F.2d at 627-29. In contrast, here, Plaintiffs are not pursuing a theory based on an institution's failure to follow its own rules, nor are they pressing a claim under New York state law. *Chen* also fails to raise substantial grounds for a difference of opinion.

Finally, it bears noting that each of the Second Circuit cases identified by Defendant in its motion were decided between 1987 and 1997. The Court's analysis was rightly guided by more recent Supreme Court and Second Circuit authority. For example, the Court relied extensively on *United States v. Olson*, 546 U.S. 43 (2005) and *Liranzo v. United States*, 690 F.3d 78 (2d Cir. 2012). *See* ECF No. 83 at 12-13. The Court expressly rejected Defendant's argument, which relied heavily on the older caselaw, explaining that "the government interprets *Olson* and its parentage narrower than the case law demands," and concluding that "*Olson* . . . requires me to view Monk's claims with less specificity"

9

than the government suggested. *Id.* at 13-14. One of the district court cases cited by Defendant, *Peruta*, does not cite or discuss either *Olson* or *Liranzo* at all, and the others (*Ojo*, *Storms*, and *Figueroa*) follow those cases to apply the same analysis as this court, albeit they reach different conclusions because they involved different facts. This falls far short of demonstrating substantial grounds for a difference of opinion.

Contrary to the government's assertion, there is no "divergence" between the Court's opinion and the aforementioned cases. *See* Mot. at 17. Those cases merely arise in divergent circumstances. The Court clearly rejected the central premise of the government's so-called "quasi-adjudicative" argument by holding that Plaintiffs are not challenging the outcome of any adjudication at all.

### B.    Defendant Does Not Identify Controlling Questions of Law.

Defendant also argues that the Court's dismissal order presents a controlling question of law because "reversal . . . would terminate the action." *Klinghoffer*, 921 F.2d at 23. The problem with Defendant's argument is that "[a] controlling question of law must be distinguished from a controlling question of fact." *United States v. Prevezon Holdings Ltd.*, No. 13-cv-06326 (TPG), 2016 WL 187936, at *2 (S.D.N.Y. Jan. 15, 2016); *see also Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991). The gist of Defendant's argument is not that the Court applied the wrong legal standard or that it ignored binding law, but rather that the Court mis-applied the law to the facts of this case. However, "certification [for interlocutory appeal] is unavailable where the primary question for appeal is whether the trial court correctly applied the law to the facts." *Prevezon Holdings*, 2016 WL 187936, at *2.

With respect to VJRA preemption, Defendant's request for appellate review of the Court's careful application of relevant case-law to the nuanced facts of this case fails to present a controlling question of law because it "involves a highly fact-specific application of law" that is not appropriate for interlocutory appeal. *Prevezon Holdings*,

10

2016 WL 187936, at *2. Defendant takes no issue with the Court's statement of the relevant legal standards. It merely disagrees with the outcome as applied to these facts.

To the extent Defendant argues that this prong is satisfied by the Court's analysis under the FTCA, it fares even worse. As the Court's order carefully explains, the existence of a duty under Connecticut negligence law involves a four-factor, totality-of-the-circumstances analysis that includes consideration of whether the particular harm in question was foreseeable. *See* ECF No. 83 at 15-18. And it is black letter law that "whether [an] injury is reasonably foreseeable ordinarily gives rise to a question of fact for the finder of fact." *Ruiz v. Victory Props., LLC*, 107 A.3d 381, 389 (Conn. 2015). Thus, "[a]lthough [Defendant] styles [its] argument as one based in law, [it] is really quarrelling with the state of the factual record . . . and not with any question of law," insofar as Connecticut and D.C. tort duties are concerned. *In re Salvatore*, No. 3:18-cv-1429 (SRU), 2019 WL 1284815, at *2 (D. Conn. Mar. 20, 2019) (Underhill, J.) (denying motion to certify interlocutory appeal) (cleaned up).

Even if the existence of a tort duty involves a "[m]ixed question[] of law and fact," those are "likewise impermissible grounds for certification" because only "'pure' question[s] of law that the reviewing court 'could decide quickly and cleanly . . .'" are appropriate for certification. *Prevezon Holdings*, 2016 WL 187936, at *2. *See also Adar Bays, LLC v. Aim Exploration, Inc.*, 310 F. Supp. 3d 454, 456 (S.D.N.Y. 2018) ("The issue before the Court . . . is a mixed question of law and fact that requires review of evidence in the factual record and is therefore not a 'controlling question of law' appropriate for interlocutory appeal."). Given the nature of these legal questions, "the benefit of further factual development and a complete record on appeal" also weigh against certifying an interlocutory appeal. *Republic of Colombia v. Diageo N. Am., Inc.*, 619 F. Supp. 2d 7, 10 (E.D.N.Y. 2007).

Finally, as explained above, even with respect to the cases Defendant claims are in conflict with this Court's as to the existence of private analogs to quasi-adjudicative

functions, the Court followed the same authorities and legal standards but merely came to a different conclusion given the different facts in this case. *Compare Ojo*, *supra*; *Storms*, *supra*; *Figueroa*, *supra*.

      **C.**    <u>**An Interlocutory Appeal Will Not Materially Advance Termination of the Litigation.**</u>

      Because Defendant seeks certification from an order on a motion to dismiss, before the development of any factual record necessary to adjudicating the merits of this FTCA case, an interlocutory appeal is premature and will not advance the termination of the litigation. Whether an appeal will "advance the ultimate termination of the litigation" turns primarily on whether the "appeal promises to advance the time for trial or to shorten the time required for trial." *In re Facebook, Inc., IPO Secs. & Deriv. Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014) (quotations and citations omitted). However, as explained above, several issues related to the applicable tort duties under the FTCA turn on questions of fact that will be better suited for appellate review upon development of a fuller factual record. Premature appellate review on those issues may very well prompt remand for further development. *See*, *e.g.*, *Pineiro v. Pension Benefit Guar. Corp.*, 22 Fed. App'x 47, 49 (2d Cir. 2001) (dismissing interlocutory appeal where "[a] more developed record may provide a firmer foundation on which to resolve the complex questions posed by this case"). Were that to happen, the proceedings would be prolonged by an intermediate appeal rather than advanced.[2]

      Additionally, as Defendant frames the issue on appeal as "whether there are any private analogs for Plaintiffs' novel tort claim," Mot. at 17, the government is effectively objecting to this Court's analysis of Connecticut and D.C. tort law. Further review of that

---

[2] To the extent Defendant argues that this criteria is satisfied merely because Plaintiffs have propounded discovery requests—an unremarkable step taken in every case—which Defendant complains are overbroad, Mot. at 18, the appropriate remedy is to meet and confer with Plaintiffs and raise issues with the Court. By instead seeking an interlocutory appeal, Defendant implies that the Court is incapable of managing discovery to ensure that it is reasonable, proportionate to the needs of the case, and not unduly burdensome. Any such implication should be rejected.

objection, if it is to be had, would not occur in the Second Circuit, *see, e.g.*, *Carroll v. Trump*, 49 F.4th 759, 781 (2d Cir. 2022) (certifying to D.C. Court of Appeals question whether "allegedly libelous public statements" made by President Trump were "within the scope of his employment" under D.C. law), nor until there exists a sufficient factual record. *Carroll v. Trump*, 66 F.4th 91, 93 (2d Cir. 2023) (explaining that D.C. Court of Appeals accepted certification, reformulated question, and concluded that whether President Trump was acting in the scope of his employment "is a question for the factfinder" not to be addressed "at this stage of the proceedings"). Because the government's objection appears to be, at bottom, a disagreement with this Court's examination of state tort law, interlocutory appeal to the Second Circuit will not materially advance termination of the litigation.

Finally, "obtaining reversal of an opinion denying a motion to dismiss will *always* contain the possibility of a dismissal." *In re Facebook Inc. IPO Sec. & Deriv. Litig.*, 986 F. Supp. at 531 (emphasis in original). Standing alone, that is insufficient to present an "exceptional circumstance" that "justif[ies] a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.* (quotation and citation omitted).

### D. There Are Compelling Reasons to Deny Certification Even if the Statutory Criteria Are Met.

Even if the three criteria above were satisfied, the Court should still exercise its "unfettered discretion to deny certification." *In re Teva Secs. Litig.,* 2021 WL 1197805, at *7; *In re World Trade Ctr.*, 469 F. Supp. 2d at 144. "Such unfettered discretion can be for '*any* reason, including docket congestion' and 'the system-wide costs and benefits of allowing the appeal.'" *In re Facebook, Inc. IPO Sec. & Deriv. Litig.*, 986 F. Supp. 2d at 530 (quoting *Klinghoffer*, 921 F.2d at 24 (emphasis added). "[T]he impact that an appeal will have on other cases is [also] a factor that [the Court] may take into account . . . ." *Klinghoffer*, 921 F.2d at 24. Courts may also consider factors like "(1) the time an appeal

would likely take; (2) the need for a stay pending appeal and the effect on the litigation, including discovery, that would result from a stay; (3) the probability of reversal on appeal; (4) the effect of a reversal on the remaining claims; (5) the benefit of further factual development and a complete record on appeal, particularly in rapidly developing or unsettled areas of the law; and (6) the probability that other issues may moot the need for the interlocutory appeal." *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 163 (E.D.N.Y. 1999).

The Second Circuit is one of the most backlogged in the country. As of September 30, 2023, there were a total of 2,042 appeals pending.[3] The median length of time from the filing of a notice of appeal to the issuance of a final order or opinion is 13.9 months, longer than any other appeals court in the country—meaning that half of cases take over a year before an appeal resolves.[4] If the Second Circuit affirms the Court's order or determines that interlocutory appeal is inappropriate, then the delay associated with an appeal may have to be repeated a second time following final judgment.

In the interim, Plaintiffs and proposed class members could very well be prejudiced. Mr. Monk is 75 years old. Like other members of the proposed class, he is a veteran of the Vietnam War. In 2020, the median age of living Vietnam veterans was 71.[5] Black veterans who served in Korea (median age: 86 in 2020) or World War II (92 in 2020) are even older.[6] So too are VA officials or other witnesses with knowledge of whether VA leadership failed to address racial disparities in benefits of which they knew or should have known, going back to the 1940s and 1960s. Plaintiffs and members of the

---

[3] *See* Table B-4, U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2023, available at
https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2023.pdf.
[4] *Id.*
[5] Jonathan E. Vespa, *Those Who Served: America's Veterans From World War II to the War on Terror* (U.S. Census Bureau: June 2020), at 9, Table 3, available at
https://www.census.gov/content/dam/Census/library/publications/2020/demo/acs-43.pdf.
[6] *Id.*

proposed class are therefore likely to be prejudiced if memories fade, witnesses die, or other relevant records are lost in the 14 or so months that would likely be required for an interlocutory appeal to resolve. Time is of the essence for pressing the proposed class's claims forward.

Moreover, the potential benefit to Defendant of an early appeal is speculative. As discussed above, Defendant has not made a showing that it is likely to succeed on appeal. And, importantly, Defendant may not need to take an appeal at all if it ultimately prevails at summary judgment or after a bench trial. Given that discovery closes by May 2025, with summary judgment and trial to follow shortly thereafter, s*ee* ECF No. 97, "[i]t is altogether possible that defendant . . . will be relieved of liability after trial sooner than it would be by the result of the interlocutory appeal that it seeks." *Gulino v. Board of Educ. of City School Dist. of City of N.Y.*, 234 F. Supp. 2d 324, 325 (S.D.N.Y. 2002) (denying motion to certify interlocutory appeal). This also weighs against granting a premature appeal.

Finally, the public interest in developing a full factual record before an appeal in this litigation is immense. Just weeks ago, Defendant commemorated the 80th anniversary of the Normandy invasion, celebrating the heroism of those who fought there. But there is an untold story about generations of unremedied racial disparities that affected Black veterans like Conley Monk Sr., who fought at Normandy and suffered dignitary insults and injuries upon their return home as a result from being subjected to a racially discriminatory system. This case is the only vehicle for Black veterans to correct VA's historical shame of negligently failing to prevent systemic discrimination of which VA officials knew or should have known. And the appeals court will surely benefit from a fully developed record prior to considering the questions raised in this case.

15

## IV.    <u>CONCLUSION</u>

This is not a case that calls for early appellate review. Defendant's motion should be denied.

Respectfully Submitted,

By: /s/ *Yaman Salahi*

Shelby Niehaus, Law Student Intern*
Natalia Friedlander, ct31510
Michael J. Wishnie, ct27221
Veterans Legal Services Clinic
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800
michael.wishnie@ylsclinics.org

Yaman Salahi, *pro hac vice*
ysalahi@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: (415) 212-9300
Fax: (415) 373-9435

Jimmy Rock, *pro hac vice*
jrock@edelson.com
EDELSON PC
1255 Union Street NE, 7th Floor
Washington, D.C. 20002
Tel: (202) 987-6303

Theo Benjamin, *pro hac vice*
tbenjamin@edelson.com
Emily Penkowski (*pro hac vice* forthcoming)
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378

*Motion for law student appearance forthcoming

*Counsel for Plaintiffs*