**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CONLEY F. MONK, JR., et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 3:22-cv-01503 (SRU) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL**
**INFORMATION**

1.    With the agreement of the parties, the Court having determined that there is good

cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c)

to govern the disclosure, use, and handling by the parties and their respective agents,

successors, personal representatives and assignees of certain information and items

produced and received in discovery in the above-captioned action, IT IS HEREBY

ORDERED as follows:

A.   Definitions

1.    "Action" shall mean the case captioned *Conley F. Monk, Jr., et al., v. United*

*States of America*, No. 3:22-cv-01503 (D. Conn).

2.    "Confidential Information" shall mean information that, at the time of its

production in discovery in the action, or thereafter, is designated confidential by the

Producing Party because of a good faith belief that the information: (a) is not in the

public domain, or if in the public domain, is improperly in the public domain; and (b) is a

1

trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G); (c) is personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2.; (d) is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a; or (e) is information protected by the Internal Revenue Code, 26 U.S.C. § 6103.

3.  "Attorney's Eyes Only Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information: (a) contains personal financial, medical or other private information (including information regarding individual veteran benefits applications or determinations) relating to individuals other than the named plaintiffs in this Action ; (b) includes pre-decisional, internal agency information protected by the deliberative process privilege including recommendations and analysis produced pursuant to a Court order compelling production.

4.  "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying.  "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

5.  "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & B.

6.  "Counsel" shall mean all counsel of record, attorneys working with counsel of

record, and law student interns admitted to appear in this matter pursuant to D. Conn. L. Civ. R. 83.9.

7. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

8. "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

9. "Producing Party" shall mean the person or party producing in discovery in the Action.

10. "Protected Health Information" or "PHI" includes certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including Health Insurance Claim ("HIC") number) that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, the provisions of 45 C.F.R. §§ 164.02-164.534 (regulations promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") or information for which there may be no waiver by the patient to produce the records to an entity outside one of the Parties.

11. "Protected Material" means documents, electronically stored information, or other tangible things that contain "Protected Health Information," "Confidential Information," or "Attorney's Eyes Only Information" as defined above.

12. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

B. Purpose, Scope, and Limitations of Protective Order

3

1.     This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this Action (a "non-party").  This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

2.    Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

3.    This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Protective Material under this Protective Order in this Action.  A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

4.     The protections conferred by this Protective Order do not cover any information (i) properly in the public domain; (ii) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (iii) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

5.    The Court finds that this Order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v).  All patient identifiable information shall be designated as "confidential" using the process in Section C of this Protective Order and

may be used or disclosed in accordance with the terms of this Protective Order and 45 C.F.R. § 164.512(e)(1)(v).

6.   This Protective Order does not govern the use by the Parties of Protected Material in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Protected Material in any such hearing or trial.

7.   This Protective Order governs the disclosure, use, and handling of all Protected Material, regardless of the format or medium in which such Protected Material is generated, stored, or maintained.

8.   Any Protected Material referenced in any pleading or contained in any Document filed with the Court in this Action by the Producing Party shall at the time of filing cease to be Protected Material unless the Producing Party files the un-redacted pleading or Document under seal.

9.   Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Protected Material for any purpose whatsoever, but if any such use results in a disclosure that causes the Protected Material to lose its designation as Protected Material, then it shall no longer be subject to any protection under this Protective Order.

10. This Protective Order applies only to disclosures, uses, and handling of Protected Material occurring after the entry of this Protective Order.

11. Neither the termination of this Action nor the termination of employment of any person who has had access to any Protected Material shall relieve such person of his or her obligations under this Protective Order, which shall survive.

12. Any party may at any time seek modification of this Order by agreement or,

failing agreement, by motion to the Court.

C.  Method for Designating Confidential Information

1.  Designations of Protected Material shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

2.  The Designation of Protected Material should be limited to only those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Protected Material" in Section A(10) of this Protective Order.

3.  Documents produced in discovery in this Action shall be designated as containing "Protected Material." For Documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of either CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER for Documents that contain Protected Health Information or Confidential Information or ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER for information that contains Attorney's Eyes Only Information.  For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER.[1]  The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled with CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES

---

[1] The original metadata of the native files should be retained pursuant to the parties' agreement.

ONLY—SUBJECT TO PROTECTIVE ORDER unless and until the protection of the data within the media is removed.  Any copying or transferring of electronic files that are designated as Protected Material must be done in a manner that maintains and the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

4.    For interrogatory answers and responses to requests for admissions, designation of Protected Material shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER. A Producing Party may segregate responses containing Protected Material into a separate document or documents.

5.    For depositions, designation of Protected Material shall be made during the deposition on the record that should include reasons for the assertion, or by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Protected Material. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Protected Material under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A.  After designation of

7

Confidential Material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Protected Material: CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER.  If the deposition was filmed, both the recording storage medium (i.e. CD or DVD) and its container shall be labeled CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER.

6.   For any other Document or item produced in discovery in this Action not falling within subparagraphs C(3), (4) or (5) above, designation of Protected Material shall be made by labeling the item or the item's container with CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER or ATTORNEY'S EYES ONLY—SUBJECT TO PROTECTIVE ORDER.   If only a portion or portions of the information contained in the item warrant protection as Protected Material, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

7.   If it comes to a Producing Party's attention that information designated as Protected Material does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

D.  Challenging Confidential Designations

1.   A Challenging Party shall not be obliged to challenge the propriety of a Protected Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

2.   The Challenging Party shall initiate a challenge to the designation of any

8

Protected Material under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

3.   The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either keep or change the designation.  The Designating Party must communicate its decision(s) to the Receiving Party within fourteen (14) calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

4.   If the Designating Party decides to withdraw its designation, it shall give notice of this change to all parties.

5.   If the Challenging and Designating Parties cannot come to a resolution within the time set forth in paragraph 3 above, or as otherwise agreed, either Party may file a motion seeking a determination from the Court.

6.   Any information designated as Protected Material pursuant to and after the entry by the Court of this Protective Order shall be treated as Protected Material until such time as (a) the Designating Party agrees that it shall no longer be treated as Protected Material or (b) the Court rules that such information should not be treated as Protected Material.

E.   Disclosure, Use and Handling of Confidential Information

1.   A Receiving Party may use Protected Material in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Protected Material only in accordance with the terms of this Protective Order.

2.   Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Protected Material.

3.   Protected Health Information and Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

    a.   Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

    b.   Law student interns working under the supervision of counsel of record and assigned to and necessary to assist in the litigation;

    c.   Current employees of the Parties who are assisting with respect to this Action;

    d.   Any person with prior authorized access to the Confidential Information;

    e.   Current employees of the Producing Party;

    f.   Witnesses, potential witnesses, and deponents, including their counsel;

    g.   Court reporters and other persons not employed by this Court, retained to

record or transcribe testimony or argument at interviews or depositions in

connection with this Action;

h.  Photocopying, data processing, and other support services that are

reasonably necessary to litigation in this Action;

i.  Retained expert witnesses and consultants;

j.  Mediators or arbitrators; and

k.  This Court (including any judicial officer to whom this Court may refer

this matter for settlement purposes), jurors, and Court personnel, including

persons recording or transcribing testimony or argument at a conference,

hearing, trial, or appeal in this Action.

4.  With the exception of government employees (to include, but not limited to,

attorneys, paralegals, and clerical staff), government contractors, government consultants,

former government employees, and government experts, disclosure to the persons

referenced in Paragraph E(3), subsections (a)-(k) above, may only occur after the person

to whom the disclosure is being made has been given a copy of the Protective Order and

has signed a declaration in the form attached hereto as "Exhibit A."

5.  Attorney's Eyes Only Information shall be disclosed, summarized, described,

characterized, or otherwise communicated or made available in whole or in part, to only

the following persons and only as reasonably necessary for this Action:

a.  Counsel (including outside counsel) for the Parties, including associated

personnel necessary to assist counsel in this Action, such as litigation

assistants, paralegals, and litigation support, information technology,

information or records management, investigative, secretarial or clerical

personnel;

b. Law student interns working under the supervision of counsel of record and assigned to and necessary to assist in the litigation;

c. Government employees (to include, but not limited to, attorneys, paralegals, and clerical staff), government contractors, government consultants, and government experts;

d. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

e. Retained expert witnesses; and

f. Others to whom the parties have agreed separately in writing.

6. Disclosure to the persons referenced in subsections (E)(5)(a),(b), (e), and (f) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

7. Persons receiving Protected Material pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

8. Unless the Designating Party gives written permission, all Protected Material that is filed with the Court must be (1) filed under seal or *in camera* in accordance with the Court's Local Rules and procedures and (2) redacted from any filing that is publicly available.

9.   If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) seeking Protected Material as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Protected Material until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either (a) the Designating Party does not object to the production of the Protected Material or (b) that that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production.   The Designating Party shall bear the burden and expense of seeking protection of its designated Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

10. If the need arises for any party to disclose Confidential Information in a proceeding in open Court or in support of a dispositive motion, it may do so only after giving seven (7) days' notice to the producing party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.

11. Nothing in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any of its agencies or departments, or any division or office of any such agency or department, information or materials provided in this Action, including those designated as Protected Material under this Order, that relate to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction. Nor shall anything contained in this Order prevent or in any way limit or impair the use of any information provided in this Action, including Protected Material, by an agency in any lawfully permitted proceeding relating to a potential violation of law

or regulation, or relating to any matter within that agency's jurisdiction. Disclosure of

information or materials provided in this Action, including those designated as Protected

Material under this Order, is permitted within the meaning of this paragraph, provided

that the agency shall be advised of the terms of this Protective Order and maintain the

confidentiality of the Protected Material in a manner consistent with the terms of this

Order.

F.    Inadvertent Production of Confidential Information

1.    Nothing herein shall be deemed or construed as a waiver of any applicable

privilege, right of privacy, or proprietary interest with respect to any information or item.

The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently

or unintentionally produced or disclosed Confidential Information.

2.    If a Receiving Party learns that, by inadvertence or otherwise, it, or a

person to whom it has disclosed Protected Material in accordance with this

Protective Order, has disclosed Protected Material to any person or in any

circumstance not authorized under this Protective Order, the Receiving Party shall,

upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to

whom the unauthorized disclosure was made that the unauthorized disclosure

contains Protected Material subject to this Protective Order; (b) promptly

make all reasonable efforts to obtain the return of the Protected Material and

to prevent further unauthorized disclosures of the Protected Material,

including requesting the person who received the unauthorized disclosure to agree

to be bound by the terms of this Protective Order by executing a declaration in the

form attached as "Exhibit A"; and (c) within five (5) calendar days notify the

14

Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Protected Material that was the subject of the unauthorized disclosure.

G.  <u>Disposition of Documents Containing Confidential Information</u>

1.  Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Protected Material or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials overwritten and destroyed in the normal course of business.  Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.  In the course of disposing of information in its possession under this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed Protected Material pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

a.  For material that contains or reflects Protected Material, but that constitutes or reflects counsel's work product, or that of retained

consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Protected Material subject to this Protective Order.

b.  Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Protected Material, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Protected Material unless and until its Designating Party agrees otherwise in writing or a court order directs.

c.  In particular, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Protected Material in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

Judge's Signature

Dated:_____

16

**Plaintiffs Conley F. Monk, Jr. on behalf of himself and as Administrator of the Estate of Conley F. Monk, Sr., and National Veterans Council for Legal Redress**

**By Attorneys:**

/s/ Michael J. Wishnie
Shelby Niehus, Law Student Intern*
Natalia Friedlander, ct31510
Michael J. Wishnie, ct27221
Veterans Legal Services Clinic
P.O. Box 209090
New Haven, Connecticut 06520
Tel: (203) 432-4800
michael.wishnie@ylsclinics.org

* Motion for law student appearance forthcoming

Yaman Salahi, *pro hac vice*
ysalahi@edelson.com
EDELSON PC
150 California St., 18th Floor
San Francisco, California 94111
Tel: (415) 212-9300
Fax: (415) 373-9435

Jimmy Rock, *pro hac vice*
jrock@edelson.com
EDELSON PC
1255 Union Street NE, 7th Floor
Washington, D.C. 20002
Tel: (202) 987-6303

Theo Benjamin, *pro hac vice*
tbenjamin@edelson.com
Zoë Seaman-Grant, *pro hac vice*
zseaman-grant@edelson.com
Emily Penkowski (*pro hac vice* forthcoming)
epenkowski@edelson.com
EDELSON PC
350 North LaSalle St., 14th Floor
Chicago, Illinois 60654

**Defendant United States of America**

**By Attorneys:**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

VANESSA ROBERTS AVERY
United States Attorney

JAMES G. TOUHEY, JR.
Director, Torts Branch

CHRISTOPHER R. BENSON
Assistant Director, Torts Branch

/s/ Jillian Rose Orticelli
Michelle L. McConaghy (ct27157)
Jillian Rose Orticelli (ct28591)
Assistant United States Attorneys
450 Main Street, Rm. 328
Hartford, CT 06103
Tel.: (860) 947-1101
Fax: (860) 760-7979
Email: Michelle.McConaghy@usdoj.gov
Jillian.Orticelli@usdoj.gov

Emily M. Kelley (phv207548)
Irina M. Majumdar (phv207971)
Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. 888
Washington, DC 20044
Telephone: (202) 616-4400
Email: Emily.m.kelley@usdoj.gov
Email: Irina.m.majumdar@usdoj.gov

ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA

Tel: (312) 589-6370
Fax: (312) 589-6378

COUNSEL FOR PLAINTIFFS

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| **CONLEY F. MONK Jr., et al.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 3:22-cv-01503 (SRU)** |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

CERTIFICATION

1. My name is_____

2. I have read the Protective Order that has been entered in this case, and a copy of it
   has been given to me. I understand the provisions of the Protective Order, and
   agree to comply with and to be bound by its provisions. I also consent to the
   jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.


Executed this ___ day of _____ by _____
                                              (Print Name)


Signed_____