UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONLEY F. MONK, JR. et al.,  :<br>   *Plaintiffs*,  : <br> : <br>v.  : <br> : <br>THE UNITED STATES OF AMERICA,  : <br>   *Defendant*.  : | No. 3:22-cv-1503 (SRU)<br><br>July 9, 2024 |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR CERTIFICATION OF THIS COURT'S ORDER DATED MARCH 29, 2024 (ECF 83) PURSUANT TO 28 U.S.C. § 1292(b)**

Plaintiffs' Opposition ("Opposition") to the United States' Motion for Certification ("Motion") does not meaningfully address many of the points raised in the Motion. As the government previously explained, this Court's March 29, 2024 Order (ECF 83) ("Order") involves at least two controlling questions of law on which there are substantial grounds for differences of opinion, and an interlocutory appeal at this juncture would materially advance the ultimate termination of the litigation—sparing both the Court and the parties the significant burdens of litigating this complex case on legal premises that are likely to be reversed on appeal. Plaintiffs nowhere acknowledge that 28 U.S.C. § 1292(b) is designed to facilitate an early and definitive resolution of precisely the sort of threshold legal issues presented here. Instead, they insist that this Court should exercise its discretion not to certify its Order for interlocutory review under section 1292(b) for three primary reasons: (1) the Order presents questions of fact rather than controlling questions of law; (2) there is no substantial ground for difference of opinion on these issues in the Second Circuit; and (3) the resolution of these issues will not materially advance the termination of this litigation. Because none of these arguments has merit, and the criteria for certification under section 1292(b) are plainly satisfied, this Court should certify its Order for immediate appeal.

**ARGUMENT**

**I.     The Order Involves Controlling Questions of Law.**

Whether Plaintiffs' claims against the United States are precluded by the Veterans' Judicial Review Act ("VJRA"), 38 U.S.C. § 511(a), and whether there is a private analog for those claims in state tort law sufficient to proceed under the Federal Tort Claims Act ("FTCA") are controlling questions of law. Notably, Plaintiffs do not dispute that "a question of law is controlling if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 23 (2d Cir. 1990) (internal citations omitted). Nor do they dispute that reversal on either issue presented here would result in termination of the action. *See* Dkt. 98 at 10-12. Instead, Plaintiffs claim that the Order presents mixed questions of law and fact, rather than pure issues of law. That is incorrect.

The Order is a decision on a motion to dismiss pursuant to Rule 12(b)(1). The Court made no factual determinations in denying the United States' Motion to Dismiss and concluding that it had subject matter jurisdiction to hear Plaintiffs' claims. As the Court explained, "[i]n resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." Dkt. 83 at 1-2 (internal quotations omitted). The United States did not advance factual arguments in its Motion to Dismiss, but instead argued that "subject matter jurisdiction is clearly lacking based on the complaint alone" and accepted the well-pleaded allegations in the Complaint as true.[1] *See* Dkt. 23-1 at 17. In such circumstances, it is well-established that the question "[w]hether a suit falls within federal subject matter jurisdiction is a question of law."

---

[1] The Motion to Dismiss, a facial attack on the pleadings, referenced filings from other matters of which the Court could take judicial notice. None of those materials were cited by the Court in its Order.

*D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 756 F.3d 151, 155 n.2 (2d Cir. 2014); *see also Landau v. Eisenberg*, 922 F.3d 495, 497 (2d Cir. 2019).

Plaintiffs contend that the United States has not identified controlling questions of law. *See* Dkt. 98 at 10-11. However, in denying the government's Motion to Dismiss, this Court assessed the allegations in the Amended Complaint and made a legal determination about whether they fell within the scope of the jurisdictional bar in section 511 and whether there were any private party analogs for Plaintiffs' claims sufficient to confer jurisdiction under the FTCA. The Court did not make any factual findings. Indeed, as Plaintiffs appear to acknowledge, no factual record was before the Court. *See* Dkt. 98 at 12 ("Defendant seeks certification from an order on a motion to dismiss, before the development of any factual record necessary to adjudicating the merits"). Thus, Plaintiffs' reliance on cases denying interlocutory appeal of factual issues is misplaced.

For example, in *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627 (2d Cir. 1991), the district court certified an order granting summary judgment to defendant as to certain contract claims. *Id.* at 629. Plaintiff sought appeal of "genuine issues of fact" as to whether defendant acted in good faith with respect to the contract and whether its failure to fulfill contractual orders was voluntary or rendered impossible by others' actions. *Id.* The Second Circuit held that the appeal could not proceed under section 1292(b) for numerous reasons, including that "the controlling issues are questions of fact." *Id.* at 631. Similarly, in *In re Salvatore*, No. 18-cv-1429 (SRU), 2019 WL 1284815 (D. Conn. Mar. 20, 2019), this Court heard a request for certification of a bankruptcy court's denial of a summary judgment motion in an adversarial proceeding. The bankruptcy court held there was a genuine issue of material fact as to whether notice of the bankruptcy filing was provided to the adverse party. The applicant disagreed with the bankruptcy court's findings with respect to the adverse party's factual claims and sought appeal. *Id.* at *2. In denying the motion,

this Court noted that the applicant was really "quarrelling with the state of the factual record below, and not with any question of law in contesting the propriety of the denial of summary judgment." *Id.* (internal quotations omitted); *see also United States v. Prevezon Holdings Ltd.*, No. 13-cv-06326, 2016 WL 187936, at *2 (S.D.N.Y. Jan. 15, 2016) (denying a request to certify question of whether a court correctly applied a "substantial relationship" test to the facts of an attorney disqualification issue, which itself rests on a "highly fact-specific inquiry") (internal quotations omitted); *Adar Bays LLC v. Aim Expl., Inc.*, 310 F.Supp.3d 454, 456 (S.D.N.Y. 2018) (denying certification where issue of whether reservation of shares of stock rendered a note criminally usurious was mixed question of law and fact "that requires review of evidence in the factual record").[2]

In contrast, here the United States seeks review of two controlling issues of subject matter jurisdiction, the types of questions that have long provided a basis for interlocutory appeal in this Circuit. *See, e.g., Montefiore Med. Ctr. v. Teamsters Local 272*, No. 09-cv-3096, 2009 WL 3787209, at *6 (S.D.N.Y. Nov. 12, 2009), *aff'd*, 642 F.3d 321 (2d Cir. 2011); *Klinghoffer*, 921 F.2d at 23. On appeal, the Second Circuit would not need to review evidence in a factual record in order to consider the issues presented. *Compare with Salvatore*, 2019 WL 1284815, at *2; *Adar Bays*, 310 F. Supp. 3d at 456. Because both the preclusive scope of section 511 and the private analog issue concern this Court's subject matter jurisdiction and are inherently legal in nature,

---

[2] Plaintiffs also cite *Republic of Colombia v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 13 (E.D.N.Y. 2007), for the proposition that "the benefit of further factual development and a complete record on appeal" cuts against certification. *See* Dkt. 98 at 11. However, the court in that case actually granted certification, holding that other factors outweighed any such benefit. It stressed that "Plaintiffs' claims may fail on a number of different grounds and the costs of discovery will be significant," and concluded that "the Court of Appeals should have the opportunity to determine whether it wishes to consider" the issues addressed in the order at that time. *Id.* at 13.

there can be little doubt that the United States has identified controlling questions of law appropriate for certification under section 1292(b).

## II. There is Substantial Ground for Difference of Opinion.

The United States also established in its Motion that there are substantial grounds for difference of opinion with respect to both issues it seeks to appeal. In response, Plaintiffs contend that it makes no difference whether this Court's Order conflicts with decisions by courts of appeals outside the Second Circuit because, in Plaintiffs' view, grounds for a difference of opinion may *only* exist where the challenged district court decision conflicts with other decisions from within the Second Circuit. Dkt. 98 at 3, 5. That view is wrong for several reasons: (1) it is at odds with this Court's own decisions; (2) it is premised on a misinterpretation of the relevant standard; and (3) even if the only grounds for difference of opinion that mattered were within the Second Circuit, the United States has identified intra-circuit differences on both questions presented.

First, Plaintiffs' view that only differences of opinion within the Second Circuit can provide a basis for certification under section 1292(b) conflicts with prior decisions by this Court. As this Court has previously recognized, a "substantial ground for difference of opinion exists where (1) there is conflicting authority on the issue, *or* (2) the issue is particularly difficult and of first impression for the Second Circuit." *In re Teva Securities Litigation*, No. 3:17-cv-558 (SRU), 2021 WL 1197805, at * 7 (D. Conn. Mar. 30, 2021) (emphasis added) (citing *Whyte v. Wework Cos., Inc.*, No. 20-cv-1800, 2020 WL 4383506, at *2 (S.D.N.Y. July 31, 2020)); *see also In re Kwok*, No. 3:22-cv-1581 (KAD), 2023 WL 157784, at *2 (D. Conn. Jan. 11, 2023); *United States ex. rel. Quartararo v. Cath. Health Sys. of Long Island, Inc.*, 521 F.Supp.3d 265, 277-78 (E.D.N.Y. 2021) (granting certification where the issue presented was "a novel issue in the Second Circuit"); *Tantaros v. Fox News Network, LLC*, 465 F. Supp. 3d 385 (S.D.N.Y. 2020) (finding that this factor was met where only one case had interpreted a challenged statutory provision); *Capital Records,*

5

*LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551-52 (S.D.N.Y. 2013) (granting certification where there was an issue of first impression to the Second Circuit). This standard is disjunctive, and it allows a court to certify an order where there is *either* "conflicting authority" *or* a difficult issue of first impression. *See id*. Indeed, this Court has certified cases involving issues of first impression to the Second Circuit, stating that "an opinion from the Second Circuit could be useful both in [that] case and elsewhere." *See, e.g.*, *In re Aggrenox Antitrust Litigation*, No. 3:14-md-2516 (SRU), 2015 WL 4459607, at *11 (D. Conn. July 21, 2015).

Second, Plaintiffs' argument is premised entirely on a single sentence from one case from the Eastern District of New York, *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d, 393, 398 (E.D.N.Y. 2003). *Ryan Beck* states that "disagreement among courts outside the Second Circuit does not establish a substantial ground for difference of opinion." *Id*.; *see also* Dkt. 98 at 5. That single sentence is not properly read as deviating from a well-established standard for showing a substantial ground for difference of opinion. In any event, *Ryan Beck* is distinguishable from this case. In *Ryan Beck*, the plaintiff sought interlocutory appeal on an issue that was "clearly settled law within the Second Circuit." *Id*. at 397. Because the district court had ruled consistently with the Second Circuit's "settled law," the plaintiff cited solely to differences of opinion in out-of-circuit cases in support of its motion. *Id*. at 397-98. Given that the Second Circuit had spoken directly on the issue, and that the plaintiff had not identified any other cases from within the Circuit that contradicted the district court's ruling, the court concluded that plaintiff's "reliance on decisions from outside this circuit [was] misplaced." *Id*.

By contrast, this Court has expressly recognized that "the Second Circuit has not directly addressed section 511's scope." Dkt. 83 at 8. Given the absence of Second Circuit precedent on this issue, the United States cited to multiple decisions from other circuits that consistently held

6

that section 511 bars not only challenges to the ultimate decisions related to veterans' benefits, but also claims that purport to challenge systemic issues in the administration of benefits. *See* Dkt. 93 at 10-16 (citing cases). Because the Second Circuit has not yet had occasion to address this issue, the conflict between this Court's ruling and the decisions of courts of appeals outside the Second Circuit provides an appropriate basis for interlocutory appeal. *See Aggrenox*, 2015 WL 4459607, at *11 (certifying order where there was a question of how Second Circuit would address an issue). In any event, the United States also identified multiple district court decisions within this Circuit that conflict with this Court's Order. *See* Dkt. 23-1 at 20-21.

Finally, with respect to the United States' argument under the FTCA that no private party analog exists, Plaintiffs cannot meaningfully argue that the United States failed to cite conflicting precedent from decisions within this Circuit. The United States cited multiple decisions, in both its Motion to Dismiss and the instant Motion, holding that "quasi-adjudicative" claims like Plaintiffs' are barred from proceeding under the FTCA. *See* Dkt. 96 at 16-17; Dkt. 23-1 at 27-28; *see also, e.g., McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016). In their Opposition, Plaintiffs argue that these cases "involve very different legal challenges and factual situations." Dkt. 98 at 8. However, Plaintiffs' Opposition ignores the fact that at least one district court in the Second Circuit has held that decisions by the Department of Veterans Affairs ("VA") regarding the grant or denial of veterans' benefits lack a private analog. *See Peruta v. United States*, No. 3:16-cv-2112 (VLB), 2018 WL 995111 (D. Conn. Feb. 21, 2018). That alone is sufficient grounds to establish a difference of opinion.

At bottom, the extent of section 511(a)'s application is a "difficult" issue of first impression in the Second Circuit, and the Court's decision on whether a private party analog exists under the FTCA is in direct conflict with other decisions from the Second Circuit and district courts therein,

7

*see, e.g., McGowan*, 825 F.3d at 125; *Peruta*, 2018 WL 995111. Accordingly, there is a substantial ground for a difference of opinion with respect to both issues.

### III. Immediate Appeal Will Materially Advance the Ultimate Termination of this Litigation.

In its Motion, the government showed that certification of these two threshold jurisdictional issues for immediate appeal would materially advance the ultimate termination of this matter. Plaintiffs fail to establish otherwise. Courts in this Circuit take into consideration whether a ruling in the appealing party's favor on interlocutory appeal would eliminate or significantly reduce costs of discovery and/or avoid protracted litigation. *See Quartararo*, 521 F.Supp. 3d at 279; *Republic of Colombia*, 619 F. Supp. 2d at 13; *Hymes v. Bank of Am., N.A.*, No. 18-cv-2352, 2020 WL 9174972, at *6 (E.D.N.Y. Sept. 29, 2020). That consideration weighs strongly in favor of interlocutory appeal here, where the case is still at an early phase, and discovery is currently on a twelve-month schedule (to May 2025). As Plaintiffs acknowledge, they seek information and testimony spanning a period of approximately eighty years, stretching from the 1940s to the present. Plaintiffs have also repeatedly suggested that they intend to seek testimony from multiple high-ranking officials currently within the VA, including the current VA Secretary, Denis R. McDonough, as well as former VA Secretaries. *See* Dkt. 98 at 14. Such discovery will impose significant burdens on the Court, the parties, and potentially numerous non-party individuals.

Plaintiffs' claim that an appeal may not be necessary because Defendant may succeed at summary judgment or trial, Dkt. 98 at 15, does not account for the significant burden imposed by the expansive discovery envisioned by Plaintiffs, let alone by potentially prolonged litigation over the propriety of class certification, extensive summary judgment briefing, or preparations for a possible trial. If the United States were to prevail on either threshold legal issue on interlocutory appeal, such burdens on the parties and this Court would be avoided. Finally, the argument that

the Second Circuit "will surely benefit from a fully developed record" ignores the fact that the questions the United States seeks to appeal are threshold question of controlling law that the Court of Appeals may properly address now. Dkt. 98 at 15.

As the United States explained in its Motion, the two threshold jurisdictional issues presented here involve legal questions that are "of special consequence." *See Balintuno v. Daimler AG*, 727 F.3d at 186 (2d Cir. 2013); Dkt. 96 at 18. Plaintiffs state that there is immense "public interest" in developing a "full factual record before an appeal." Dkt. 98 at 15. But the desire of one party to develop a factual record through extensive and burdensome discovery does not outweigh the compelling reasons that the Court should certify controlling questions of law where immediate appeal would materially advance, and potentially terminate, the litigation. The VA is committed to identifying and eliminating racial disparities in benefits decisions. Notwithstanding the importance of that goal, the public interest is best served by sparing both the Court and the parties the significant burdens of litigating this complex case on legal premises that are likely to be reversed on appeal. By certifying its Order for appeal under section 1292(b), this Court can facilitate a definitive resolution of the threshold legal issues presented in this case and avoid unnecessary and burdensome proceedings that threaten to divert scarce agency resources from the important task of promptly and fairly awarding benefits to all veterans.

## **CONCLUSION**

For the foregoing reasons, and as stated in its Motion and Memorandum in Support (Dkt. 96, 96-1), the United States respectfully requests that this Court certify its Order dated March 29, 2024 (ECF 83) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

VANESSA ROBERTS AVERY
United States Attorney

JAMES G. TOUHEY, JR.
Director, Torts Branch

CHRISTOPHER R. BENSON
Assistant Director, Torts Branch


*/s/ Emily M. Kelley*
Emily M. Kelley (phv207548)
Irina Majumdar (phv207971)
Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4400
Email: Emily.m.kelley@usdoj.gov
         Irina.m.majumdar@usdoj.gov

Michelle L. McConaghy (ct27157)
Jillian Rose Orticelli (ct28591)
Assistant United States Attorneys
450 Main Street, Rm. 328
Hartford, CT 06103
Telephone: (860) 947-1101
Fax: (860) 760-7979
Email: Michelle.McConaghy@usdoj.gov
         Jillian.Orticelli@usdoj.gov


ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA