IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CONLEY F. MONK, JR., et al.,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**THE UNITED STATES OF AMERICA,** )<br>)<br>Defendant. )<br>) | No. 3:22-cv-01503 (SRU) |

**STIPULATED AGREEMENT
REGARDING ELECTRONICALLY STORED INFORMATION**

The Parties mutually seek to reduce the time, expense and other burdens of discovery of certain hard copy documents, electronically stored information ("ESI"), and privileged materials as described further below; seek to better define the scope of their obligations with respect to preserving and producing such information and materials; and, accordingly, have stipulated to the following with respect to discovery in the above-captioned action.

**A.    Definitions**

1.     "Action" shall mean the above-captioned lawsuit.

2.     The term "Document," as used herein, includes all items listed in the Federal Rules of Civil Procedure 34(a)(1)(A) and (B), and D. Conn. L. Civ. R. 26(c)(1) and (2) including any ESI or tangible thing.  A draft or non-identical copy is a separate document within the meaning of this term and includes a preliminary version of a document that has been shared by the author with another person (by email, print, or otherwise).

3.     The term "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during the litigation of these Actions.

4. The term "Database System" means any system that is accessible consisting of a group of integrated files, which is stored in one location or distributed across multiple locations in a network, and made available to several users, and consisting of a tabulation of corresponding information which can be searched, organized, classified, and accessed in multiple ways. "Database System" includes computers and any device where ESI could be stored.

5. The term "Electronically Stored Information" ("ESI") means information that is stored in an electronic medium (including storage in a Database System as defined herein) and includes Electronic Documents and Metadata as defined herein.

6. The term "Electronic Document" means Documents existing in electronic form at the time of collection, including, but not limited to: Email, word processing files (*e.g.*, Microsoft Word); computer presentations (*e.g.*, PowerPoint); and spreadsheets (*e.g.*, Microsoft Excel).

7. The terms "Party" or "Parties," as used herein, means the Parties to this litigation, including their employees and agents.

8. The term "Producing Party," as used herein, means the Party producing documents or ESI.

9. The term "Receiving Party," as used herein, means the Party receiving documents or ESI.

B. **Preservation Requirements**

10. The Parties represent that they have taken reasonable steps to preserve information that may be discoverable in their possession, custody or control, and will continue to preserve such information that comes into their possession, custody or control after the date of this Order.

11. With respect to relevant documents, the Parties need only preserve one copy of

each non-identical document, but shall retain any existing information related to the custodians of any duplicates that are not preserved for production.

12. The Parties need retain only one copy of a relevant electronic message sent to multiple parties.

13. By preserving relevant documents or ESI, the Parties are not conceding that such documents are discoverable in this matter, nor are the Parties waiving any claim of privilege.

14. The Parties need not preserve the following categories of ESI for this litigation:

   a. Data stored in a backup system for the purpose of system recovery or information restoration, including but not limited to, disaster recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely deleted or written over in accordance with an established routine system maintenance practice;

   b. Deleted computer files, whether fragmented or whole, or other data only accessible by forensic means;

   c. Data stored in random access memory ("RAM"), cache memory, or in temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

   d. Data stored on photocopiers, scanners, and fax machines;

   e. Server, system, or network logs;

   f. Data in metadata fields that are frequently updated automatically, such as last-opened dates;

   g. ESI (e.g., e-mail, calendars, contact data, notes, and text messages), sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry), provided

3

that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage);

h.  ESI on local or external drives such as laptops, desktops, flash drives or external drives provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage)

i.  On-line access data such as temporary internet files, history, cache, cookies, and the like;

j.  Electronic data temporarily stored by scientific equipment or attached devices, provided that the data that is ordinarily preserved as part of a laboratory report is, in fact, preserved in its ordinary location and form; and

k.  Data stored on legacy systems that were no longer in use five years before the complaint was filed.

15.  Nothing in this Stipulation prevents any Party from asserting, in accordance with the Federal Rules of Civil Procedure, that other categories of ESI are not reasonably accessible within the meaning of Rule 26(b)(2)(B).

16.  Nothing in this Stipulation shall affect any other obligations of the Parties to preserve documents or information for other purposes, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation.

**C.  Format of Production**:  See Appendix A.

**D.  Other Production Issues**

17.  Documents considered "publicly available," such as published articles or postings to public web sites need not be produced, but the location of such "publicly available" information will be identified by the Producing Party to the Receiving Party.

18. <u>Original Documents.</u> The Parties will retain original hard-copy documents and original ESI documents. Subject to the preservation of appropriate privileges and other protections, the Parties will consider reasonable requests, after any necessary meet and confer, to inspect the original hard copy document and source ESI documents of specific documents or groups of documents.

19. <u>Costs of Document Production</u>. Unless the Court orders otherwise, each Party shall bear the costs of producing its own documents unless cost-sharing or cost-shifting with respect to any particular source of responsive documents is appropriate under the law and/or ordered by the Court.

**E.    Use of Documents During Litigation.**

20. Notwithstanding any other provision of this Stipulation, the Parties may take any of the following actions with respect to documents and ESI.

   a. Parties may, to the extent necessary to carry out their ordinary duties, edit non-final documents that do not meet the definition of "draft" in Paragraph 2.

   b. The Parties may move unfiled documents or ESI into files or folders that adhere to an organizational scheme that was created before the complaint was filed in this matter. Nothing in this paragraph prevents the Parties from implementing an organizational scheme that applies only to documents or ESI created after the complaint was filed in this matter. Nothing in this paragraph permits a Party to refuse to produce ESI or documents solely because they were moved into files or folders after the complaints were filed in this matter.

   c. The Parties may delete, overwrite, or wipe ESI from devices that are being replaced, upgraded, reimaged, disposed of, or returned at the end of a lease,

5

provided that the relevant ESI is first copied to a new location in a manner that preserves the data, including metadata (to the extent it exists).

d.      The Parties may copy data from one device to another, or from one location to another, provided that a copy of the ESI remains accessible and unaltered in the first location or the new copy is created in a manner that preserves the data, including metadata (to the extent it exists).

e.      The Parties may take any of the following actions with respect to data in a database provided that it is part of the routine use of the database: input additional data; access data; update the software running the database; append new data; and modify existing data.

f.      The Parties may compress, decompress, encrypt, or decrypt data subject to preservation in this matter provided that any data losses during such processes do not result in the loss of metadata (to the extent it existed) required to be produced under this Stipulation or significantly degrade the quality of the data.

**F**.   **Preparation of Privilege Log.**

21.     Any document, or category of documents falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the Producing Party in a privilege log, which the Producing Party shall produce in an electronic format that allows text searching and organization of data.

22.     The Producing Party shall produce privilege logs no later than sixty (60) calendar days after withholding documents pursuant to a claim of privilege.  The Parties may stipulate to extend the time period. For each document, or category of documents meeting certain criteria,

for which a Producing Party asserts that a privilege applies, the Producing Party must include in the privilege log the information required by Federal Rule of Civil Procedure 26(b)(5), including the following:

    a.    Bates range of the document withheld;

    b.    assertion of the ground(s) alleged for withholding such document;

    c.    the date, if available, of the document or communication;

    d.    the identity of its author and signatories and to whom it was sent, if available; and

    e.    a description of the withheld document, communication or tangible thing in a manner that, without revealing information claimed privileged, will enable a Party to assess the validity or efficacy of the privilege claim.

Alternatively, the Parties may produce a metadata only log. Upon request, if a Receiving Party determines that it cannot adequately assess the privileged nature of a particular document or category listed on an alternative log the Producing Party shall provide information sufficient to establish the privilege for each such document.

23. Notwithstanding a claim of privilege, any purportedly privileged document containing non-privileged matter must be produced with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself.

24. The obligation to provide a log of privileged or work product materials pursuant to Rule 26(b)(5)(A) presumptively shall not apply to the following privileged or work product materials:

    a.    Communications exclusively between a Party and its counsel of record, to

include communications between Department of Justice counsel and federal agency counsel, and communications between federal agency counsel;

b.  Work product created by counsel of record, federal agency counsel, or by an agent of counsel other than a Party or an employee of a Party; or

c.  Internal communications within (a) a law firm, (b) a legal assistance organization, (c) a governmental law office, or (d) a legal department of a corporation or another organization.

25.  <u>Threaded e-mails.</u> An e-mail shall be treated as a single document regardless of the number of threaded e-mails contained within the message body.  The privilege log for an e-mail withheld under a claim of privilege shall identify the author, recipient(s), subject, dates and times based on the metadata (to the extent it exists), from the top level message, and shall not include data from any e-mail embedded in the message body.  An e-mail thread contained within a single document need only be recorded once on the Producing Party's privilege log, even if a privilege is asserted over multiple portions of the thread.  However, if an e-mail contains both privileged and non-privileged communications, the non-privileged, responsive communications must be produced.  This requirement should be satisfied by producing the original of the threaded, non-privileged e-mail, but if the original is not available, it may be satisfied by producing a redacted version of the privileged e-mail.

26.  Privileged documents shall be withheld from production; their Bates numbers may be listed as gaps on any exception report, as described in Appendix A, sent with production of that Bates range.

**G.  <u>Deliberate Withholding of Privileged or Protected Documents or ESI</u>**

27.  A Party may challenge the assertion of any privilege or other protection for any

withheld documents or ESI or asserted as an objection to any interrogatory or interposed during any deposition or hearing. A Party challenging an assertion of any privilege or protection for any document or ESI shall provide notice to the Party claiming the privilege or protection within 60 (sixty) calendar days after receipt of the privilege log or 30 (thirty) calendar days after an objection to any interrogatory or interposed during any deposition or hearing, unless the challenging party lacked sufficient information to form the basis for a challenge until after this period elapsed. The Parties may stipulate to extend this time period.

28. The notice required by Paragraph 27 is to be served upon all counsel of record for all Parties, and shall contain information sufficient to: 1) identify the document (by Bates number, if applicable, or by identifying information as necessary to locate the document within the materials produced), interrogatory, or deposition at issue; 2) identify the privilege or protection asserted (the "privilege claim"); 3) the date the document was produced; and 4) provide the basis for the challenge of the privilege or protection.

29. If the Parties are not able to come to an agreement about the privilege or protection assertion, the Party challenging the privilege or protection assertion may file a motion under seal with the Court for a determination of the privilege or protection claim. In such instances, the Party in possession of the information in dispute must preserve the information until the privilege or protection claim is resolved. *See* Fed. R. Civ. P. 26 (b)(5)(B). Any such motion must be filed within 30 (thirty) calendar days from the receipt of the notice required by Paragraph 27. If the Party challenging the privilege or protection assertion fails to file such a motion within the 30 (thirty) day period, it waives any right to dispute the privilege or protection with respect to that document or ESI unless good cause exists for the failure to file such a motion (for example, evidence not available at the time privilege or protection was asserted

demonstrates the document was not privileged or protected.)  The Parties may stipulate to extend the 30 (thirty) day time period.

30. Pending resolution of the Court's determination, the Parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.

31. This Stipulation does not preclude a Party from voluntarily waiving any claims of privilege.

### H. Enforcement and Modification of This Order

32. If any Party has cause to believe that a violation of this Stipulation has occurred or is about to occur, it shall have the right to petition this Court for appropriate relief.

33. For good cause shown, any Party may seek modification of this Stipulation.  No part of the provisions of this Stipulation may be modified except in accordance with this Stipulation.  The provisions of this Stipulation, and any subsequent amendments thereto and modifications thereof shall continue to be binding after the termination of this case unless otherwise ordered.

34. Nothing in this Order shall be construed to compel the United States to produce information that, under law or agreement, it is prohibited from producing, including, *inter alia*, information protected from compelled disclosure by a Certificate of Confidentiality or an Assurance of Confidentiality issued pursuant to the Public Health Service Act, 42 U.S.C. §§ 241(d), 242m(d), and/or CIPSEA; confidential substance abuse information protected by 42 U.S.C. §§ 290aa(n) or 290dd-2; visa application material protected by 8 U.S.C. § 1202(f); information subject to the confidentiality provision of section 12(c) of the Export Administration Act of 1979, as amended 50 U.S.C. app 2411(c); information protected by 38 U.S.C. § 5705; or

information protected by Federal Rule of Criminal Procedure 6(e).  Nothing in this Stipulation shall be read to enhance or negate any argument that any such laws, provisions, or regulations apply to any particular document.

35. Nothing in this Stipulation shall prevent or in any way limit or impair the right of the United States to disclose to any of its agencies or departments, or any division or office of any such agency or department, information or materials provided in these Actions that relate to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.  Nor shall anything contained in this Stipulation prevent or in any way limit or impair the use of any information provided in these Actions by an agency in any lawfully permitted proceeding relating to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.  Disclosure of information or materials provided in this Action is permitted within the meaning of this Paragraph and in a manner consistent with the terms of this Stipulation and any Protective Order entered in these Actions pursuant to Federal Rules of Civil Procedure Rule 26(c).

36. Nothing in this Stipulation supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Stipulation does not prohibit or absolve the Parties from complying with such other obligations.

Dated: July 29, 2024
Respectfully Submitted,

**Plaintiffs Conley F. Monk, Jr. on behalf of himself and as Administrator of the Estate of Conley F. Monk, Sr., and National Veterans Council for Legal Redress**

**By Attorneys:**

*/s/ Yaman Salahi*
Shelby Niehaus, Law Student Intern*
Natalia Friedlander, ct31510
Michael J. Wishnie, ct27221
Veterans Legal Services Clinic
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800
michael.wishnie@ylsclinics.org

*Motion for L.R. 83.9 appearance forthcoming

Yaman Salahi, *pro hac vice*
ysalahi@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: (415) 212-9300
Fax: (415) 373-9435

Jimmy Rock, *pro hac vice*
jrock@edelson.com
EDELSON PC
1255 Union Street NE, Suite 850
Washington, D.C. 20002
Tel: (202) 987-6303

Theo Benjamin, *pro hac vice*
tbenjamin@edelson.com
Emily Penkowski Perez (*pro hac vice* forthcoming)
epenkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378

*Counsel for Plaintiffs*

**Defendant United States of America**

**By Attorneys:**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

VANESSA ROBERTS AVERY
United States Attorney

JAMES G. TOUHEY, JR.
Director, Torts Branch

CHRISTOPHER R. BENSON
Assistant Director, Torts Branch

*/s/ Irina M. Majumdar*
Michelle L. McConaghy (ct27157)
Jillian Rose Orticelli (ct28591)
Assistant United States Attorney
450 Main Street, Rm. 328
Hartford, CT 06103
Tel.: (860) 947-1101
Fax: (860) 760-7979
Email: Michelle.McConaghy@usdoj.gov
Jillian.Orticelli@usdoj.gov

Emily M. Kelley (phv207548)
Irina M. Majumdar (phv207971)
Trial Attorneys
United States Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4400
Email: Emily.m.kelley@usdoj.gov
Irina.m.majumdar@usdoj.gov

*Attorneys for Defendant*