UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONLEY F. MONK, JR., et al.,<br>　　　Plaintiffs,<br><br>　　　v.<br><br>UNITED STATES,<br>　　　Defendant. | No. 3:22-cv-1503 (SRU) |

**CONFERENCE MEMORANDUM**

On March 24, 2025, I held a telephonic status conference on the record with counsel for Conley F. Monk, Jr. (Monk) and the National Veteran's Council for Legal Redress ("NVCLR") (collectively, "Plaintiffs") and the United States of America (the "Government"). Attorneys Michael Wishnie, Natalia Friedlander, Adam Henderson, and Jeremy Creeland and law student Kindall Hayes represented Plaintiffs on the call. Attorneys Emily Kelley, Irina Majumdar, and Jill Orticelli represented Defendant on the call.

I turned first to the two discovery issues Plaintiffs raised in their motion for a telephonic conference, doc. no. 119: (1) VA disability claim data sampling and (2) complaints of racial disparities received by the VA. Ms. Hayes stated that, although the parties met and conferred prior to the status conference, they were unable to resolve issues concerning Plaintiffs' request for a data sampling of 16,500 VA disability claims filed between 1945 to 2006. Attorney Kelley explained that these files are not kept in electronic form and expressed concern over the burden in the Government pulling, scanning, reviewing, and redacting that information. I expressed that Plaintiffs' data sampling discovery requests were reasonable and we discussed possible resolutions to this issue. The parties requested briefing on a motion for a protective order regarding the data sampling, and Plaintiffs requested expedited briefing on the issue. I ordered

the Government to file an initial brief on a motion for a protective order 21 days from today, April 14. I ordered the Plaintiffs to file their response 14 days following the Government's motion, April 28.

Second, I turned to the Plaintiffs' request for complaints of racial disparities received by the VA. Attorney Kelley stated the Government is seeking clarity on what complaints the Plaintiffs are requesting and from what offices and custodians within the VA. Ms. Hayes explained Plaintiffs are requesting production of complaints, particularly those filed by civil rights organizations such as the NAACP, veteran services organizations, or members of Congress. Plaintiffs are seeking complaints received by the VA for the full liability period, 1945 to the present, including those not stored electronically. I suggested the Government search for complaints received by VA headquarters, administrators, under secretaries, and the office of congressional and legislative affairs for the full liability period, including those complaints that are not electronically stored. The Government indicated they would discuss with the VA the procedure for manually searching for complaints, and agreed to include their position in their briefing on the motion for a protective order if the parties could not reach a resolution.

I then turned to the three discovery issues the Government raised in its pending motion, doc. no. 131. The Government seeks discovery related to: (1) Dr. Alexander Jakubow; (2) Michele Barnett; and (3) Monk's medical and psychiatric records. Both parties briefed the issues prior to the status conference. Doc. Nos. 131, 135.

I held that Dr. Jakubow is a clearly a consulting expert, because Plaintiffs state he will not be testifying at trial and his statistical analysis will not be admitted into evidence at trial. I denied the Government's request for further discovery on Dr. Jakubow and his report and denied their request to brief the issue.

Next, I stated that, while Michele Barnett is an absent class member, the Government is permitted to obtain limited discovery on her claims in the complaint. Attorney Creelan indicated a willingness to discuss with the Government how to proceed with limited discovery of Ms. Barnett.

Finally, I asked if the Plaintiffs were willing to formally agree to a limitation on the types of damages they are seeking; namely, that Plaintiffs are only seeking "garden variety" emotional distress damages. Attorney Henderson stated that the anticipated Plaintiff class will only seek garden variety tort damages. Additionally, Attorney Creelan stated Plaintiffs will rely only on Monk's testimony to prove their damages, rather than evidence of medical reports or information. Accordingly, I denied the Government's request for disclosure of Monk's psychiatric records.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of March 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge