**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CONLEY F. MONK, Jr. et al.,<br>*Plaintiffs*, | : | |
| | : | |
| v. | : | No. 3:22-cv-1503 (SRU) |
| | : | |
| THE UNITED STATES OF AMERICA,<br>*Defendant*. | : | April 14, 2025 |

**DEFENDANT THE UNITED STATES OF AMERICA'S**
**MOTION FOR PROTECTIVE ORDER**

In accordance with the Court's order dated March 28, 2025 (ECF No. 139), Defendant United States of America ("United States") hereby moves for a protective order pursuant to Fed. R. Civ. P. 26(c)(1), in relation to two issues: (1) Plaintiffs' demand for a "sampling" of demographic and benefits-related information (referred to as "variables") for a period of 80 years from thousands of veterans who are not parties to this case; and (2) Plaintiffs' demand for "formal and informal complaints" received by any of numerous entities or custodians within the Department of Veterans Affairs ("VA"), from any of numerous sources, over the past 80 years.

Good cause exists for entry of a protective order, set forth in the attached memorandum of law and supporting declarations. *See* D. Conn. L. Civ. R. 7(a)1, 37(b)1.

On the first issue: A protective order should enter denying Plaintiffs' request for pre-2006 "sampling." For the time periods for which structured data can be queried (2006-present), Defendant has already agreed to provide the requested information in an anonymized database report. As to pre-2006 data, Plaintiffs' request is disproportionate to the needs of the case, *inter alia*, considering the burden of the discovery. The proposed "sampling" of "variables" through production of thousands of veterans' benefits files would violate several laws that protect the privacy of veterans' sensitive personal and health information. Satisfying the request would also

ORAL ARGUMENT
NOT REQUESTED

cause annoyance, oppression, and undue burden or expense to the United States and, specifically, the VA, with respect to the time periods for which the requested "variables" do not exist in a database that can be queried. For these reasons, a protective order should be entered denying Plaintiffs' "sampling" request for those time periods.

On the second issue: Plaintiffs' demand should be denied as premature. The United States has and continues to expend considerable resources processing and preparing for production responsive records that are being reviewed based on the parties' negotiated search parameters, including information responsive to this request, to the extent it exists. Beyond this, Defendant has taken numerous additional steps to locate repositories of potentially responsive material. These processes are ongoing. Only when they are concluded and Plaintiffs have reviewed the same and articulated some factual basis for believing the searches conducted were not reasonable or additional material is outstanding is the dispute ripe for adjudication by this Court.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

MARK H. SILVERMAN
Acting United States Attorney

KIRSTEN L. WILKERSON
Director, Torts Branch

DEBRA R. COLETTI
Acting Deputy Director, Torts Branch

*<u>/s/ Irina M. Majumdar</u>*
Irina Majumdar (phv207971)
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 598-5403
Email: irina.m.majumdar@usdoj.gov

Emily M. Kelley (phv207548)
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4400
Email: Emily.m.kelley@usdoj.gov

Jillian Rose Orticelli (ct28591)
Assistant United States Attorney
450 Main Street, Rm. 328
Hartford, CT 06103
Tel.: (860) 947-1101
Fax: (860) 760-7979
Email: Jillian.Orticelli@usdoj.gov

ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA