ATTORNEY CLIENT PRIVILEGED COMMUNICATION
ATTORNEY WORK PRODUCT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CONLEY F. MONK, Jr. et al.,<br>*Plaintiffs*, | : | |
| v. | : | No. 3:22-cv-1503 (SRU) |
| THE UNITED STATES OF AMERICA,<br>*Defendant*. | : | April 14, 2025 |

**DECLARATION OF IRINA M. MAJUMDAR**

Pursuant to 28 U.S.C. § 1746, I, Irina M. Majumdar, make the following statements in support of the United States of America's Motion for Protective Order:

1. Counsel for the United States has met and conferred in good faith with counsel for Plaintiffs on the disputed issues set for in the United States' Motion for Protective Order.

2. The Motion for Protective Order is being filed in accordance with this Court's instructions at a March 24, 2025 status conference.

3. The Motion for Protective Order is being filed in compliance with D. Conn. L. Civ. R. 7(a)1, 37(b)1.

4. On March 13, 2023, Plaintiffs served the United States their First Set of Requests for Production.

5. On June 12, 2024, Plaintiffs served the United States their Second Set of Requests for Production.

6. On June 27, 2024, the United States served Plaintiffs its Objections and Responses to Plaintiffs' First Set of Requests for Production. *See* Exh. 1.

7. On September 10, 2024, the United States served Plaintiffs its Objections and Responses to Plaintiffs' Second Set of Request for Production. *See* Exh. 2.

8. On August 20, 2024, the parties met via telephonic conference to discuss Plaintiffs' discovery requests.

9. Following the telephonic conference, I emailed Plaintiffs' counsel to memorialize the topics addressed during the conference. In an email dated August 21, 2024, I confirmed that the United States "asked multiple times about [Plaintiffs'] proposal regarding 'sampling,'" and that Plaintiffs "did not provide any proposals at [that] time." *See* Exh. 3.

10. On September 9, 2024, I again e-mailed Plaintiffs' counsel requesting further information regarding Plaintiffs' "Database Sampling/Aggregation" proposal and requesting that the parties schedule time for a telephonic conference. *See* Exh. 3.

11. The parties met for a telephonic conference on September 20, 2024.

12. On September 23, 2024, I e-mailed Plaintiffs' counsel providing a summary of the September 20, 2024 telephonic conference. *See* Exh 4.

13. On September 27, 2024, Plaintiffs' counsel e-mailed counsel for the United States and provided information on Plaintiffs' request for complaints. *See* Exh. 4.

14. On November 14, 2024, Plaintiffs' counsel requested that the parties meet via telephonic conference to discuss, among other things, Plaintiffs' proposed "sampling proposal." *See* Exh. 5.

15. On November 18, 2024, Plaintiffs' counsel e-mailed counsel for the United States and provided, for the first time, Plaintiffs' sampling proposal, which included the sample size of the proposal and the relevant variables for which Plaintiffs requested data. *See* Exh. 5.

16. On November 20, 2024, the parties met via telephonic conference regarding Plaintiffs' discovery requests and sampling proposal.

17. On November 22, 2024, Plaintiffs' counsel sent via e-mail a letter summarizing the November 20, 2024 telephonic conference. That letter provided further information regarding Plaintiffs' sampling proposal. *See* Exh. 6; Exh. 7.

18. On December 6, 2024, counsel for the United States confirmed receipt of Plaintiffs' November 22 letter and stated that they had been looking into the topics raised in the letter. Counsel for the United States also requested that the parties meet and confer on these issues. *See* Exh. 7.

19. On December 19, 2024, the parties spoke via telephonic conference regarding Plaintiffs' discovery requests.

20. That same day, I emailed Plaintiffs' counsel a summary of the call and requested further information from Plaintiffs regarding, among other things, their sampling proposal and their request for complaints. *See* Exh. 7.

21. On December 23, 2024, Plaintiffs' counsel sent via email to counsel for the United States a letter providing Plaintiffs' summary of the December 19, 2024 telephonic conference. *See* Exh. 8. In that letter, counsel for Plaintiffs confirmed that they agreed during the conference to consult with Plaintiffs' expert as to whether they would withdraw certain variables that were included in their initial sampling proposal.

22. In that same letter, with respect to complaints, Plaintiffs' counsel stated they "know that there was ongoing public conversation regarding racial discrimination at VA in the late 1940s and thereafter, and Plaintiffs seek files relating to that conversation." *See id*.

23. On January 24, 2025, Plaintiffs' counsel e-mailed counsel for the United States asking for an update regarding ongoing production efforts.

24. On January 31, 2025, counsel for the United States sent Plaintiffs' counsel a letter via e-mail requesting, among other things, that Plaintiffs provide a response to the pending issues

the United States had asked Plaintiffs to look into regarding the sampling proposal and complaints issue. *See* Exh. 9.

25. On February 20, 2025, Plaintiffs served the United States their responses to the United States' Objections and Responses to Plaintiffs' Second Set of Requests for Production (which the United States had served over five months prior). *See* Exh. 10. Within those responses, Plaintiffs also responded to the United States' outstanding inquiries regarding the data sampling proposal. *See id*.

26. On March 13, 2025, the parties spoke via telephonic conference regarding Plaintiffs' discovery requests.

27. Following the March 13 conference, in an email to Plaintiffs' counsel that same day, I confirmed that the United States was in the process of running a query for sampling data dating back to 2006 that Plaintiffs requested. *See* Exh. 11.

28. On April 8, 2025, counsel for the United States contacted Plaintiffs' counsel via e-mail to request that a subset of 50 of their client-claimants alleging the same claims brought by Mr. Monk, Jr. sign consent forms so that their files could be marked highly confidential and provided to the Court for *in camera* review only. *See* Exh. 12.

29. Plaintiffs' counsel responded to the United States' e-mail on April 10 and April 11, 2025 stating that they would not seek consent to the production of records for the clients they represent "only for FTCA administrative-claim purposes," but that they would seek waivers from Messrs. Monk Jr and Sr. *See id*.

30. The United States is currently in the process of complying with Plaintiffs' requests for complaints. Specifically, the United States has pulled data for a list of 30 custodians. The list was agreed upon by the parties. The data for each custodian has been limited by agreed upon search

terms. Documents that have "hit" on those search terms are currently being reviewed, and the non-privileged information resulting from this process that is responsive to Plaintiffs' requests will be produced. Additionally, the United States is looking into other possible repositories of potentially responsive information, including paper files.

Executed this 14 day of April, 2025.

*<u>/s/ Irina M. Majumdar</u>*
Irina M. Majumdar