# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONLEY F. MONK, Jr. et al., | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | No. 3:22-cv-1503 (SRU) |
| | : | |
| THE UNITED STATES OF AMERICA, | : | March 9, 2026 |
| *Defendant*. | : | |

## JOINT STATUS REPORT

On January 22, 2026, this Court issued its Order on Motion for Protective Order, ECF 170 ("Order"), which denied the United States' Motion for Protective Order, ECF 141. Among other things, the Court ordered that the United States produce material responsive to Plaintiffs' Requests for Production ("RFPs") 1, 23, and 25, which sought, in broad terms, "correspondence from advocacy groups and other institutional actors complaining about discrimination of VA benefits and the VA's response." Order at 17. Documents potentially responsive to RFPs Nos. 1, 23, and 25 include approximately 11,000 pages of VA administrator paper files possessed by the National Archives and Records Administration ("NARA") and documents from VA's Office of Congressional and Legislative Affairs ("OCLA"). *Id.* at 17-20. The Order also required the parties to submit a joint status report within 45 days "informing the Court of any outstanding issues concerning plaintiffs' [RFPs Nos.] 1, 23, and 25." *Id.* at 22.

## DEFENDANT'S STATEMENT

Since the issuance of the Order, the United States has been working diligently with staff from various federal agencies and contractors to complete scanning of the potentially responsive VA administrator files located in Washington, D.C., and at the John F. Kennedy Presidential

Library ("JFK Library") in Boston, Massachusetts.[1]  This process has involved locating the boxes containing the responsive series, coordinating how and when documents will be scanned, and bringing in staff and equipment to conduct the physical scanning.  Further, as discussed in the United States' Motion for Protective Order, the 11,000 page number is an estimate.  The actual number of pages will be better ascertained as scanning is underway.

Agency contractors are already on location at the National Archives Building, and scanning is set to begin the date of this filing.  As for the documents located at the JFK Library, the United States is working with vendors and librarians to begin document collection and scanning.  Since the filing of its Motion for Protective Order, the United States has learned that a subset of documents from Series NAID 305957303 have been restricted to the public for possible personally identifying information.  Nevertheless, the United States is working to produce both the unrestricted and partially restricted documents from that series, pursuant to the Order.  The United States will produce these files to Plaintiffs on a rolling basis, once documents have been scanned and processed according to the parties' document production protocol.

Regarding the OCLA documents, the United States is simultaneously searching OCLA-related electronic mailboxes for documents responsive to Plaintiffs' RFPs, including the Office of Executive Review mailbox.  The United States is also in the process of pulling documents related to potentially responsive outreach "from advocacy groups and other institutional actors" through OCLA's correspondence tracking platform, known as VIEWS.  The process of searching these

---

[1] Series "Administrator's Numbered Memorandums, 1965-1980," NAID 559641 and Series "Correspondence to Veterans Organizations, January 1965-December 1965," NAID 1653584 are located at the National Archives Building, 700 Pennsylvania Avenue NW, Washington, D.C. 20408.  Series "Administrator's Reading Files, August 1962-November 1963," NAID 305957303 and Series "Administrator's Speech Files, January 1962-November 1962," NAID 305957305 are located at the JFK Library, Columbia Point, Boston, M.A.

repositories is ongoing; review of mailbox collections may involve hundreds of thousands of documents, and their collection and review will be time consuming.  The United States will produce responsive documents on a rolling basis and according to the parties' document production protocol.

Further, in response to Plaintiffs' statement below, the United States believes that establishing an arbitrary deadline of 60 days from the date of this filing to complete production of all documents responsives to RFPs Nos. 1, 23, and 25 is inappropriate for several reasons.  To begin, the parties are actively conferring on proposed scheduling order(s), but there are no deadlines currently in place for the completion of all discovery.  Imposing such a compressed deadline at this point for a subset of documents, without basis, is unnecessary and unreasonable. The United States has continually provided updates to Plaintiffs regarding both the OCLA documents and the VA administrator files, and has been available and ready to meet and confer on these issues since the date of the January 22, 2026 Order.  Plaintiffs did not reach out to the United States once to discuss any concerns or to propose setting interim discovery deadlines.

The United States has continued to show good faith efforts to complete discovery on these issues, and as addressed above, is currently collecting and processing potentially responsive documents.  A review of potentially hundreds of thousands of OCLA and VA administrator files is ongoing.  At this point, given the sheer volume of documents, and, with respect to the paper files, the physical nature of the files themselves, it is impossible to guarantee that these productions can be completed within 60 days.  Plaintiffs do not identify why they seek to impose a 60 day deadline on these issues, nor have they demonstrated a need to prioritize these documents over other discovery that is underway.  Moreover, Plaintiffs' statement fails to recognize that there may be custodial data, not maintained by OCLA or VA administrator custodans, that is responsive to

RFPs Nos. 1, 23, and 25.  Production of custodial material is ongoing, and the United States last produced such material to Plaintiffs on February 26, 2026.  Plaintiffs have provided no proposal as to how the United States would sift through the hundreds of thousands of pages of custodial data for documents responsive to these particular RFPs only.  Nor would such a process be an efficient method for review and production of custodial material.

The United States does not believe any interim discovery deadlines are necessary. However, if this Court would like an update on the progress of producing OCLA material and the NARA VA administrator files, the United States proposes that this Court request that the parties file another joint status report within 60 days of the date of this filing.

## PLAINTIFFS' STATEMENT

Defendants have not yet produced any complaints to Plaintiffs in accordance with Judge Underhill's order. ECF No. 170. The Joint Status Report is the first update received by Plaintiffs on the status of Defendant's efforts to identify responsive complaints since the order was filed. Plaintiffs' RFPs No. 1, 23, and 25 were served March 13, 2023, and June 12, 2024. The Court instructed Defendant to begin searching OCLA documents as early as March 2025 at the telephonic conference. Parties discussed the production of complaints from OCLA in a meet and confer on September 23, 2025, where Defendant shared essentially the same update as it does now. The Defendant's lack of progress in producing OCLA documents that are in its direct possession demonstrates the need for court-ordered deadlines.

Regarding the VA administrator files, Defendant does not provide sufficient detail to demonstrate it is making progress nor provide a timeline for which Plaintiffs can expect production. Plaintiffs do not concede that completing productions on a rolling basis without court-ordered deadlines will be sufficient to ensure timely production.

4

Plaintiffs respectfully request that the Court establish a deadline of sixty days from today, or May 8, 2026, for Defendant to complete its production of all records responsive to RFPs 1, 23, and 25, together with privilege logs for any withholdings. In the alternative, Plaintiffs request that the Court require a further status report in thirty days, or by April 8, 2026, on the status of Defendant's production.

Dated: March 9, 2026

**PLAINTIFFS**,
CONLEY MONK, JR., THE ESTATE OF CONLEY MONK, SR., NATIONAL VETERANS COUNCIL FOR LEGAL REDRESS

By Their Attorneys:
/s/ Michael Wishnie
Bessie Bauman, Law Student Intern
Emily Elledge, Law Student Intern
Gabriella Hill, Law Student Intern
Sanjana Manjeshwar, Law Student Intern
Grace Parker, Law Student Intern
Lexi Raikes, Law Student Intern
Ashley Anderson, ct32022
Michael Wishnie, ct27221
Jerome N. Frank Legal Services Org.
Yale Law School
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800
michael.wishnie@ylsclinics.org

Jeremy M. Creelan, *pro hac vice*
Kate Cox, *pro hac vice*
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036
Tel: (212) 891-1600
jcreelan@jenner.com
kcox@jenner.com

Adam C. Henderson, *pro hac vice*
Erin Murphy, *pro hac vice*
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654

Tel: (312) 222-9350
ahenderson@jenner.com
emurphy@jenner.com

Yaman Salahi, *pro hac vice*
Sᴀʟᴀʜɪ PC
505 Montgomery St., 11th Floor
San Francisco, CA 94111
Tel: (415) 236-2352
yaman@salahilaw.com


**DEFENDANT**,
THE UNITED STATES OF AMERICA
By Its Attorneys:


BRETT A. SHUMATE
Assistant Attorney General, Civil Division

DAVID X. SULLIVAN
United States Attorney

JONATHAN D. GUYNN
Deputy Assistant Attorney General, Torts Branch

DEBRA R. COLETTI
Assistant Director, Torts Branch

*/s/ Irina M. Majumdar*
Irina Majumdar (phv207971)
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 598-5403
Email: irina.m.majumdar@usdoj.gov

Emily M. Kelley (phv207548)
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4400
Email: Emily.m.kelley@usdoj.gov

Jillian Rose Orticelli (ct28591)
Assistant United States Attorney
450 Main Street, Rm. 328
Hartford, CT 06103
Tel.: (860) 947-1101
Fax: (860) 760-7979
Email: Jillian.Orticelli@usdoj.gov

ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA