**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CONLEY F. MONK, Jr. et al.,<br>*Plaintiffs*, | : | |
| v. | : | No. 3:22-cv-1503 (SRU) |
| THE UNITED STATES OF AMERICA,<br>*Defendant*. | : | May 5, 2026 |

**DEFENDANT THE UNITED STATES OF AMERICA'S NOTICE RESPECTING PLAINTIFFS' NOTICE, ECF NO. 176**

The United States of America files notice in the above-captioned case, *Monk v. United States*, respecting Plaintiffs' April 15, 2026, Notice of Related Case, ECF No. 176. Plaintiffs concurrently filed a related notice in *Brown v. United States*, No. 3:26-cv-59 (VDO), ECF No. 17 (D. Conn. Apr. 15, 2026). Plaintiffs' letter to Judge Oliver in *Brown* is captioned "Reassignment of Case 3:26-cv-00059-VDO." Neither of the *Monk* Plaintiffs' filings is styled as a motion.

The United States now files notice to inform this Court of the following:

- Plaintiff Edwina Brown's motion to appoint counsel states that she twice contacted counsel to the *Monk* Plaintiffs to seek representation but was told that "the Clinic did not have resources to take on another legal matter." ECF No. 3.
- Judge Oliver issued summons in *Brown* on March 23, 2026. ECF No. 14.
- On April 21, 2026, Judge Oliver granted Ms. Brown's motion to appoint counsel. ECF No. 18.
- On April 28, 2026, the Court provided the United States Marshals Service with the materials necessary to serve the United States in *Brown*.
- On April 30, 2026, Judge Oliver appointed *pro bono* counsel for Ms. Brown.
- To the best of counsel's knowledge, the United States has not yet been served in *Brown* and does not yet have a deadline to appear or respond.

Local Rule 40(b)(2) provides:

> When a party files or removes a civil case or files its first motion or pleading in such case . . . that party shall file, at the same time, a

> Notice of Related Case disclosing the case caption, case number, and presiding judge of all cases currently pending in this District that may be related. Such notice must be filed in all cases in which relatedness is suggested.

D. Conn. L. Civ. R. 40(b) (emphasis added). In *Brown*, the United States did not file or remove the case and has not yet been served (to the best of counsel's knowledge) or entered an appearance. Local Rule 40 does not provide a deadline by which the non-filing party must respond to the Notice of Related Case.[1]

The Local Rules further provide that the presiding Judge in the later-filed case is the judge who "will consider whether transfer is appropriate under the rule promptly after learning of an earlier-filed, related case pending before another Judge of this Court. Later-filed, related cases may be transferred by the presiding Judge, either sua sponte or upon motion of any party, with the consent of the transferee Judge." D. Conn. L. Civ. R. 40(b)(1)(a).

The United States hereby notifies this Court that it disagrees that *Monk* and *Brown* are related in the manner asserted by the *Monk* Plaintiffs and further disagrees that the *Monk* Plaintiffs are entitled to the outcomes they seek to impose on Ms. Brown, inclusive of a stay of those proceedings. Consistent with Local Rules 40, however, the United States will make its arguments on the *Brown* docket, according to its deadlines, unless and until ordered to do otherwise.

---

[1] Local Rule 7, which addresses motion procedures but not notices, provides a default that "[u]nless otherwise ordered by the Court, all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion." D. Conn. L. Civ. R. 7(a)(2).

This Court has recognized that the United States cannot, through motions practice by the party suing it, be forced to appear and respond inconsistent with the 60-day allowance provided by Federal Rule of Civil Procedure 12(a)(2). *Johnson v. Kendall*, No. 3:21-cv-1214 (CSH), Order at 3, ECF No. 31 (D. Conn. Nov. 1, 2021) ("At bottom, Plaintiffs are arguing that Defendant was due to respond to Plaintiff's motion to certify the class *before Defendant even was obligated to appear under the Federal Rules*. Plaintiffs cite no authority in support of this position, nor does the Court believe they could: the Court agrees with Defendant that Plaintiff's position is simply illogical under the Federal Rules") (emphasis in original); *see also id.* at 3 ("Plaintiffs clearly would prefer to proceed with their class claims on an expedited basis. However, at the outset of any case, the Federal Rules afford greater solicitude to the United States, its agencies, and its officers than they do to ordinary litigants.").

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

DAVID X. SULLIVAN
United States Attorney

PHILIP D. MACWILLIAMS
Director, Torts Branch

*/s/ Natalie N. Elicker*
Natalie N. Elicker (ct28458)
Assistant United States Attorney
157 Church Street, 25th Floor
New Haven, CT 06510
Telephone: (203) 821-3700
Facsimile: (203) 773-5373
Natalie.Elicker@usdoj.gov

Emily M. Kelley (phv207548)
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4400
Email: Emily.m.kelley@usdoj.gov

Irina Majumdar (phv207971)
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 598-5403
Email: irina.m.majumdar@usdoj.gov

*Attorneys for the United States of America*